IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALDEN H. ZUHLKE and<br>LISA A. ZUHLKE,<br><br>Debtors.<br>_____ | Case No. BK 24-40267-BSK<br>(Chapter 7) |
| PHILIP M. KELLY, CHAPTER 7<br>TRUSTEEE,<br><br>Plaintiff,<br><br>v.<br><br>ALDEN H. ZUHLKE, LISA A. ZUHLKE,<br>DEREK A. ZUHLKE and KIMBERLY A.<br>ZUHLKE, DILLAN A. ZUHLKE and<br>MICHELLE L. ZUHLKE,<br><br>Defendants. | ADV PRO.  No. 24-4011<br><br>**ANSWER** |

Derek A. Zuhlke and Kimberly A. Zuhlke, and Dillan A. Zuhlke and Michelle
L. Zuhlke (collectively, "Defendants") for their Answer to Plaintiff's Compliant,
affirmatively state, deny, and allege as follows:

### JURISDICTION AND PARTIES

1.      Defendants respond that the bankruptcy court docket for the
bankruptcy case captioned as *In re Zuhlke*, BK 24-40297-BSK filed by Debtors,
Alden H. Zuhlke and Lisa A. Zuhlke (collectively "Debtors") speaks for itself, and
Defendants deny the allegations in Paragraph 1 of Plaintiff's Complaint that are
consistent therewith.

2.      Defendants admit the allegations in Paragraph 2 of Plaintiff's
Complaint.

3.      Defendants admit the allegations contained in Paragraph 3 of
Plaintiff's Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Defendants admit that Derek A. Zuhlke and Dillan A. Zuhlke are the sons of Alden and Lisa Zuhlke. The remainder of Paragraph 6 of the Complaint alleges a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 6 of Complaint.

7.      Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore deny the same.

8.      Paragraph 8 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required to paragraph 8 of Plaintiff's Compliant, Defendants deny the same.

9.      Paragraph 9 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required to Paragraph 9, Defendants deny the same.

10.      Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required to Paragraph 10, Defendants deny the same.

11.      Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required to Paragraph 11, Defendants deny the same.

## FIRST CAUSE OF ACTION-AVOIDABLE TRANSFER TO DEREK AND KIMBERLY

12.      Defendants incorporate their responses to the foregoing allegations as if specifically set forth herein.

13.    Defendants deny the allegations in Paragraph 13 of Plaintiff's Complaint.

14.    Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.    Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.    Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.    Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required to Paragraph 17 of Plaintiff's Complaint, Defendants deny the same.

18.    Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION- AVOIDABLE TRANSFER TO DEREK AND KIMBERLY

19.    Defendants incorporate the foregoing responses to Plaintiff's Complaint as if specifically set forth herein.

20.    Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.    Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required to Paragraph 21 of Plaintiff's Complaint, Defendants deny the same.

22.    Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.    Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION- AVOIDABLE TRANSFER TO DILLAN AND MICHELLE

24.     Defendants incorporate the foregoing responses to Plaintiff's Complaint as if specifically set forth herein.

25.     Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required to Paragraph 27 of Plaintiff's Complaint, Defendants deny the same.

28.     Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Defendants deny each and every allegation in Plaintiff's Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. The Plaintiff may not recover to the extent that any transfers received by Defendants were received in good faith and in exchange for reasonably equivalent value.

3. To the extent any transfers were made and are voidable, the Defendants, as good-faith transferees, are entitled, to the extent of any value given, to (a) a lien on or a right to retain any interest in the asset transferred; (b) enforcement of any obligation incurred; or (c) a reduction in the amount of the liability on the judgment.

4. Plaintiff's claims are barred by the doctrines of unclean hands, estoppel, laches, and collateral estoppel.

5. Defendants are not "insiders" pursuant to Neb. Rev. Stat. § 36-802(8).

6. To the extent Plaintiff recovers any sums herein, Defendants are entitled to a claim in the underlying bankruptcy case of a corresponding amount.

7. To the extent Plaintiff recovers any sums herein, Defendants are entitled to a right of setoff for any amounts owed to them by the Debtor.

8. The Plaintiff may not recover on his claims to the extent that such claims have been waived.

9. The Defendants reserve the right to add such additional affirmative defenses as they become known through additional discovery and/or investigation.

WHEREFORE, Derek A. Zuhlke and Kimberly A. Zuhlke, and Dillan A. Zuhlke and Michelle L. Zuhlke respectfully request that Plaintiff's Complaint be dismissed in its entirety, that Defendants be awarded costs, and any other such relief the Court shall deem just, equitable, and proper.

DATED this 11th day of September, 2024.

DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, and DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE Defendants

By:   /s/ *Lauren R. Goodman*
Lauren R. Goodman (#24645)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE  68102
(402)341-3070
(402)341-0216 (fax)
lgoodman@mcgrathnorth.com
ATTORNEY FOR DEFENDANTS