ppo (03/15)

**UNITED STATES BANKRUPTCY COURT**
**District of Nebraska**

In Re: Alden H. Zuhlke and Lisa A. Zuhlke
Debtor(s)

Philip M. Kelly, Chapter 7 TrusteeBankruptcy Proceedings No. 24–40267–BSK
Plaintiff(s)Adversary Proceedings No.  24–04011–BSK

v.Chapter 7

Alden H. Zuhlke et al.
Defendant(s)

**PRELIMINARY PRETRIAL ORDER**

The court finds that it is in the best interest of the progression of this case that the parties disclose certain information to each other and to the court.

IT IS ORDERED that thirty (30) days from the date of this order, each party must provide the other parties the information required by Fed. R. Civ. P. 26(a)(1)(i) and 26(a)(1)(ii) (Initial Disclosures) and Fed. R. Civ. P. 26(a)(2)(A) (Expert Witnesses). The disclosures do not need to be filed with the court.

IT IS FURTHER ORDERED that on or before **November 11, 2024**, the parties must file a preliminary pretrial statement. If all parties are represented by counsel, the parties must jointly prepare and file a single statement. If any party is pro se, the parties may each separately prepare and file a statement. The statement must contain:

1. A summary of the alleged facts and a succinct summary of the plaintiff's or the proponent's theories of recovery and the defendant's or the opponent's defenses or objections, citing any relevant statutes.
2. Whether the proceeding is core or non core.
3. Whether the parties consent to entry of final orders or judgments by a bankruptcy judge.
4. Whether a jury trial was properly and timely demanded. If a party demanded a jury trial, the party must file a motion for withdrawal of the reference by the district court by the date the Joint Preliminary Pretrial Statement is filed. Failure to file a motion to withdraw the reference waives the right to a jury trial.
5. Whether a party will request discovery and, if the parties believe it will advance the progression of the case, a progression order for discovery, including deadlines for written discovery, expert reports, and depositions.
6. A summary of efforts taken to resolve this dispute and the date by which parties will confer on scheduling a mediation.
7. A statement of any uncontroverted facts.
8. A summary of the controverted facts and unresolved legal issues.
9. The date by which motions for summary judgment, if any, must be filed.
10. The date after the deadline for filing motions for summary judgment when counsel will be prepared for trial.
11. The estimated number of hours required for trial.
12. Anything else the parties agree the court should know or consider.

Dated:  9/12/24

/s/ Brian S. Kruse
Judge