IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALDEN H. ZUHLKE and<br>LISA A. ZUHLKE,<br><br>　　　　　Debtors. | Case No. BK 24-40267-BSK<br>(Chapter 7) |
| PHILIP M. KELLY, CHAPTER 7 TRUSTEE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALDEN H. ZUHLKE, LISA A. ZUHLKE, DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE,<br><br>　　　　　Defendants. | ADV PRO. No. 24-4011<br><br>**DEFENDANTS DEREK AND KIMBERLY ZUHLKE AND DILLAN AND MICHELLE ZUHLKE'S OBJECTION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

　　　　Defendants Derek A. Zuhlke and Kimberly A. Zuhlke, and Dillan A. Zuhlke and Michelle L. Zuhlke (collectively, "Defendants"), hereby object to Plaintiff's *Motion for Default Judgment* and state:

　　　　1.　　Plaintiff, Philip M. Kelly, Chapter 7 Trustee ("Plaintiff"), filed this Adversary Proceeding against Defendants, Alden Zuhlke, Lisa A. Zuhlke, Derek A. Zuhlke, Kimberly A. Zuhlke, Dillan A. Zuhlke and Michelle Zuhlke.

　　　　2.　　Plaintiff's Complaint alleges three separate claims seeking to avoid certain real estate transactions between Debtor-Defendants, Alden and Lisa Zuhlke ("Zuhlke Parents") and their sons, Dillan and Derek Zuhlke and their wives, Kimberly and Michelle Zuhlke ("Zuhlke Children") under Nebraska's Uniform Voidable Transfer Act.

　　　　3.　　On September 11, 2024, the Zuhlke Children filed an Answer, denying liability for the claims and asserting valid affirmative defenses.

4.  On September 16, 2024, Plaintiff filed a *Motion for Default Judgment* on the grounds that the Zuhlke Parents had failed to timely respond to the Complaint.

5.  The Motion specifically seeks a Judgment in Plaintiff's favor against the Zuhlke Parents:

   A. Ordering that the transactions described in the First, Second, and Third Causes of Action be avoided pursuant to Neb. Rev. Stat. § 36-805 (a), Neb. Rev. Stat. § 36-806(a) and Neb. Rev. Stat. § 36-808(a);

   B. Ordering that the Trustee be allowed to attach and sell the transferred property and any proceeds pursuant to Neb. Rev. Stat. § 36-808(b); and

   C. Ordering that each of the Defendants pay the Trustee the value of the property transferred.

6.  The Zuhlke Children currently own the alleged "transferred property."

7.  As such, entering a Judgment avoiding the transactions and allowing the Trustee to attach and sell the alleged transferred property is premature and denies the Zuhlke Children their due process right to litigate the claims Plaintiff asserted against them.

8.  Plaintiff's Motion, as requested, should be denied.

WHEREFORE, Defendants, Alden Zuhlke, Lisa A. Zuhlke, Derek A. Zuhlke, Kimberly A. Zuhlke, Dillan A. Zuhlke and Michelle Zuhlke respectfully request that the Court deny, or alternatively defer ruling on such Motion, until and after Plaintiff's claims can be fully litigated.

DATED this 17th day of September, 2024.

        DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, and DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE Defendants

        By:   /s/ *Lauren R. Goodman*
        Lauren R. Goodman (#24645)
        McGrath North Mullin & Kratz, PC LLO
        First National Tower, Suite 3700
        1601 Dodge Street
        Omaha, NE  68102
        (402)341-3070
        (402)341-0216 (fax)
        lgoodman@mcgrathnorth.com
        ATTORNEY FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 17th day of September, 2024, I filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

*/s/ Lauren R. Goodman*
Lauren R. Goodman