IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALDEN H. ZUHLKE and<br>LISA A. ZUHLKE,<br><br>            Debtors. | Case No. BK 24-40267-BSK<br>(Chapter 7) |
| PHILIP M. KELLY, CHAPTER 7 TRUSTEE,<br><br>            Plaintiff,<br><br>v.<br><br>ALDEN H. ZUHLKE, LISA A. ZUHLKE, DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE,<br><br>            Defendants. | ADV PRO. No. 24-4011<br><br>**DEFENDANTS DEREK AND KIMBERLY ZUHLKE AND DILLAN AND MICHELLE ZUHLKE'S OBJECTION TO TRUSTEE'S MOTION TO CONSOLIDATE FOR TRIAL** |

**OBJECTION TO TRUSTEE'S MOTION TO CONSOLIDATE FOR TRIAL**

Defendants, Derek and Kimberly Zuhlke and Dillan and Michelle Zuhlke hereby object to *Motion to Consolidate for Trial* ("Motion") (Doc. No. 23) filed by Philip M. Kelly, Chapter 7 Trustee ("Trustee"). In support of their Objection, Defendants state as follows:

1. Federal Rule of Civil Procedure 42 provides that consolidation of cases for trial is only proper if in instances where there is a "common question of law or fact" between the two cases. Fed.R.Civ.P. 42. While a court has discretion under Rule 42 to consolidate matters for trial, such discretion is not "unbounded." *Enterprise Bank v. Saettele*, 21 F.3d 233, 236 (1994). To establish that consolidation of cases is proper, the moving party must satisfy its burden by proving that common issues of fact or law justify consolidation. *In re Total Containment, Inc.*, 2008 LW 817104, *2 (Bankr. E.D. Penn. Mar. 25, 2008).

1

2. Here the Trustee has failed to meet its burden under Rule 42, and accordingly, there is no basis on which to consolidate the above-referenced case (Adv. Proc. No. 24-4011-BSK) ("Voidable Transaction Action") with Adv. Proceeding No. 24-4014-BSK ("Objection to Discharge Action").

3. Plaintiff's Complaint against Defendants in the instant action seeks to avoid three separate real property transactions made between Debtors and Defendants (collectively the "Transactions"). Among other defenses, Defendants assert that they paid reasonably equivalent value for the real property they acquired from Debtors. The only claims asserted by the Trustee against Defendants are avoidable transfer claims under Nebraska Voidable Transactions Act (Neb. Rev. Stat. 36-801 et seq). There are no other transactions involving Debtors and Defendants at issue in the Voidable Transaction Action.

4. The Objection to Discharge Action, on the other hand, involves claims by the Trustee against Debtors all arising under 11 U.S.C. § 727. In the Complaint filed by the Trustee in the Objection to Discharge Action, the Trustee alleges three separate bases on which Debtors discharge should be denied under § 727. Those bases, in summary, are: (1) Debtors' alleged intent to hinder, delay or defraud creditors as a result of failing to disclose Debtors' interest in Sunshine Ranch Co.; (2) Debtors' alleged failure to keep financial records or otherwise their alleged concealment of certain hogs; and (3) Debtors' failure to allegedly disclose transactions to Zuhlke family members *other* than Defendants. Defendants are not parties to the Objection to the Discharge Action, nor are the Transactions the subject of any of the claims in that case. Indeed, none of the Transactions that the Trustee seeks to avoid in the Voidable Transaction Action are even mentioned by him in the Complaint he filed in the Objection to Discharge Action.

5. As such, the Trustee's argument that the "two adversary proceedings before this Court arise out of the conduct of the Debtors and the participation in such conduct by the Debtors' children, including the Defendants in Ad. Proc. 24-4011" is factually incorrect. There are <u>no</u> common issues of fact or law between the two adversary proceedings, and Defendants had <u>no</u> involvement in any of the events that purportedly gave rise to the claims alleged in the Objection to Discharge Action.

6. The Trustee further fails to explain, other than the vague statements, how both adversary proceedings involve "substantially similar evidence" and "similar issues of law." In addition, the Trustee also fails to explain his assertion that "Defendants and their family members will be required to testify in both cases." As noted above, none of the events giving rise to the claims in the Objection to Discharge Action involve Defendants. It is not clear, therefore, why Defendants would be "required" to testify in that adversary proceeding when they were not involved with any of the underlying events.

7. Lastly, combining the two adversary proceedings for trial would be prejudicial to Defendants. The Trustee in his Complaint filed in the Objection to Discharge Action makes very serious allegations with regard to Debtors' intent and handling of their bankruptcy case. No such allegations have been made against Defendants. The evidence will demonstrate that Defendants did nothing more than purchase certain agricultural real estate from the Debtors, their parents. They committed no fraudulent act and have concealed no information from the Trustee. Combining the two adversary proceedings for trial risks confusing the issues and unfairly prejudices Defendants' ability to defend themselves.

8. Because neither of the adversary proceedings involve common evidence or matters of law, judicial resources would not be conserved, and efficiency would not be promoted. For these reasons, there is no basis to consolidate the two adversary proceedings for trial.

WHEREFORE, Defendants, Derek and Kimberly Zuhlke and Dillan and Michelle Zuhlke, respectfully request that the Trustee's Motion to Consolidate for Trial be denied and for any other relief the Court deems appropriate.

DATED this 2nd day of December, 2024.

DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, and DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE Defendants

By:  /s/ *Lauren R. Goodman*
Lauren R. Goodman (#24645)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
(402)341-3070
(402)341-0216 (fax)
lgoodman@mcgrathnorth.com
ATTORNEY FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 2nd day of December, 2024, I filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

                                       */s/ Lauren R. Goodman*
                                       Lauren R. Goodman