IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALDEN H. ZUHLKE and<br>LISA A. ZUHLKE,<br><br>            Debtors. | Case No. BK 24-40267-BSK<br>(Chapter 7) |
| PHILIP M. KELLY, CHAPTER 7 TRUSTEEE,<br><br>            Plaintiff,<br><br>   v.<br><br>ALDEN H. ZUHLKE, LISA A. ZUHLKE, DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE,<br><br>            Defendants. | A24-4011-BSK<br><br>LIMITED RESISTANCE TO<br>MOTION TO INTERVENE |

      COMES NOW Philip M. Kelly, Chapter 7 Trustee (the "Trustee"), and for his Limited Resistance to the Motion to Intervene filed herein by Farm Credit Services of America, FCLA ("FCSA") (Doc. 30) shows to the Court as follows:

      1.    While the Trustee does not believe that FCSA is entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a), the Trustee does not oppose intervention by FCSA. The Trustee does, however, oppose other relief which FCSA seeks in the Motion.

      2.    The Trustee's Complaint does not seek relief against FCSA, nor does it seek, at this time, to avoid the liens asserted by the FCSA.

      3.    In the action Rabo Agrifinance LLC ("Rabo") filed in the District Court of Antelope County, Nebraska seeking to avoid the transactions at issue herein, FCSA requested that Rabo enter into a stipulation that provided in relevant part:

> "that FCSA and Farm Service Agency each provided value for the purchase of Dillan's and Michelle's Real Estate; that FCSA and Farm Service Agency are good faith transferees that took for value; that FCSA and Farm Service Agency are entitled to maintain their lien or retain an interest in Dillan's and Michelle's Real Estate; and that FCSA's lien and Farm Service Agency's lien has priority over Plaintiff's claims against Dillan and Michelle's Real Estate" and

"that FCSA provided value for the purchase of Derek's and Kimberly's Real Estate; that FCSA is a good faith transferee that took for value; that FCSA is entitled to maintain its lien or retain an interest in Derek's and Kimberly's Real Estate; and that FCSA's lien has priority over Plaintiff's claims against Derek's and Kimberly's Real Estate".

4. FCSA made a similar request to the Trustee.

5. Attached as Exhibit A is the stipulation proposed by FCSA. Attached as Exhibit B is the email transmitting said stipulation to counsel for the Trustee.

6. Rabo and the Trustee have informed FCSA that the Complaint filed in the District Court of Antelope County and the Complaint filed in this Adversary Proceeding do not currently seek relief against FCSA and that such a stipulation is unnecessary. Rabo and the Trustee have informed FCSA that they reserved all right to amend the Complaints should discovery reveal that FCSA was complicit in the avoidable transactions at issue.

7. Rabo and the Trustee have also informed FCSA that they would not stipulate that FCSA is a good faith transferee, as depositions have not been taken of a single FCSA employee. Therefore, neither the Trustee nor Rabo can presently determine whether FCSA is a good faith purchaser that took for value or whether FCSA was complicit in the transactions sought to be avoided.

8. The Trustee objects to any relief sought by FCSA as requested in paragraphs 18, 19 and 20 of the Motion as well as FCSA's request for costs and attorneys' fees.

WHEREFORE, Philip M. Kelly, Chapter 7 Trustee, does not object to intervention by FCSA in this adversary proceeding, but objects to the other relief which FCSA apparently seeks in the Motion.

PHILIP M. KELLY, CHAPTER 7 TRUSTEE

By: /s/ Richard P. Garden, Jr.
    Richard P. Garden, Jr. - #17685
    John F. Zimmer, V - #26127
    CLINE WILLIAMS
    WRIGHT JOHNSON & OLDFATHER, L.L.P.
    233 South 13th Street
    1900 U.S. Bank Building
    Lincoln, NE 68508-2095
    (402) 474-6900
    rgarden@clinewilliams.com
    jzimmer@clinewilliams.com

CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of said filing to all CM/ECF participants and upon Brian Koerwitz via electronic mail addressed to bkoerwitz@eptlawfirm.com.

/s/ Richard P. Garden, Jr.
Richard P. Garden, Jr.

4902-9436-4680, v. 1