IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALDEN H. ZUHLKE and<br>LISA A. ZUHLKE,<br><br>Debtors. | Case No. BK 24-40267-BSK<br>(Chapter 7) |
| PHILIP M. KELLY, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>ALDEN H. ZUHLKE, LISA A. ZUHLKE, DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE,<br><br>Defendants. | ADV PRO. No. 24-4011<br><br>**LIMITED OBJECTION TO MOTION TO INTERVENE** |

Defendants, Derek and Kimberly Zuhlke and Dillan and Michelle Zuhlke (collectively referred to as the "Zuhlkes"), for their Limited Objection to the Motion to Intervene filed herein by Farm Credit Services of America, FCLA ("FCSA") (Doc. 30) shows to the Court as follows:

1. The Zuhlkes object on the limited[1] basis that the Motion is premature. FCSA cites only F.R.C.P. 24(a) as the basis for its intervention. Rule 24(a)(2) states that "[o]n timely motion, the court must permit anyone to intervene who…(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." F.R.C.P. 24(a)(2). In this case, FCSA's interest may not be

---

[1] Nothing herein is intended to affect or otherwise waive any rights the Zuhlkes have under any loan agreements between FCSA and them.

1

impaired or impeded. The Trustee has not completely refused to stipulate that FCSA has a valid defense to an avoidance claim or that it has a first-priority lien on the property at issue. Rather, the Trustee has only refused to do so at this time, due to the fact that he has not yet taken depositions in the case. Because there is a possibility that the Trustee could agree to such a stipulation after taking depositions, FCSA's interest may not be impaired, and its attempt to intervene is therefore premature.

2. Also, FCSA's interest is adequately represented. The only transactions the Trustee has challenged in this litigation are those by which the Zuhlkes acquired their respective properties from Debtors Alden and Lisa Zuhlke. The Zuhlkes obviously have an interest in preventing the Trustee from avoiding those transactions. Moreover, given that these are the only transactions the Trustee seeks to avoid, FCSA's only interest in this case is necessarily the same, i.e., preventing the Trustee from avoiding the same transactions. Because FCSA's interest in this case is identical to that of the Zuhlkes, FCSA's interests are adequately represented.

3. Accordingly, the Zuhlkes respectfully request that the Court defer ruling on FCSA's Motion to Intervene at this time, which if granted would cause unnecessary expense to the Zuhlkes, given that FCSA may seek to have them pay for any attorney's fees FCSA may incur in this case.

WHEREFORE Defendants Derek and Kimberly Zuhlke and Dillan and Michelle Zuhlke request that the Court defer ruling on the Motion until after such time as the Trustee confirms whether it seeks to avoid and/or challenge FSCA's liens, and grant such other and further relief as may be just and equitable.

DATED this 2nd day of January, 2025.

DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, and DILLAN A. ZUHLKE and

        MICHELLE L. ZUHLKE Defendants

By:   /s/ *Lauren R. Goodman*
Lauren R. Goodman (#24645)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE  68102
(402)341-3070
(402)341-0216 (fax)
lgoodman@mcgrathnorth.com
ATTORNEY FOR DEFENDANTS

3

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on the 2nd day of January, 2025, I filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

                          */s/ Lauren R. Goodman*
                          Lauren R. Goodman