IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALDEN H. ZUHLKE and<br>LISA A. ZUHLKE,<br><br>           Debtors.<br>_____<br><br>PHILIP M. KELLY, CHAPTER 7 TRUSTEEE,<br><br>           Plaintiff,<br><br>v.<br><br>ALDEN H. ZUHLKE, LISA A. ZUHLKE, DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE,<br><br>           Defendants. | Case No. BK 24-40267-BSK<br>(Chapter 7)<br><br><br><br><br><br>A24-4011-BSK<br><br>STIPULATED PROTECTIVE ORDER |

      THIS MATTER comes before the Court for consideration pursuant to the stipulation set forth herein among Rabo AgriFinance LLC ("Rabo"), Derek A. Zuhlke, Kimberly A. Zuhlke, Dillan A. Zuhlke, Michelle L. Zuhlke and Farm Credit Services of America ("FCSA"), as evidenced by the signatures of their respective counsel below, for the entry of a protective order to preserve the confidentiality of certain documents and records produced or to be produced by any party to this Stipulated Protective Order. The Court, being fully advised in the premises Orders that that the following terms and procedures shall govern the handling of confidential, financial, trade secret, and/or proprietary information produced by any party, third party, or witness in this action:

      1.    This Stipulated Protective Order applies to the following **Confidential Information**:

           a.    Commercial information relating to any party's business including, but not limited to, written agreements and contracts with third parties, business relationships with third parties, policies or procedures, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive

business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information.

    b. FCSA's internal policies, appraisal processes, or credit underwriting and review procedures.

    c. Personal identifiers such as tax identification numbers and social security numbers.

    d. Any and all personal and financial information belonging to Defendants, Derek and Kimberly Zuhlke and Dillan and Michelle Zuhlke.

    d. Any information copied or extracted from the above-described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying **Confidential Information**.

2. Documents produced by any party to this Stipulated Protective Order which contain **Confidential Information** shall be designated as such by such producing party marking each page of the document substantially as follows: **CONFIDENTIAL**.

3. Any information designated as **CONFIDENTIAL** may only be disclosed in connection with this action, which disclosures shall include:

    a. The Court, court personnel, the parties, the attorneys and their law firms of record in this action and any associated counsel, and stenographic, clerical or paralegal employees of those attorneys and counsel to whom it is necessary that the information be disclosed for purposes of this action.

    b. Independent experts or consultants employed by a party who agree in writing to be bound by the terms of this Order.

    c. Any mediator retained by the parties to assist with resolving and/or settling the claims alleged in this action and members of the mediator's or arbitrator's staff.

    d. Any witness during any deposition or other proceeding in this action, and counsel for that witness.

   e. Any other person who, by order of the Court, after notice to all parties, or who, by agreement of the parties, is permitted to review such Confidential Discovery Information and who agrees in writing to be bound by the terms of this Order.

  4. Information disclosed at the deposition of any deponent may be designated as **CONFIDENTIAL** by indicating on the record at the deposition or within thirty (30) days from the receipt of the deposition transcript, and that portion of the deposition designated as **CONFIDENTIAL** shall be treated as confidential.

  5. All materials designated as CONFIDENTIAL hereunder may be offered into evidence at a contested hearing or trial in this matter but shall be filed under seal subject to the terms of this Order.

  6. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as **CONFIDENTIAL** consents, in writing, to the disclosure or, if the Court, after notice to all parties, orders such disclosure.

  7. Not later than one hundred twenty (120) days after the conclusion of this action by the entry of a final non-appealable order, any originals or reproductions of any documents designated as **CONFIDENTIAL** shall be returned to the designating party or be destroyed. The provisions of this paragraph do not apply to pleadings, deposition transcripts or exhibits. If the Confidential Discovery Material is destroyed rather than returned to the designated party, the non-designating party must provide written confirmation of the destruction of the Confidential Discovery Material to the designating party. Counsel may retain copies of Confidential Discovery Material on their document management systems in accord with bona fide document retention policies.

  8. A party receiving materials designated as **CONFIDENTIAL** that questions whether the materials are confidential will, as an initial step, contact the party designating the materials as **CONFIDENTIAL** and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without court intervention, the party questioning the confidentiality of the materials may move the Court for an order directing that the materials are not confidential. The party that produced the information designated as **CONFIDENTIAL** bears the burden of proving it was properly designated. The party challenging a **CONFIDENTIAL** designation must obtain a court order before disseminating the information to anyone other than those persons set forth herein.

9. Each party that designates information or items as **CONFIDENTIAL** must exercise reasonable care to limit any such designation to specific material that qualifies under the standards set forth herein. Broadly described, indiscriminate, or routine designations are prohibited.

10. A party to this Stipulated Protective Order that inadvertently fails to properly designate information or items as **CONFIDENTIAL** shall have 14 days from discovering the oversight to correct that failure. Such failure shall be corrected by providing written notice of the error to every other party to this Stipulated Protective Order.

11. Any information designated as **CONFIDENTIAL** shall not be disclosed except as provided herein or upon further Order of this Court.

SO ORDERED on ____January 16,____, 2025.

BY THE COURT

/s/ Brian S. Kruse
_____
Brian S. Kruse
Bankruptcy Judge

Approved as to form and content:

/s/ Richard P. Garden, Jr.
_____
Richard P. Garden, Jr. #17685
CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.
233 South 13th Street
1900 U.S. Bank Building
Lincoln, NE 68508-2095
(402) 474-6900
rgarden@clinewilliams.com
ATTORNEY FOR PLAINTIFF

/s/ Lauren R. Goodman
_____
Lauren R. Goodman, #24645
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
(402)341-3070
lgoodman@mcgrathnorth.com
ATTORNEY FOR DEFENDANTS

 /s/ Brian S. Koerwitz
_____
Brian S. Koerwitz, #23655
Peetz Koerwitz & Lafleur, PC LLO
5825 S. 14t Street, Suite 200
Lincoln, NE 68512
(402)904-3629
bkoerwitz@eptlawfirm.com
ATTORNEY FOR INTERVENOR


4936-5078-5552, v. 1