B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: __Sunshine Ranch Co.__
on *(date)* __12/11/24__

☑ I served the subpoena by delivering a copy to the named person as follows: __Certified Mail - Return Receipt Requested with Service__ on *(date)* __12/16/24__ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ __9.92__ for services, for a total of $ __9.92__ .

I declare under penalty of perjury that this information is true and correct.

Date: __12/19/24__

_____
Server's signature

__Lauren R. Goodman__
Printed name and title

McGrath North Mullin & Kratz
3700 First Nat'l Tower
1601 Dodge St
Omaha, NE 68102
(402) 341-3070
Server's address

Additional information concerning attempted service, etc.:

**EXHIBIT C**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

In the United States Bankruptcy Court for the District of Nebraska

In re __Alden H. Zuhlke and Lisa A. Zuhlke__
Debtor

Case No. __BK 24-40267-BSK__

*(Complete if issued in an adversary proceeding)*

Chapter __7__

__Philip M. Kelly, Chapter 7 Trustee__
Plaintiff

v.

Alden H. Zuhlke, Lisa A. Zuhlke, Derek A. Zuhlke and Kimberly A. Zuhlke, Dillon A. Zuhlke and Michelle L. Zuhlke
Defendant

Adv. Proc. No. __A24-4011-BSK__

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Sunshine Ranch Co. c/o Douglas A. Hall - Registered Agent, 85882 526th Ave., Neligh, NE 68756__
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Exhibit A.

| PLACE Electronically to Lauren R. Goodman, McGrath North Mullin & Kratz PC LLO; lgoodman@mcgrathnorth.com; (402) 341-3070 | DATE AND TIME December 30, 2024 by 5:00 p.m. |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/19/2024

CLERK OF COURT

OR

_____          /s/ Lauren R. Goodman
Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Derek & Kimberly Zuhlke; Dillon & Michelle Zuhlke__, who issues or requests this subpoena, are:

Lauren R. Goodman, McGrath North Mullin & Kratz PC LLO, 1601 Dodge St., Suite 3700, Omaha, NE 68102, lgoodman@mcgrathnorth.com, (402) 341-3070

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit A

### I. DEFINITIONS

1. "Documents" shall include, but not be limited to, all written, typed, printed, recorded, photographic or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, now or formerly in the possession, custody or control of you or your agents, representatives, and attorneys, or any of them, including letters, correspondence, telegrams, e-mails, memoranda, records, minutes of all types of meetings, contracts, subcontracts, agreements, guarantees, intra- and inter-office Communication, audited or unaudited financial statements, audit reports, projections, account summaries, analyses, results of investigations, reviews, bulletins, proposals, estimates, appraisals, recommendations, critiques, trip reports, financial calculations, notices, diaries, books, desk calendars, appointment books, messages, instructions, work assignments, notes, notebooks, drafts, data sheets, statistical records, telephone records, tapes, tape recordings, partial or complete reports of telephone conversations, public and governmental filings, opinions, and any other writings or recordings. The term Document includes the original and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any documents, whether used or not. If the original of any document is not in your possession, custody or control, a copy of that document should be produced.

### II. REQUESTS FOR PRODUCTION

1. All financial statements, whether prepared by an accountant or otherwise, for Sunshine Ranch Co., reflecting its assets, liabilities, profit or loss, and cashflows for the years 2019 through the present.

2. All federal and state tax returns, including related schedules, filed by Sunshine Ranch Co. for the years 2019, 2020, 2021, 2022, 2023 and 2024.

3. All Documents reflecting general ledger activity, including disbursements and revenue, for Sunshine Ranch Co.'s operations for the years 2019 through the present.

4. All organizational Documents and any amendments thereto for Sunshine Ranch Co., including but not limited to, its articles of corporation, bylaws, required filings with the Nebraska Secretary of State, any shareholder agreements, shareholder consents, meeting minutes, its stock register or ledger, and copies of all stock certificates.

5. Documents sufficient to show all assets owned by Sunshine Ranch Co., including but not limited to real estate, livestock, stock certificates, partnership

agreements, and/or member interests of entities owned in whole or in part by Sunshine Ranch Co.

6. Documents reflecting all liabilities owed by Sunshine Ranch Co., including but not limited to Documents sufficient to show the lender to which each liability is owed, the amount owed and the repayment terms.

7. All appraisals and/or valuations of any assets conducted of any assets owned by Sunshine Ranch Co. during the period of 2019 to the present.

8. All Documents reflecting any appraisals or valuations of Sunshine Ranch Co. as a going concern.

9. Organizational charts of Sunshine Ranch Co. for the time period 2019 to the present.

10. Documents reflecting the sale of any assets, other than those sold in the ordinary course of Sunshine Ranch Co.'s business, during the period 2019 through the present, including but not limited to Documents sufficient to show the party to whom the sale was made, and the consideration received for each sale.

11. A summary of any and all intellectual property or trademarks owned by Sunshine Ranch Co.

12. Copies of all farm service agency production records dated during the period 2019 to the present related to Sunshine Ranch Co.'s operations.

13. Copies of all grain elevator receipts related to grain in which Sunshine Ranch Co. had an interest for the time period 2019 through the present.

14. Copies of all leases between Sunshine Ranch Co. and any individual or entity, including leases for use of equipment and/or land.

15. All documents related to the relationship between Sunshine Ranch Co. and ACP, LLC, including but not limited to contracts, promissory notes, security agreements, copies of payments made by Sunshine Ranch Co. to ACP, LLC, copies of payments made by ACP, LLC to Sunshine Ranch Co., and loan or financing documents.

16. All documents related to the lending relationship between Doug Hall and Sunshine Ranch Co, including but not limited to loan or financing documents, security agreements, promissory notes, copies of payments made from Sunshine Ranch Co. to Doug Hall, and copies of payments made from Doug Hall to Sunshine Ranch Co.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   SUNSHINE RANCH CO
   C/O DOUGLAS A HALL
   REGISTERED AGENT
   85882 526 AVENUE
   NELIGH NE 68756

   9590 9402 6211 0265 6723 05

2. Article Number (Transfer from service label)

   7020 1810 0000 3632 6234

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X Catelyn Hall    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
   Catelyn Hall                  12/16/24

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☒ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☒ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)            $
☐ Return Receipt (electronic)          $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required             $
☐ Adult Signature Restricted Delivery  $

Postage  $ 9.92

Total Postage and Fees
$

Postmark Here — DEC 11 2024 OMAHA NE 68109

Sent To:
SUNSHINE RANCH CO
C/O DOUGLAS A HALL
REGISTERED AGENT
85882 526 AVENUE
NELIGH NE 68756

7020 1810 0000 3632 6234

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions