IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALDEN H. ZUHLKE and<br>LISA A. ZUHLKE,<br><br>Debtors. | Case No. BK 24-40267-BSK<br>(Chapter 7) |
| PHILIP M. KELLY, CHAPTER 7 TRUSTEEE,<br><br>Plaintiff,<br><br>v.<br><br>ALDEN H. ZUHLKE, LISA A. ZUHLKE, DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE,<br><br>Defendants.<br><br>FARM CREDIT SERVICES OF AMERICA, FLCA,<br><br>Intervenor. | A24-4011-BSK<br><br>OBJECTION TO MOTION TO STAY ADVERSARY PROCEEDING |

COMES NOW Plaintiff Philip M. Kelly, Chapter 7 Trustee (the "Trustee"), and objects to the Defendants' Motion to Stay Case Pending Sale of Debtors" Undisputed Assets (the "Motion") (Doc. No. 66). In support hereof, it is shown to the Court as follows:

1. Defendants' Motion is nothing more than an attempt to avoid liability for the transfer of over $1,000,000.00 in equity in farmland that their parents, Alden and Lisa Zuhlke (the "Debtors") conveyed to them at a time when the Debtors were making similar transfers to their other children.

2. The Motion is premised on the faulty idea that a defendant is permitted to set the terms, dictate the pace of litigation, direct recoveries by a Chapter 7 Trustee, and otherwise ask this Court to allow this case to languish

because they believe that the Trustee should recover from other sources rather than the Defendants who are the recipients of avoidable transactions of more than $1,000,000.00. This presumption is completely unsupported by the law or the facts.

3. "The administration of a chapter 7 estate, including the pursuit of avoidance actions, should be left to the reasonable business judgment of the trustee, the legal representative of the estate." *In re Doc's Truck Center, LLC*, 2012 WL 4156262 at *4 (Bankr. N.D. W. Va. 2021). Thus "In the event a party believes a trustee is derelict in their duties, they can seek trustee removal or other relief." *Id.*

4. The Motion seeks relief that is contrary to the law. In *In re Rothstein Rosenfeldt Adler, P.A.*, 464 B.R. 465, 469 (Bankr. S.D. Fla 2012) the defendants' motion to stay an adversary proceeding was denied, where the defendants, much like the Defendants herein, argued that the avoidance actions against "innocent net losers" should be stayed so that the trustee could concentrate on the "most culpable" litigation targets. The court held that the requested stay usurped the Trustee's discretion in favor of interested parties, stating:

> In the end, it is the Trustee who makes the determination whether to pursue claims. Here, the Movants request that this Court effectively remove from the Trustee one of the key powers entrusted to trustees—the ability to pursue claims on behalf of the estate for the benefit of all creditors. In so doing, the Abatement Requests implicate the power, authority, and judgment of the Trustee. Generally, trustees have broad discretion in determining, in their own business judgment, how best to administer the estates to which they owe a fiduciary duty. *See In re Consol. Indus. Corp.*, 330 B.R. 712, 715 (Bankr.N.D.Ind.2005) (explaining that a "trustee is given a substantial degree of discretion in deciding how best to administer the estate committed to his care and his actions are measured by a business judgment standard"). It has been further recognized that such broad grant of discretion is applicable to the decision of whether and when to pursue litigation on behalf of an estate.

*Id.* at 469. The court concluded, "The Movants uniformly recognize the right of the Trustee to discharge his fiduciary duties according to his informed business judgment yet they disagree with the Trustee's decision to pursue various claims

against them and other purportedly similarly situated defendants. Interested parties cannot usurp a trustee's authority to make decisions regarding whether and when to pursue litigation." *Id. See also* In *Alameda Research, Ltd. v. Kives*, 2024 WL 717771 (Bankr. D. Del. 2024) (the court denied the defendants' motion to stay the trustee's avoidance action until after a Chapter 11 plan was confirmed because there was no undue risk of prejudice to any party by allowing the litigation to proceed, and the efficient use of judicial resources would not be significantly impacted by any of the concerns raised by the defendants).

5. Defendants cite *Landis v. North Am. Co.*, 299 U.S. 248, 255, 57 S. Ct. 163, 81 L. Ed. 153 (1936) to suggest that this Court has unlimited discretion to stay this adversary proceeding, which is simply not true. *Landis* asked whether a pending action should be stayed until the Supreme Court could settle an issue of law dispositive to the outcome of other pending civil suits. *Landis* is distinguishable because no civil suit has been initiated by the Trustee other than this Adversary Proceeding.

