IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALDEN H. ZUHLKE and<br>LISA A. ZUHLKE,<br><br>      Debtors. | Case No. BK 24-40267-BSK<br>(Chapter 7) |
| PHILIP M. KELLY, CHAPTER 7 TRUSTEEE,<br><br>      Plaintiff,<br><br>v.<br><br>ALDEN H. ZUHLKE, LISA A. ZUHLKE, DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE,<br><br>      Defendants.<br><br>FARM CREDIT SERVICES OF AMERICA, FLCA,<br><br>      Intervenor. | A24-4011-BSK<br><br>OBJECTION TO MOTION TO EXTEND EXPERT WITNESS DISCLOSURE DEADLINE |

      COMES NOW Plaintiff Philip M. Kelly, Chapter 7 Trustee (the "Trustee"), and objects to the Defendants' Motion to Extend Expert Witness Disclosure Deadline (the "Motion") (Doc. No. 67). In support hereof, it is shown to the Court as follows:

      1.    Defendants have delayed these proceedings at every turn and the Motion is but one more attempt to delay the trial and resolution of this matter.

      2.    Defendants agreed in Joint Preliminary Pretrial Statement to disclose experts and produce experts reports by February 1, 2025 (Doc.24).

      3.    Defendants requested, and the Trustee consented to, an extension of that deadline to March 18, 2025. Defendants sought and obtained from the Trustee a further consensual extension of the deadline to April 9, 2025, and then

again to April 15, 2025. The Trustee informed the Defendants that he will not consent to the further extension of the deadlines.

4. This litigation has been pending since July 29, 2024.

5. The separate avoidable transactions case filed by Rabo Agrifinance LLC has been pending in the District Court of Antelope County, Nebraska since December 8, 2020.

6. Defendants have known for nearly four and a half years that the value of the real estate that was transferred to them is at issue in both cases, yet the Defendants have not disclosed the identity of their expert witness or produced a report concerning the value of the real estate that was transferred to them. Defendants should be directed to immediately designate their expert who will testify to the value of the land transferred to them and produce the valuation report, if any.

7. Defendants have also known since August 28, 2024, if not earlier, that Lisa Zuhlke owned at least 11% of Sunshine Ranch Co., Inc. ("Sunshine") as Rabo Agrifinance LLC ("Rabo") filed a complaint to object to the Debtors' discharge where it alleged that she owned stock in the corporation and that the corporation had land holdings exceeding $18,781,687. (Doc. 1, Ad. Proc. 24-4014, ¶8), yet Defendants did not attempt any discovery until they issued a notice of intent to issue a subpoena on December 9, 2024, more than two months after Rabo filed its objection to discharge.

8. The Motion is premised on the faulty belief that the value of Sunshine is at all relevant to this adversary proceeding.

9. Defendants argued in support of their Motion to Compel Compliance with Third-Party Subpoena that the value of Lisa Zuhlke's stock in Sunshine was relevant to the issue of whether the Debtors were insolvent at the time of the transfers the Trustee seeks to avoid.

10. The Trustee's Complaint invokes Neb. Rev. Stat. § 36-805(a), which does not require the Trustee to prove that the Debtors were insolvent at the time of the transfers. Rather, the Trustee must prove that the Debtors made the

transfers with the actual intent to hinder, delay or defraud any creditor of the Debtors, which the Trustee will easily do in this case.

11. The Trustee's Complaint also invokes Neb. Rev. Stat. § 36-806(a) which requires proof that the Debtors were insolvent at the time of the transfers.

12. Insolvency is defined as "at a fair valuation, the sum of the debtor's debts is greater than the sum of the debtor's assets" Neb. Rev. Stat. § 36-803(a).

13. Insolvency is presumed when a debtor is generally not paying the debtor's debts as they become due. The presumption imposes on the Defendants "the burden of proving that the nonexistence of insolvency is more probable than its existence." Neb. Rev. Stat. § 36-803(b).

14. In determining the value of the Debtors' assets under Section 36-803(a) this Court may not consider "property that has been transferred, concealed, or removed with intent to hinder, delay, or defraud creditors or that has been transferred in a manner making the transfer voidable under the Uniform Voidable Transactions Act." Neb. Rev. Stat. § 36-803(c).

15. It is undisputed that the Debtors concealed Lisa Zuhlke's stock in Sunshine. Accordingly, the value of Sunshine stock (as well as the farmland transferred to Defendants) is not relevant to a determination of the Debtors' insolvency under Section 36-803(a).

16. The Trustee incorporates, by reference, the arguments made in his objection to the Defendants' motion to stay the trial of this matter (Doc. 70).

WHEREFORE, Philip M. Kelly, Chapter 7 Trustee, respectfully requests that the Court deny the Defendants' Motion and that the Court order the immediate disclosure of the Defendants' experts and the production of their reports.

PHILIP M. KELLY, CHAPTER 7 TRUSTEE, Plaintiff

By: <u>/s/ Richard P. Garden, Jr.</u>
Richard P. Garden, Jr. - #17685
John F. Zimmer, V - #26127
CLINE WILLIAMS
WRIGHT JOHNSON & OLDFATHER, L.L.P.
233 South 13th Street
1900 U.S. Bank Building
Lincoln, NE 68508-2095
(402) 474-6900
rgarden@clinewilliams.com
jzimmer@clinewilliams.com

CERTIFICATE OF SERVICE

    I hereby certify that on April 9, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of said filing to all CM/ECF participants.

<u>/s/ Richard P. Garden, Jr.</u>
Richard P. Garden, Jr.

4915-5197-9571, v. 1