IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALDEN H. ZUHLKE and<br>LISA A. ZUHLKE,<br><br>Debtors. | Case No. BK 24-40267-BSK<br>(Chapter 7) |
| PHILIP M. KELLY, CHAPTER 7<br>TRUSTEEE,<br><br>            Plaintiff,<br><br>    v.<br><br>ALDEN H. ZUHLKE, LISA A. ZUHLKE,<br>DEREK A. ZUHLKE and KIMBERLY A.<br>ZUHLKE, DILLAN A. ZUHLKE and<br>MICHELLE L. ZUHLKE,<br><br>         Defendants.<br><br>FARM CREDIT SERVICES OF AMERICA,<br>FLCA,<br><br>         Intervenor. | A24-4011-BSK<br><br>**MOTION TO COMPEL DISCOVERY** |

COMES NOW the Plaintiff Philip M. Kelly, Chapter 7 Trustee, and pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37(a)(1) and moves the Court for an Order compelling discovery. In support hereof it is shown to the Court as follows:

1.    On September 18, 2024, Plaintiff served Interrogatories and Requests for Production of Documents (the "Discovery") on the Defendants' counsel via electronic mail. A true and correct copy of the certificate of service was filed at Doc. 19.

2.    On November 1, 2024, Defendants served its Responses to the Discovery, true and correct copies of which are attached as **Exhibit A**.

3.    On March 24, 2025, Plaintiff sent the letter attached as **Exhibit B** to counsel for the Defendants.

4.      On March 25, 2025, the Plaintiff and Defendants met and conferred following the depositions of employees of Farm Credit concerning the Defendants' discovery responses.

5.      On March 28, 2025, Defendants sent an email to Plaintiff, a copy of which is attached as **Exhibit C**, wherein they agreed to supplement their discovery responses "early next week".

6.      When Defendants failed to supplement their discovery responses, on April 7, 2025, the Plaintiff sent the email attached as **Exhibit D** to Defendants.

7.      When Defendants failed to supplement their discovery responses, on April 18, 2025, the Plaintiff sent the email attached as **Exhibit E** to Defendants.

8.      On April 22, 2025, Defendants supplemented their document production by producing 31 pages of additional documents but did not supplement their answers to Interrogatories.

9.      On April 24, 2025, Plaintiff sent the letter attached as **Exhibit F** to Defendants.

10.     The Plaintiff requests that the Defendants be directed to amend their answers to Interrogatories as set forth in **Exhibit F**.

11.     The Plaintiff also requests that the Defendants be ordered to produce, in unredacted format, their balance sheets for the years 2022, 2023, 2024, and 2025, all documents relating to the purchase of machinery from the Debtors, all appraisals and opinions of value for the property that is the subject of this Adversary Proceeding, and report(s) of Defendants' experts for the reasons that the documents are relevant to the matters at issue in this litigation and the documents are not privileged.

12.     Plaintiff certifies pursuant to Fed. R. Civ. P. 37(a)(1) that his counsel has in good faith conferred with counsel to the Defendants in an effort to obtain the foregoing without court action.

WHERFORE, Plaintiff respectfully requests:

(A) that the Court hear this Motion on May 5, 2025, at 11:00 a.m. when the Court will hear the Defendants' Motion to Stay these proceedings;

(B) that the Court grant the Motion to Compel Discovery and enter an Order directing Defendants to promptly and fully respond to the Discovery; and

(C) for Plaintiff' costs for the bringing of this Motion, including a reasonable attorney's fee.

13.

PHILIP M. KELLY, CHAPTER 7 TRUSTEE

By:  /s/ Richard P. Garden, Jr.
      Richard P. Garden, Jr. - #17685
      John F. Zimmer, V - #26127
      CLINE WILLIAMS
      WRIGHT JOHNSON & OLDFATHER, L.L.P.
      233 South 13th Street
      1900 U.S. Bank Building
      Lincoln, NE 68508-2095
      (402) 474-6900
      rgarden@clinewilliams.com
      jzimmer@clinewilliams.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of said filing to all CM/ECF participants.

/s/ Richard P. Garden, Jr.
Richard P. Garden, Jr.

4933-0918-0986, v. 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. BK 24-40267 BSK |
| ALDEN H. ZUHLKE and ) | (Chapter 7) |
| LISA A. ZUHLKE, ) | |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | A24-4011-BSK |
| PHILLIP M. KELLY, CHAPTER 7 ) | |
| TRUSTEE, ) | **DEREK AND KIMBERLY ZUHLKES'** |
| ) | **OBJECTIONS AND RESPONSES TO** |
| Plaintiff, ) | **REQUESTS FOR PRODUCTION OF** |
| v. ) | **DOCUMENTS (FIRST SET)** |
| ) | |
| ALDEN H. ZUHLKE, LISA A. ) | |
| ZUHLKE, DEREK A. ZUHLKE and ) | |
| KIMBERLY A. ZUHLKE, DILLAN ) | |
| A. ZUHLKE and MICHELLA L. ) | |
| ZUHLKE ) | |
| ) | |
| Defendants. ) | |

Defendants Derek and Kimberly Zuhlke (collectively "Defendants") object and respond

to Plaintiff's Interrogatories:

**GENERAL OBJECTIONS**

Defendants object to Plaintiff's instructions to the Requests for Production to the extent

they seek to impose obligations on Defendant that exceed what is required by the Federal Rules of

Civil Procedure.