6. Not only is *Landis* distinguishable, but it supports the Trustee's objection as the Court held that a party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* at 299 U.S. 248, 255.

7. Defendants' reliance on *In re Latimer*, 489 B.R. 844 (Bankr. N.D. Ala., 2013) and *In re VeroBlue Farms USA, Inc.*, 2022 WL 1195643 (Bankr. N.D. Iowa 2022), much like their citation to *Landis* is similarly misplaced, as at issue in both cases was whether a stay was the proper procedural mechanism for a district court to employ when deferring to a parallel or related state-court proceeding. That is not the case here.

8. Defendants' reliance on *Sec. & Exch. Comm'n v. Dresser Indus. Inc.*, 628 F.2d 1368 (D.C. Cir. 1980) is equally faulty, as the issue there was whether

the Constitution required a stay of civil proceedings pending the outcome of a criminal matter. There are no known criminal matters pending at this time involving any of the Defendants.

9. Like their legal analysis, Defendants' factual claims are speculative. Defendants claim, without proof, that "upon completion of the Trustee's sale of all undisputed assets of the Debtor, it is more likely than not that the creditors' claims will be satisfied in full" (Motion at ¶21). The Trustee understands the so called "undisputed assets" to be comprised of Alden's Zuhlke's one-third interest in Z Brothers, LLC, Lisa Zuhlke's 11.764% interest in Sunshine Ranch Co., Inc., Alden Zuhlke's 9.4663% membership interests in Bloomfield, LLC and Hartington, LLC, which are believed to be the general partners of Swine 84, a Nebraska general partnership, and promissory notes owing to the Debtors by their son, Darin Zuhlke, evidencing "loans" made to Darin Zuhlke at and around the time of the voidable transfers to the Defendants.

10. The Trustee invited Defendants to produce a list of cash offers that their relatives or other interested parties might make to purchase the "undisputed assets". Defendants have not done so.

11. Based on the facts now known to the Trustee, the Trustee may not be able to force the various entities to redeem the Debtors' interests in the entities for anything approximating fair value, as the operating agreements for the limited liability companies contain possible restrictions on the sale of the membership interests. Further, there is no recognized market for minority interests in small, closely held, entities.

12. Notwithstanding the Defendants' suggestion to the contrary, the Trustee is diligently pursuing liquidation of the so called "undisputed assets" but has been met at every turn by resistance, obfuscation, and delay by the Debtors' family members.

13. Rabo Agrifinance LLC ("Rabo") claims a perfected security interest in each of the entities in which the Debtors have an interest. The Trustee and Rabo are cooperating in the liquidation of the Debtors' assets to maximize the estate.

14. A deposition of the President of Sunshine Ranch Co., Inc. is set for April 16, 2025, in order to learn of the assets held by the corporation and to discover other assets concealed by the Debtors.

15. The Trustee and Rabo made a demand on Z Brothers, LLC ("Z Brothers") to redeem Alden Zuhlke's interest in the company. Z Brothers was formed by Alden Zuhlke and his two brothers to hold a quarter section of irrigated farmland that they inherited from their parents. The Trustee believes that the Debtor's interest in the company is worth more than $300,000.00. Z Brothers responded that it would only pay $140,000.00 to the Trustee because the Debtor's membership interest is a restricted non-voting, minority interest.

16. Z Brothers, much like the Debtors' other familial transfers, involves chicanery, as the members amended the operating agreement around the time that the Debtors were transferring their other assets to family members in an attempt to make it difficult to sell the Debtor's membership interest. This amendment benefits Defendant Derek Zuhlke, who farms the land owned by Z Brothers.

17. The Trustee has offered to sell the Debtor's interest in Z Brothers to the Defendants. Defendants have not made an offer to purchase the membership interest.

18. The Trustee, in the exercise of his sound discretion, refused to consent to a fire sale of the Debtor's interest in Z Brothers, and may instead pursue litigation to set aside the operating agreement so as to maximize the value of this asset for the bankruptcy estate.