**RESPONSES TO REQUESTS FOR PRODUCTION**

REQUEST NO. 1: All documents relating to the transfer of real estate from Alden and
Lisa Zuhlke to You described as N½ SW¼ of Section 19, the NW¼ of Section 30, all in
Township 27 North, Range 5 West of the 6th P.M., Antelope County, Nebraska (the "Second
Transaction Property") AND the N½NE¼ of Section 25, Township 27, Range 6 West of the 6th
P.M., Antelope County, Nebraska; and A tract of land lying wholly in the Southeast Quarter of



the Northeast Quarter of Section 29, Township 27 North, Range 5 West of the 6th P.M., Antelope County, Nebraska. Said tract is more particularly described as follows: Beginning at a point on the East line of said Section 29, which is 1542.07 feet South of the Northeast Corner of said Section 29; thence continuing South along said East line, on an assumed bearing of South 00 degrees 00 minutes 00 seconds East, 1095.85 feet; thence North 89 degrees 49 minutes 25 seconds West, 546.78 feet; thence North 00 degrees 34 minutes 05 seconds East, 545.08 feet; thence North 89 degrees 48 minutes 10 seconds West, 125.36 feet; thence North 01 degrees 54 minutes 30 seconds West, 514.44 feet; thence North 87 degrees 05 minutes 45 seconds East, 684. 74 feet to the point of beginning; EXCEPT a tract of land in the Southeast corner of the Northeast Quarter of Section 29, Township 27 North, Range 5 West of the 6th P.M., Antelope County, Nebraska, described as commencing at the Southeast corner of said Northeast Quarter; thence West on the Quarter Section line, 550 feet; thence North parallel to the East Section line 320 feet; thence East 550 feet to the Section line, thence South 320 feet to the point of beginning (the " First Transaction Property") (collectively, the First Transaction Property and the Second Transaction Property are the "Transaction Property"), including, but not limited to:

     a.    All communications (including electronic mail and text messages) relating to the financing of the Transaction Property you acquired from the Debtors, including, but not limited to, all communications between Farm Credit Services of America ("Farm Credit") and Derek and/or Kimberly Zuhlke.

     b.    All communications (including electronic mail and text messages) with Alden and Lisa Zuhlke or their representatives, including Alden and Lisa Zuhlke's attorneys, relating to the transfer of the Transaction Property to you or the avoidance action that Rabo filed in the District Court of Antelope County, Nebraska.

     c.    All non-privileged communications (including electronic mail and text messages) with any other person, agency or entity, relating to the transfer of the Transaction Property to you or the avoidance action that Rabo filed in the District Court of Antelope County, Nebraska.

     d.    All financial statements, including, but not limited to, income statements, balance sheets, work papers, file memoranda, financial analysis and all other documents relating to loans made by Farm Credit to you in connection with the Transaction Property you acquired from the Debtors.

     e.    All loan applications and all other documents relating to loans made by Farm Credit to you in connection with the Transaction Property you acquired from the Debtors.

     f.    All credit analysis or credit memos prepared by Farm Credit relating to the loans made by Farm Credit to you.

RESPONSE: Defendants respond to each subpart as follows:

     a.    Defendants will produce responsive documents.

     b.    None.

c.    None.

d.    Defendants object to this Request on the grounds that request is overbroad and the phrase "all other documents relating to loans made by Farm Credit" is vague. Defendants also object on the grounds that the Request seeks documents that are not relevant to the claims and defenses in this case. Lastly, Defendants object to the extent the Request seeks documents or communications that are protected by the attorney-client privilege or work product doctrine.

e.    Defendants object to this Request on the grounds that request is overbroad and the phrase "all other documents relating to loans made by Farm Credit" is vague. Defendants also object on the grounds that the Request seeks documents that are not relevant to the claims and defenses in this case. Lastly, Defendants object to the extent the Request seeks documents or communications that are protected by the attorney-client privilege or work product doctrine.

f.    None.

REQUEST NO. 2:    All documents relating to your purchase or acquisition of livestock from the Debtors during the period of January 1, 2020, to the present, including, but not limited to, all contracts, scale tickets, and images of all items issued in payment for livestock.

RESPONSE: None.

REQUEST NO. 3:    All documents relating to your purchase or acquisition of machinery and equipment from the Debtors during the period from January 1, 2020, to the present, including, but not limited to, all contracts, bills of sale, transfer documents, and all images of any items issued in payment for machinery and equipment.

RESPONSE: None.

REQUEST NO. 4: All appraisals or opinions of value of the Transaction Property you acquired from the Debtors.

RESPONSE: Defendants will produce responsive documents.

3

REQUEST NO. 5: All non-privileged written notes, electronic mail, statements, journals, diaries, or memoranda relating to the avoidance action that Rabo filed in the District Court of Antelope County, Nebraska.

RESPONSE: None.

REQUEST NO. 6: All documents relating to any leases between you and any of the Debtors.

RESPONSE: Defendants object to this Request on the grounds that it is overbroad. Subject to and without waiving that objection, Defendants will produce documents sufficient to any leases that are currently in effect between Defendants and Debtors.

REQUEST NO. 7: All documents relating to that Promissory Note executed by you that is payable to Alden and Lisa Zuhlke dated January 7, 2022, in the amount of $214,277.

RESPONSE: Defendant objects to this Request on the grounds that "all documents relating to" is overbroad and vague. Subject to and without waiving that objection, Defendants will produce documents sufficient to show the promissory note dated January 7, 2022, and any documents related to the repayment of that promissory note.

DATED this 1st day of November, 2024.

> DEREK A. ZUHLKE and KIMBERLY A.
> ZUHLKE, and DILLAN A. ZUHLKE and
> MICHELLE L. ZUHLKE Defendants

4

By:   /s/ *Lauren R. Goodman*

Lauren R. Goodman (#24645)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
(402)341-3070
(402)341-0216 (fax)
lgoodman@mcgrathnorth.com
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Lauren R. Goodman, hereby certify that on November 1, 2024, I served the foregoing electronically upon Richard P. Garden, Jr., attorney for the Plaintiff at rgarden@clinewilliams.com.