19. The Trustee and Rabo made demand on the Debtors' son, Darin Zuhlke, to pay the four promissory notes he or his entity, Zuhlke Properties, LLC, executed to the Debtors or to Joysprings Properties, LLC, which have a face amount of approximately $400,000.00. Darin Zuhlke responded that he is not in default on the notes and therefore does not need to pay the same.

20. The Debtors have refused to provide an accounting to the Trustee of the note payments they received from Darin Zuhlke or his company.

21. Interrogatories and Requests for Production were served on Darin Zuhlke, responses to which were due April 7, 2025, and to which responses have not been had, to determine whether one or more defaults exist on the promissory notes, thus allowing the Trustee to sue on the notes. As is the case with the rest of the Debtors' family, the Trustee receives no cooperation from Darin Zuhlke in his pursuit of payment in full of all creditors' claims.

22. Defendants also ask the Court to overlook the fact that they are separately indebted to the estate for pre-petition rents owing to the Debtors for the crop years 2022, 2023 and 2024, estimated to be in the aggregate amount of $88,175.62. On March 21, 2025, the Trustee made a demand on the Defendants to pay said rents, however, Defendants have failed to do so. The Trustee will initiate litigation in the appropriate venue to collect such rents.

23. Defendants state that the claims filed in the estate amount to $3,187,301.72, which fails to account for accrued interest on the claims, attorneys' fees, and the Trustee's fees and costs, including compensation payable to the Trustee under Section 326 of the Bankruptcy Code. The Trustee believes that recoveries aggregating $3.6 million will be necessary to pay creditors' claims in full and possibly more given the Zuhlkes' continued delays and obstinacy.

24. Defendants' argument that the Trustee must first liquidate the "undisputed assets" before pursuing this adversary proceeding to a final judgment could also be asserted by the entities or persons alleged to be liable on the "undisputed assets". Sunshine Ranch Co. Inc. has indicated an unwillingness to redeem Lisa Zuhlke's stock unless the Defendants and their relatives also contribute to a global resolution of the claims in the Debtors' estate.

25. Defendants have delayed these proceedings at every turn. Defendants agreed in the Joint Preliminary Pretrial Statement to produce experts reports by February 1, 2025. Defendants requested, and the Trustee consented to an extension of that deadline to March 18, 2025. Defendants sought and obtained a further consensual extension of the deadline to April 9, 2025, and then again to April 15, 2025. Now Defendants have filed a motion to extend the disclosure deadline to May 15, 2025, (Doc. 67) even though this litigation has

been pending since July 29, 2024, and Rabo's separate avoidable transactions case has been pending in the District Court of Antelope County, Nebraska since December 8, 2020. Defendants' request must be denied.

26. Defendants have not produced supplemental discovery responses notwithstanding their agreement to do so by April 4, 2025.

27. This Adversary Proceeding, as well as the Debtors' interests in the so called "undisputed assets" involve the Debtors and their family members. While Defendants complain about litigation costs, the Debtors and their family members could put all litigation and attendant costs to an end by making a joint offer to the Trustee to pay creditors' claims.

28. On October 9, 2024, after becoming aware of the previously concealed interest in Sunshine Ranch Co., Inc., Rabo and the Trustee requested that the Defendants, the Debtors, and their family members fashion a joint plan to pay creditors' claims, which fell on deaf ears.

29. The Defendants and their relatives leave the Trustee no alternative but to litigate this Adversary Proceeding, to collect the rents owing by the Defendants, to sue to collect the promissory notes and to litigate any disputes that may arise in the liquidation of the "undisputed assets".

WHEREFORE, Philip M. Kelly, Chapter 7 Trustee, respectfully requests that the Court deny the Defendants' Motion.

PHILIP M. KELLY, CHAPTER 7 TRUSTEE, Plaintiff

By: /s/ Richard P. Garden, Jr.
Richard P. Garden, Jr. - #17685
John F. Zimmer, V - #26127
CLINE WILLIAMS
WRIGHT JOHNSON & OLDFATHER, L.L.P.
233 South 13th Street
1900 U.S. Bank Building
Lincoln, NE 68508-2095
(402) 474-6900
rgarden@clinewilliams.com
jzimmer@clinewilliams.com

CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of said filing to all CM/ECF participants.

/s/ Richard P. Garden, Jr.
Richard P. Garden, Jr.

4911-7822-2899, v. 1