/s/ Lauren R. Goodman

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN RE:                                          )
                                                )          Case No. BK 24-40267 BSK
ALDEN H. ZUHLKE and                             )                 (Chapter 7)
LISA A. ZUHLKE,                                 )
                                                )
            Debtors.                            )
                                                )
_____                 )
                                                )              A24-4011-BSK
PHILLIP M. KELLY, CHAPTER 7                      )
TRUSTEE,                                         )      **DILLAN AND MICHELLE ZUHLKES'**
                                                )        **OBJECTIONS AND RESPONSES TO**
            Plaintiff,                          )         **REQUESTS FOR PRODUCTION OF**
v.                                              )            **DOCUMENTS (FIRST SET)**
                                                )
ALDEN H. ZUHLKE, LISA A.                        )
ZUHLKE, DEREK A. ZUHLKE and                     )
KIMBERLY A. ZUHLKE, DILLAN                      )
A. ZUHLKE and MICHELLE L.                       )
ZUHLKE                                          )
                                                )
            Defendants.                         )

Defendants Dillan Zuhlke and Michelle Zuhlke (collectively "Defendants") object and

respond to Plaintiff's Interrogatories:

**GENERAL OBJECTION**

Defendants object to Plaintiff's instructions to the Requests for Production to the extent

they seek to impose obligations on Defendant that exceed what is required by the Federal Rules of

Civil Procedure.

## RESPONSES TO REQUESTS FOR PRODUCTION

REQUEST NO. 1: All documents relating to the transfer of real estate described as SW ¼ and N ½ SE ¼, 24-27-6, Antelope County, Nebraska from Alden and Lisa Zuhlke to you (the "Transaction Property), including, but not limited to:

a.   All communications (including electronic mail and text messages) relating to the financing of the Transaction Property, including, but not limited to, all communications between you and the United States Department of Agriculture, Farm Service Agency ("FSA"), or Farm Credit Services of America ("Farm Credit").

b.   All communications (including electronic mail and text messages) among you and the Debtors or their representatives, including the Debtors' attorneys, relating to the transfer of the Transaction Property to you and the avoidance action that Rabo filed in the District Court of Antelope County, Nebraska.

c.   All non-privileged communications (including electronic mail and text messages) you had with any other person, agency or entity, relating to the transfer of the Transaction Property from the Debtors to you or the avoidance action that Rabo filed in the District Court of Antelope County, Nebraska.

d.   All financial statements, including, but not limited to, income statements, balance sheets, work papers, file memoranda, financial analysis and all other documents relating to loans made by the FSA and Farm Credit to you.

e.   All loan applications and all other documents relating to loans made by the FSA and Farm Credit to you.

2

f.    All credit analysis or credit memos prepared by the FSA and Farm Credit relating

to the loans made by the FSA and Farm Credit to you.

RESPONSE: Defendants respond to each subpart as follows:

a.    Defendants will produce responsive documents.

b.    None.

c.    None.

d.    Defendants object to this Request on the grounds that request is overbroad and the
phrase "all other documents relating to loans made by Farm Credit" is vague.
Defendants also object on the grounds that the Request seeks documents that are
not relevant to the claims and defenses in this case. Lastly, Defendants object to
the extent the Request seeks documents or communications that are protected by
the attorney-client privilege or work product doctrine.

e.    Defendants object to this Request on the grounds that request is overbroad and the
phrase "all other documents relating to loans made by Farm Credit" is vague.
Defendants also object on the grounds that the Request seeks documents that are
not relevant to the claims and defenses in this case. Lastly, Defendants object to
the extent the Request seeks documents or communications that are protected by
the attorney-client privilege or work product doctrine.

f.    None.

REQUEST NO. 2:    All documents relating to your purchase or acquisition of livestock

from the Debtors during the period of January 1, 2020, to the present, including, but not limited

to, all contracts, scale tickets, and images of all items issued in payment for livestock.

RESPONSE:  None.

REQUEST NO. 3:    All documents relating to your purchase or acquisition of

machinery and equipment from the Debtors during the period from January 1, 2020, to the

present, including, but not limited to, all contracts, bills of sale and all images of any items

issued in payment for machinery and equipment.

RESPONSE: Defendants object to this Request on the grounds that it is overbroad.

Subject to and without waiving that objection, Defendants will produce documents sufficient to

3

show the purchase of any machinery or equipment from Debtors during the time period January

1, 2020, through the date that Debtors filed bankruptcy.

REQUEST NO. 4: All appraisals or opinions of the Transaction Property.

RESPONSE: Defendants will produce responsive documents.

REQUEST NO. 5: All non-privileged notes, electronic mail, statements, journals, diaries,

or memoranda relating to the avoidance action that Rabo filed in the District Court of Antelope

County, Nebraska.

RESPONSE: None.

REQUEST NO. 6: All documents relating to any leases between you and any of Alden

and Lisa Zuhlke.

RESPONSE: Defendants object to this Request on the grounds that it is overbroad.

Subject to and without waiving that objection, Defendants will produce documents sufficient to

any leases that are currently in effect between Defendants and Debtors.

DATED this 1st day of November, 2024.


DEREK A. ZUHLKE and KIMBERLY A.
ZUHLKE, and DILLAN A. ZUHLKE and
MICHELLE L. ZUHLKE Defendants

By: /s/ Lauren R. Goodman
Lauren R. Goodman (#24645)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE  68102

4

(402) 341-3070
(402)341-0216 (fax)
lgoodman@mcgrathnorth.com
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Lauren R. Goodman, hereby certify that on November 1, 2024, I served the foregoing electronically upon Richard P. Garden, Jr., attorney for the Plaintiff at rgarden@clinewilliams.com.

/s/ Lauren R. Goodman

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: | )<br>)<br>)      Case No. BK 24-40267 BSK<br>)          (Chapter 7) |

IN RE:

ALDEN H. ZUHLKE and
LISA A. ZUHLKE,

       Debtors.

             Case No. BK 24-40267 BSK
                (Chapter 7)

PHILLIP M. KELLY, CHAPTER 7
TRUSTEE,

       Plaintiff,

v.

ALDEN H. ZUHLKE, LISA A.
ZUHLKE, DEREK A. ZUHLKE and
KIMBERLY A. ZUHLKE, DILLAN
A. ZUHLKE and MICHELLA L.
ZUHLKE

       Defendants.

               A24-4011-BSK

     DILLAN  AND MICHELLE ZUHLKES'
     RESPONSES TO INTERROGATORIES
             (FIRST SET)

Defendants Dillan and Michelle Zuhlke (collectively "Defendants") object and respond to Plaintiff's Interrogatories:

**GENERAL OBJECTION**

Defendants object to Plaintiff's instructions to the Interrogatories to the extent they seek to impose obligations on Defendant that exceed what is required by the Federal Rules of Civil Procedure.

**INTERROGATORIES**

INTERROGATORY NO. 1 Identify each person who is known to you to have any knowledge or information relating to the subject matter of this litigation.

ANSWER: Defendants respond as follows:

    1.  Trustee, Phillip Kelly.

    2.  Dillan and Michelle Zuhlke

3.  Alden and Lisa Zuhlke

4.  Derek and Kimberly

INTERROGATORY NO. 2. For each person identified in your answer to Interrogatory No. 1, state the knowledge or information held by such person.

ANSWER: Defendants respond as follows:

1.  The Trustee has knowledge of the allegations in the Complaint.

2.  Derek and Kimberly Zuhlke have knowledge of the real property, which is the subject of this dispute, that they acquired from Alden and Lisa Zuhlke, along with the value of that property at the time of purchase and amount they paid for the real property.

3.  Alden and Lisa Zuhlke have knowledge of their financial condition at the time they sold the real property, which is the subject of this dispute, to Defendants, the value of the real property at the time of the sale and the consideration that they received in exchange for the real property.

4.  Dillan and Michelle Zuhlke have knowledge of the real property, which is the subject of this dispute, that they acquired from Alden and Lisa Zuhlke, along with the value of that property at the time of purchase and amount they paid for the real property.

INTERROGATORY NO. 3: State the name of every individual you expect to call as an expert witness in this action, together with (a) the subject matter on which the expert is expected to testify; (b) the substance of the facts and opinions to which the expert is expected to testify; and (c) a summary of the grounds for each opinion.

ANSWER: Defendants object to this Interrogatory on the grounds that it is premature. Defendants also object to the extent it requires information that is beyond what is required by the Federal Rules of Civil Procedure. Subject to and without waiving those objections, Defendants will produce responsive information as requires by the Federal Rules of Bankruptcy Procedure or by Court Order.

INTERROGATORY NO. 4: Identify every non-privileged document not identified elsewhere in your answers to these Interrogatories known to you to be relevant to the subject matter of this action.

ANSWER: Defendants object to this Interrogatory on the grounds that the request is vague. Subject to and without waiving that objection, Defendants will produce documents that it intends to rely on at trial in this matter.

INTERROGATORY NO. 5: Describe in particular detail your knowledge of Alden and Lisa Zuhlke's financial state on or about March 30, 2022, including, but not limited to, your knowledge about any debts that Alden and Lisa Zuhlke owed and assets they possessed.

2

ANSWER: Defendants had a general (but not complete) understanding of some of the ownership interests that they possessed on January 18, 2022, and debts they owed.

INTERROGATORY NO. 6: For each factual allegation in the Plaintiff's complaint that you have denied, state the factual basis for such denial.

ANSWER: Defendants respond that Plaintiff inaccurately defined the purchase transactions between them, Lisa and Alden Zuhlke. The Deeds that were recorded with the Antelope County Register of Deeds accurately reflect the transactions between Defendants and Alden and Lisa Zuhlke. Further, many of the Requests mischaracterized and/or otherwise inaccurately stated the information on certain documents.

INTERROGATORY NO. 7: For each Request for Admission served this same date that you have denied, state the factual basis for such denial.

ANSWER: Defendants denied certain Requests for Admission because the statements were not accurate. Defendants did not provide the information set forth in Exhibit F to Farm Credit. Exhibit G does not reflect "market value" for what is defined as the "Transaction Property."

INTERROGATORY NO. 8: State the factual basis for the allegations in your fourth affirmative defense that the "Plaintiff's claims are barred by the doctrines of unclean hands, estoppel, laches, and collateral estoppel".

ANSWER: Defendants object to this Request on the grounds that it seeks information that is protected by the attorney work product doctrine.

INTERROGATORY NO. 9: State the factual basis for the allegations in your eighth affirmative defense that the Plaintiff's claims were waived.

ANSWER Defendants object to this Request on the grounds that it seeks information that is protected by the attorney work product doctrine.

DATED this 1st day of November, 2024.

DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, and DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE Defendants

By:  /s/ Lauren R. Goodman
Lauren R. Goodman (#24645)

3

McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE  68102
(402)341-3070
(402)341-0216 (fax)
lgoodman@mcgrathnorth.com
ATTORNEY FOR DEFENDANTS

## VERIFICATION

I, Dillan Zuhlke, after being first duly sworn, do state that I have read the foregoing answers to the First Set of Interrogatories Propounded by Plaintiff, and that the statements contained herein are true and correct as I verily believe.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November _____, 2024

_____
Dillan Zuhlke

## VERIFICATION

I, Michelle Zuhlke, after being first duly sworn, do state that I have read the

foregoing answers to the First Set of Interrogatories Propounded by Plaintiff, and

that the statements contained herein are true and correct as I verily believe.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.


Dated: November _____, 2024

_____

Michelle Zuhlke

CERTIFICATE OF SERVICE

I, Lauren R. Goodman, hereby certify that on November 1, 2024, I served the foregoing electronically upon Richard P. Garden, Jr., attorney for the Plaintiff at rgarden@clinewilliams.com.

/s/ Lauren R. Goodman

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. BK 24-40267 BSK |
| ALDEN H. ZUHLKE and | ) | (Chapter 7) |
| LISA A. ZUHLKE, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| —————————————— | ) | A24-4011-BSK |
| | ) | |
| PHILLIP M. KELLY, CHAPTER 7 | ) | DEREK AND KIMBERLY ZUHLKES' |
| TRUSTEE, | ) | RESPONSES TO INTERROGATORIES |
| | ) | (FIRST SET) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ALDEN H. ZUHLKE, LISA A. | ) | |
| ZUHLKE, DEREK A. ZUHLKE and | ) | |
| KIMBERLY A. ZUHLKE, DILLAN | ) | |
| A. ZUHLKE and MICHELLA L. | ) | |
| ZUHLKE | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Derek and Kimberly Zuhlke (collectively "Defendants") objects and responds to Plaintiff's Requests for Production:

## GENERAL OBJECTION

Defendants object to Plaintiff's instructions to the Interrogatories to the extent they seek to impose obligations on Defendant that exceed what is required by the Federal Rules of Civil Procedure.

## INTERROGATORIES

INTERROGATORY NO. 1. Identify each person who is known to you to have any knowledge or information relating to the subject matter of this litigation.

ANSWER: Defendants respond as follows:

1.  Trustee, Phillip Kelly.

2.  Derek and Kimberly Zuhlke

3.  Alden and Lisa Zuhlke

4.  Dillan and Michelle Zuhlke

INTERROGATORY NO. 2. For each person identified in your answer to Interrogatory No. 1, state the knowledge or information held by such person.

ANSWER: Defendants respond as follows:

1.  The Trustee has knowledge of the allegations in the Complaint.

2.  Derek and Kimberly Zuhlke have knowledge of the real property, which is the subject of this dispute, that they acquired from Alden and Lisa Zuhlke, along with the value of that property at the time of purchase and amount they paid for the real property.

3.  Alden and Lisa Zuhlke have knowledge of their financial condition at the time they sold the real property, which is the subject of this dispute, to Defendants, the value of the real property at the time of the sale and the consideration that they received in exchange for the real property.

4.  Dillan and Michelle Zuhlke have knowledge of the real property, which is the subject of this dispute, that they acquired from Alden and Lisa Zuhlke, along with the value of that property at the time of purchase and amount they paid for the real property.

INTERROGATORY NO. 3: State the name of every individual you expect to call as an expert witness in this action, together with (a) the subject matter on which the expert is expected to testify; (b) the substance of the facts and opinions to which the expert is expected to testify; and (c) a summary of the grounds for each opinion.

ANSWER: Defendants object to this Interrogatory on the grounds that it is premature. Defendants also object to the extent it requires information that is beyond what is required by the Federal Rules of Civil Procedure. Subject to and without waiving those objections, Defendants will produce responsive information as requires by the Federal Rules of Bankruptcy Procedure or by Court Order.

INTERROGATORY NO. 4: Identify every non-privileged document not identified elsewhere in your answers to these Interrogatories known to you to be relevant to the subject matter of this action.

ANSWER: Defendants object to this Interrogatory on the grounds that the request is vague. Subject to and without waiving that objection, Defendants will produce documents that it intends to rely on at trial in this matter.

INTERROGATORY NO. 5: Describe in particular detail your knowledge of Alden and Lisa Zuhlke's financial state on or about January 18, 2022, including, but not limited to, your knowledge about any debts that Alden and Lisa Zuhlke owed and assets they possessed.

2

ANSWER: Defendants had a general (but not complete) understanding of some of the ownership interests that they possessed on January 18, 2022, and debts they owed.

INTERROGATORY NO. 6: For each factual allegation in the Plaintiff's complaint that you have denied, state the factual basis for such denial.

ANSWER: Defendants respond that any denial made in their answer was made because the allegations was inaccurate. Defendants purchased certain real estate from their parents, Alden and Lisa Zuhlke, for fair market value during a period when Alden and Lisa Zuhlke were not insolvent. Defendants denied, therefore, the specific allegations that are inconsistent therewith and deny that Plaintiff is entitled to relief.

INTERROGATORY NO. 7: For each Request for Admission served this same date that you have denied, state the factual basis for such denial.

ANSWER: Defendants respond that Plaintiff inaccurately defined the purchase transactions between them, Lisa and Alden Zuhlke. The Deeds that were recorded with the Antelope County Register of Deeds accurately reflect the transactions between Defendants and Alden and Lisa Zuhlke. Further, many of the Requests mischaracterized and/or otherwise inaccurately stated the information on certain documents.

INTERROGATORY NO. 8: State the factual basis for your allegations in your fourth affirmative defense that the "Plaintiff's claims are barred by the doctrines of unclean hands, estoppel, laches, and collateral estoppel".

ANSWER: Defendants object to this Request on the grounds that it seeks information that is protected by the attorney work product doctrine.

INTERROGATORY NO. 9: State the factual basis for your allegations in your eighth affirmative defense that the Plaintiff's claims were waived.

ANSWER: Defendants object to this Request on the grounds that it seeks information that is protected by the attorney work product doctrine.

DATED this 1st day of November, 2024.

DEREK A. ZUHLKE and KIMBERLY A.
ZUHLKE, and DILLAN A. ZUHLKE and
MICHELLE L. ZUHLKE Defendants

By:    /s/ Lauren R. Goodman
Lauren R. Goodman (#24645)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE  68102
(402)341-3070
(402)341-0216 (fax)
lgoodman@mcgrathnorth.com
ATTORNEY FOR DEFENDANTS

4

## VERIFICATION

I, Derek Zuhlke, after being first duly sworn, do state that I have read the foregoing answers to the First Set of Interrogatories propounded by Plaintiff, and that the statements contained herein are true and correct as I verily believe.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November _____, 2024

_____
Derek Zuhlke

## VERIFICATION

I, Kimberly Zuhlke, after being first duly sworn, do state that I have read the foregoing answers to the First Set of Interrogatories propounded by Plaintiff, and that the statements contained herein are true and correct as I verily believe.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November _____, 2024

_____
Kimberly Zuhlke

CERTIFICATE OF SERVICE

I, Lauren R. Goodman, hereby certify that on November 1, 2024, I served the foregoing electronically upon Richard P. Garden, Jr., attorney for the Plaintiff at rgarden@clinewilliams.com.


/s/ Lauren R. Goodman

MARK A. CHRISTENSEN
RICHARD P. GARDEN, JR.
SUSAN K. SAPP
KEVIN J. SCHNEIDER
ROCHELLE A. MULLEN
TRENTEN P. BAUSCH
MICHAEL C. PALLESEN
RICHARD P. JEFFRIES
TRENT R. SIDDERS
ANDRE R. BARRY
DAVID J. ROUTH
JASON R. YUNGTUM
MEGAN S. WRIGHT
THERESA D. KOLLER
AUSTIN L. McKILLIP
KEITH T. PETERS
ANDREW R. WILLIS
TARA A. STINGLEY
SEAN D. WHITE
MICHELLE L. SITORIUS
MICHAEL J. WHALEY
RUSSELL J. SPRAGUE
HENRY L. WIEDRICH
DANIEL W. OLDENBURG
JENNIE A. KUEHNER
TRAVIS W. TETTENBORN
BEAU B. BUMP
SHANNON E. FALLON
CRISTIN M. McGARRY
KATIE A. JOSEPH
LILY AMARE
JOHN F. ZIMMER, V
NATHAN D. CLARK
ALISON JANECEK BORER

# Cline Williams
## Wright Johnson & Oldfather, L.L.P.

### Attorneys at Law
ESTABLISHED 1857

233 South 13th Street
1900 U.S. Bank Building
Lincoln, Nebraska 68508-2095
(402) 474-6900
www.clinewilliams.com

March 24, 2025

BRIAN P. MORRISSEY
SYDNEY M. HUSS
BRITTNEY M. HOLLEY
ISAIAH J. FROHLING
JESSICA K. ROBINSON
NATHANIAL T. HEIMES
HARRISON J. KRATOCHVIL
KIMBERLY A. DUGGAN
LAUREN M. TAYLOR
KEVIN M. FREUDENBURG
ROGER D. SACK
MADELINE C. HASLEY
NICHOLAS J. ROCK
DONALD L. ERFTMIER, III
CAMERON D. SCOTT
MITCHELL T. MOYLAN
ELIJAH J. POFERL

OF COUNSEL:

STEPHEN E. GEHRING
ROBERT J. ROUTH
SCOTT D. KELLY
JOHN C. MILES
DON B. JANSSEN
GARY R. BATENHORST
RENEE A. EVELAND
DAVID O. COLVER†
DONALD L. ERFTMIER, JR.

†ATTORNEYS ADMITTED IN COLORADO ONLY

**Via Email**
Lauren Goodman lgoodman@mcgrathnorth.com
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102



EXHIBIT
B

Re:   Dillan and Derek Zuhlke responses to discovery
Ad. Proc. A24-4011-BSK

Dear Lauren:

I am writing concerning your clients' responses to the Trustee's discovery. In the balance of this letter, I will set forth the matters which need to be supplemented so as to avoid a motion to compel discovery:

**Dillan and Michelle Zuhlke:**

Request for Production ("RFP") No. 1(d), (e) requested financial statements and loan applications submitted to your clients' lenders, Farm Service Agency and Farm Credit. Your clients' objections are without merit. Please have your clients produce the documents.

RFP No. 3 requested documents relating to the purchase of machinery from the Debtors. Your clients have not produced any documents. Please have your clients produce the documents.

RFP No. 4 requested appraisals and opinions of value. More than six months have passed since the service of the RFP's and the defendants have yet to produce appraisals or opinions of value. Please have your clients produce the documents.

12910 PIERCE STREET
SUITE 200
OMAHA, NE 68144-1105
(402) 397-1700

1207 M STREET
P.O. BOX 510
AURORA, NE 68818
(402) 694-6314

221 E. MOUNTAIN AVENUE
SUITE 240
FORT COLLINS, CO 80524
(970) 221-2637

131 W. EMERSON STREET
HOLYOKE, CO 80734
(970) 854-2264

March 24, 2025
Page 2

RFP No. 6 sought the leases between your clients and the Debtors.  I am aware that the trustee recently made a demand on your clients for unpaid rent owing for the 2022-2024. Please have your clients produce the documents.

Interrogatory No. 3 sought the names of your clients' expert(s) as well as the facts and opinions to which they are expected to testify.  More than six months have passed and your clients have not answered the interrogatory. Please have your clients answer the interrogatories.

Interrogatories No. 8 and 9 requested the factual basis for defenses asserted by your clients.  It is improper to assert attorney client or work product as Plaintiff seeks to the facts known by your clients relative to the defenses. Please supplement the answers to the interrogatories.

**Derek and Kimberly Zuhlke**

Request for Production ("RFP") No. 1(d), (e) requested financial statements and loan applications submitted to your clients' lender, Farm Credit. Your clients' objections are without merit.   Please have your clients produce the documents.

RFP No. 4 requested appraisals and opinions of value.  More than six months have passed since the service of the RFP's and the defendants have yet to produce appraisals or opinions of value.  Please have your clients produce the documents.

Interrogatory No. 3 sought the names of your clients' expert(s) as well as the facts and opinions to which they are expected to testify.  More than six months have passed and your clients have not answered the interrogatory. Please have your clients answer the interrogatories.

Interrogatories No. 8 and 9 requested the factual basis for defenses asserted by your clients.  It is improper to assert attorney client or work product as Plaintiff seeks to the facts known by your clients relative to the defenses. Please supplement the answers to the interrogatories.

I would like to avoid filing a motion to compel discovery.  Please let me know when the discovery will be provided.

March 24, 2025
Page 3

Very truly yours,

*Richard P. Garden, Jr.*

Richard P. Garden, Jr.
For the Firm

Enc.

4904-5549-9054, v. 1

**Richard P. Garden Jr.**

| | |
|---|---|
| **From:** | Richard P. Garden Jr. <RGarden@CLINEWILLIAMS.COM> |
| **Sent:** | Friday, March 28, 2025 4:15 PM |
| **To:** | Goodman, Lauren |
| **Cc:** | Phil Kelly |
| **Subject:** | RE: Zuhlke discovery responses |

Thank you.

How about alternative trial dates in July?  Rabo has a conflict with the first week.

Dick

 **RICHARD P. GARDEN, JR.** | Partner
**CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.**
233 South 13th Street | 1900 US Bank Bldg. | Lincoln, NE 68508
Direct: 402.479.7141 | Main: 402.474.6900 | www.clinewilliams.com
Lincoln | Omaha | Aurora | Fort Collins | Holyoke

**From:** Goodman, Lauren <LGoodman@mcgrathnorth.com>
**Sent:** Friday, March 28, 2025 4:09 PM
**To:** Richard P. Garden Jr. <RGarden@CLINEWILLIAMS.COM>
**Cc:** Phil Kelly <pkelly@scottsblufflaw.com>
**Subject:** RE: Zuhlke discovery responses

Thanks Dick.  Following up, we will supplement the responses accordingly early next week and I anticipate making a production of documents.  In addition, by copy of this email, I've asked Mandy Bender to share the Sunshine Ranch production with you first thing Monday morning.

**From:** Richard P. Garden Jr. <RGarden@CLINEWILLIAMS.COM>
**Sent:** Monday, March 24, 2025 9:26 AM
**To:** Goodman, Lauren <LGoodman@mcgrathnorth.com>
**Cc:** Phil Kelly <pkelly@scottsblufflaw.com>
**Subject:** Zuhlke discovery responses

Lauren:

Let's discuss the attached after our depositions tomorrow.

Dick

**EXHIBIT**
**C**

 **RICHARD P. GARDEN, JR.** | Partner
**CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.**
233 South 13th Street | 1900 US Bank Bldg. | Lincoln, NE 68508
Direct: 402.479.7141 | Main: 402.474.6900 | www.clinewilliams.com
Lincoln | Omaha | Aurora | Fort Collins | Holyoke

This message and any attachments are confidential, may contain privileged information, and are intended solely for the recipient named above. If you are not the intended recipient, or a person responsible for delivery to the named recipient, you are notified that any review, distribution, dissemination or copying is prohibited. If you have received this message in error, you should notify the sender by return email and delete the message from your computer system.

## Richard P. Garden Jr.

| | |
|---|---|
| **From:** | Richard P. Garden Jr. <RGarden@CLINEWILLIAMS.COM> |
| **Sent:** | Monday, April 7, 2025 1:27 PM |
| **To:** | Goodman, Lauren |
| **Cc:** | kellyfam@allophone.com |
| **Subject:** | RE: Zuhlke discovery responses |

Lauren:

While I received the Sunshine documents, I did not receive the discovery supplement last week as you had promised.  Please follow up on this.

Dick

 **CLINE WILLIAMS**  | **RICHARD P. GARDEN, JR.** | Partner
**CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.**
233 South 13th Street | 1900 US Bank Bldg. | Lincoln, NE 68508
Direct: 402.479.7141 | Main: 402.474.6900 | www.clinewilliams.com
Lincoln | Omaha | Aurora | Fort Collins | Holyoke

**From:** Goodman, Lauren <LGoodman@mcgrathnorth.com>
**Sent:** Friday, March 28, 2025 4:09 PM
**To:** Richard P. Garden Jr. <RGarden@CLINEWILLIAMS.COM>
**Cc:** Phil Kelly <pkelly@scottsblufflaw.com>
**Subject:** RE: Zuhlke discovery responses

Thanks Dick.  Following up, we will supplement the responses accordingly early next week and I anticipate making a production of documents.  In addition, by copy of this email, I've asked Mandy Bender to share the Sunshine Ranch production with you first thing Monday morning.

**From:** Richard P. Garden Jr. <RGarden@CLINEWILLIAMS.COM>
**Sent:** Monday, March 24, 2025 9:26 AM
**To:** Goodman, Lauren <LGoodman@mcgrathnorth.com>
**Cc:** Phil Kelly <pkelly@scottsblufflaw.com>
**Subject:** Zuhlke discovery responses



Lauren:

Let's discuss the attached after our depositions tomorrow.

Dick

 **CLINE WILLIAMS**  | **RICHARD P. GARDEN, JR.** | Partner
**CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.**
233 South 13th Street | 1900 US Bank Bldg. | Lincoln, NE 68508
Direct: 402.479.7141 | Main: 402.474.6900 | www.clinewilliams.com
Lincoln | Omaha | Aurora | Fort Collins | Holyoke

This message and any attachments are confidential, may contain privileged information, and are intended solely for the recipient named above. If you are not the intended recipient, or a person responsible for delivery to the named recipient, you are notified that any review, distribution, dissemination or copying is prohibited. If you have received this message in error, you should notify the sender by return email and delete the message from your computer system.

## Richard P. Garden Jr.

| | |
|---|---|
| **From:** | Richard P. Garden Jr. <RGarden@CLINEWILLIAMS.COM> |
| **Sent:** | Friday, April 18, 2025 12:56 PM |
| **To:** | Goodman, Lauren |
| **Cc:** | Phil Kelly |
| **Subject:** | RE: Zuhlke discovery responses |



Lauren:

While you did share the Sunshine documents, your clients have not supplemented their discovery responses or document production. I will be filing a motion to compel next week.

Dick



**RICHARD P. GARDEN, JR.** | Partner
**CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.**
233 South 13th Street | 1900 US Bank Bldg. | Lincoln, NE 68508
Direct: 402.479.7141 | Main: 402.474.6900 | www.clinewilliams.com
Lincoln | Omaha | Aurora | Fort Collins | Holyoke

**From:** Goodman, Lauren <LGoodman@mcgrathnorth.com>
**Sent:** Friday, March 28, 2025 4:09 PM
**To:** Richard P. Garden Jr. <RGarden@CLINEWILLIAMS.COM>
**Cc:** Phil Kelly <pkelly@scottsblufflaw.com>
**Subject:** RE: Zuhlke discovery responses

Thanks Dick.  Following up, we will supplement the responses accordingly early next week and I anticipate making a production of documents.  In addition, by copy of this email, I've asked Mandy Bender to share the Sunshine Ranch production with you first thing Monday morning.

**From:** Richard P. Garden Jr. <RGarden@CLINEWILLIAMS.COM>
**Sent:** Monday, March 24, 2025 9:26 AM
**To:** Goodman, Lauren <LGoodman@mcgrathnorth.com>
**Cc:** Phil Kelly <pkelly@scottsblufflaw.com>
**Subject:** Zuhlke discovery responses

Lauren:

Let's discuss the attached after our depositions tomorrow.

Dick



**RICHARD P. GARDEN, JR.** | Partner
**CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.**
233 South 13th Street | 1900 US Bank Bldg. | Lincoln, NE 68508
Direct: 402.479.7141 | Main: 402.474.6900 | www.clinewilliams.com
Lincoln | Omaha | Aurora | Fort Collins | Holyoke

This message and any attachments are confidential, may contain privileged information, and are intended solely for the recipient named above. If you are not the intended recipient, or a person responsible for delivery to the named recipient, you are notified that any review, distribution, dissemination or copying is prohibited. If you have received this message in error, you should notify the sender by return email and delete the message from your computer system.

MARK A. CHRISTENSEN
RICHARD P. GARDEN, JR.
SUSAN K. SAPP
KEVIN J. SCHNEIDER
ROCHELLE A. MULLEN
TRENTEN P. BAUSCH
MICHAEL C. PALLESEN
RICHARD P. JEFFRIES
TRENT R. SIDDERS
ANDRE R. BARRY
DAVID J. ROUTH
JASON R. YUNGTUM
MEGAN S. WRIGHT
THERESA D. KOLLER
AUSTIN L. MCKILLIP
KEITH T. PETERS
ANDREW R. WILLIS
TARA A. STINGLEY
SEAN D. WHITE
MICHELLE L. SITORIUS
MICHAEL J. WHALEY
RUSSELL J. SPRAGUE
HENRY L. WIEDRICH
DANIEL W. OLDENBURG
JENNIE A. KUEHNER
TRAVIS W. TETTENBORN
BEAU B. BUMP
SHANNON E. FALLON
CRISTIN M. MCGARRY
KATIE A. JOSEPH
LILY AMARE
JOHN F. ZIMMER, V
NATHAN D. CLARK
ALISON JANECEK BORER

BRIAN P. MORRISSEY
SYDNEY M. HUSS
BRITTNEY M. HOLLEY
ISAIAH J. FROHLING
JESSICA K. ROBINSON
NATHANIAL T. HEIMES
HARRISON J. KRATOCHVIL
KIMBERLY A. DUGGAN
LAUREN M. TAYLOR
KEVIN M. FREUDENBURG
ROGER D. SACK
MADELINE C. HASLEY
NICHOLAS J. ROCK
DONALD L. ERFTMIER, III
CAMERON D. SCOTT
MITCHELL T. MOYLAN
ELIJAH J. POFERL

OF COUNSEL:

STEPHEN E. GEHRING
ROBERT J. ROUTH
SCOTT D. KELLY
JOHN C. MILES
DON A. JANSSEN
GARY R. BATENHORST
RENEE A. EVELAND
DAVID O. COOPER†
DONALD L. ERFTMIER, JR.

†ATTORNEYS ADMITTED IN COLORADO ONLY

# CLINE WILLIAMS
# WRIGHT JOHNSON & OLDFATHER, L.L.P.

### ATTORNEYS AT LAW
ESTABLISHED 1857

233 SOUTH 13TH STREET
1900 U.S. BANK BUILDING
LINCOLN, NEBRASKA 68508-2095
(402) 474-6900
www.clinewilliams.com

April 24, 2025

**Via Email**
Lauren Goodman lgoodman@mcgrathnorth.com
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102



Re:   Dillan and Derek Zuhlke responses to discovery
      Ad. Proc. A24-4011-BSK

Dear Lauren:

I am again writing concerning your clients' deficient responses to the Trustee's discovery that the Trustee served on September 18, 2024. We met and discussed the discovery on March 25, 2025, following the depositions of the Farm Credit employees. On April 22, 2025, your clients produced 31 pages of documents but did not supplement their answers to Interrogatories.

The Trustee's Request for Production ("RFP") requested the production of financial statements and loan applications your clients submitted to their lenders, Farm Service Agency and Farm Credit. Your clients originally interposed a meritless objection to the request, which I thought we had resolved during our March 25, 2025, meeting.

On April 22, 2025, Derek Zuhlke produced balance sheets dated November 11, 2020, and November 17, 2021, and Dillan Zuhlke produced balance sheets dated March 2, 2020, and March 8, 2021. As is the practice of all ag lenders, Farm Credit requires an annual balance sheet. Your clients have not produced balance sheets for the years 2022, 2023, 2024 or 2025, in what appears to be an intentional effort to conceal from the Trustee the values they placed on the

12910 PIERCE STREET
SUITE 200
OMAHA, NE 68144-1105
(402) 397-1700

1207 M STREET
P.O. BOX 510
AURORA, NE 68818
(402) 694-6314

221 E. MOUNTAIN AVENUE
SUITE 240
FORT COLLINS, CO 80524
(970) 221-2637

131 W. EMERSON STREET
HOLYOKE, CO 80734
(970) 854-2264

April 24, 2025
Page 2

land at issue in the litigation. The Trustee's motion to compel will seek the production of these documents.

The RFP's also requested the production of documents relating to the purchase of machinery from the Debtors.  Your clients only produced a bill of sale for three center pivots from Rabo AgriFinance and Alden and Lisa Zuhlke to Derek Zuhlke and a similar bill of sale to Dillan Zuhlke for two center pivots. Please confirm that there are no other documents responsive to the request.

The RFP's also requested the production of appraisals and opinions of value.  More than seven months have passed since the service of the RFP's and the defendants have yet to identify an expert or produce appraisals or opinions of value.

The Interrogatories sought the names of your clients' expert(s) as well as the facts and opinions to which they are expected to testify.  More than seven months have passed and your clients have not answered the Interrogatory.

The Interrogatories also requested the factual basis for the defenses asserted by your clients.  As we discussed during our meeting, it is improper to assert attorney client or work product as the Trustee seeks to discover the facts known by your clients relating to the defenses.

The Trustee has been very patient, however with a July 1 trial date, I have no alternative but to file a motion to compel the discovery, which I will do later today.

Very truly yours,

*Richard P. Garden, Jr.*

Richard P. Garden, Jr.
For the Firm

Cc:   Philip M. Kelly

4907-4816-3642, v. 1