B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of  Nebraska

In re  Alden H. Zuhlke and Lisa A. Zuhlke

Debtor

Case No.  24-40267-BSK

Chapter  7

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Doug Hall, President of Sunshine Ranch Co., Inc., 85882 526 Avenue, Neligh, NE 68756

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| District Court Jury Room, Madison County Courthouse, 1313 North Main Street, Madison, NE, 68748 | April 16, 2025 at 9:30 a.m. CDT |

The examination will be recorded by this method:  stenographic means.

☐ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  March 21, 2025

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Rabo Agrifinance, LLC            , who issues or requests this subpoena, are:

Richard P. Garden, Jr., 233 S. 13th St., Suite 1900, Lincoln, NE 68508; rgarden@clinewilliams.com; (402) 474-6900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**
1

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
 (i) is a party or a party's officer; or
 (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
 (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
 (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
 (i) fails to allow a reasonable time to comply;
 (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
 (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
 (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
 (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
 (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
 (i) expressly make the claim; and
 (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
 …

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Articles of Incorporation



EXHIBIT

2

4-16-24

ARTICLES OF INCORPORATION

OF

SUNSHINE RANCH CO.

We, the undersigned natural persons of the age of twenty-one years or more, acting as incorporators of a corporation under the Nebraska Business Corporation Act, adopt the following Articles of Incorporation for such Corporation:

ARTICLE I

NAME

The name of the Corporation is Sunshine Ranch Co.

ARTICLE II

DURATION

The period of the Corporation's duration is perpetual.

ARTICLE III

PURPOSES

The purposes for which this Corporation is organized are:

(a)  To engage in the business of farming and ranching including the business of buying, selling, leasing, mortgaging, and otherwise dealing in, in every respect whatsoever, real estate and personal property of every kind and nature.

STATE OF NEBRASKA } SS
SECRETARY'S OFFICE }

Received and filed for record DEC 3 0 1965
and recorded on film roll No. 17
_____ Misc. Inc. at page 1122
Frank Marsh
Secretary of State
By _____

Articles (2)

(b)   To engage in any commercial, industrial, agricultural or other type of enterprise calculated or designed to be profitable for this Corporation and in conformity with the laws of the State of Nebraska.

(c)   To do everything necessary, proper, advisable and convenient for the accomplishment of the purposes hereinabove set forth, and to do all other things incidental thereto or connected therewith which are not forbidden by the laws of the State of Nebraska, or by these Articles of Incorporation.

## ARTICLE IV

### POWERS

The Corporation shall have and exercise all powers and rights conferred upon corporations by the Nebraska Business Corporation Act and any enlargement of such powers conferred by subsequent legislative acts; and, in addition thereto, the Corporation shall have and exercise all powers and rights, not otherwise denied corporations by the laws of the State of Nebraska, as are necessary, suitable, proper, convenient or expedient to the attainment of the purposes set forth in Article III above.

## ARTICLE V

### AUTHORIZED SHARES

The aggregate number of shares which the Corporation shall have the authority to issue is **30,000 shares**    of common stock and the par value of each of said shares shall be **Ten Dollars ($10.00)**     .

## ARTICLE VI

### INTEREST OF DIRECTORS IN TRANSACTIONS

In the absence of fraud, no contract or other transaction between the Corporation and any other person, corporation, firm, syndicate, association, partnership, or joint venture shall be wholly or partially invalidated or otherwise affected by reason of the fact that one or more of the directors of the Corporation are or become directors or officers of such other corporation, firm, syndicate or association, or members of such partnership or joint venture, or are pecuniarily or otherwise interested in such contractual transaction, provided, that the fact such director or directors of the Corporation are so situated or so

Articles (3)

interested or both, shall be disclosed or shall have been known
to the Board of Directors of the Corporation.  Any director or
directors of the Corporation who is also a director or officer
of such other corporation, firm, syndicate, or association, or
a member of such partnership, or joint venture, or pecuniarily
or otherwise interested in such contract or transaction, may
be counted for the purposes of determining the existence of a
quorum at any meeting of the Board of Directors of the Corporation
which shall authorize any such contract or transaction and in the
absence of fraud, and as long as he acts in good faith, any such
director may vote threat to authorize any such contract or trans-
action, with like force and effect as if he were not a director
or officer of such other corporation, firm, syndicate, or associa-
tion, or a member of such partnership, or joint venture, or pecuni-
arily or otherwise interested in such contract or transaction.

## ARTICLE VII

### INITIAL REGISTERED OFFICE AND INITIAL REGISTERED AGENT

The street address of the initial registered office of the
Corporation is:  R.F.D. No. 2 - Neligh, Nebraska.
The name of its initial registered agent at such address is:
Sumner B. Hall.

## ARTICLE VIII

### NAMES AND ADDRESSES OF INCORPORATORS

The name and address of each incorporator is:

| NAME | ADDRESS |
|------|---------|
| Sumner B. Hall | R.F.D. No. 2 - Neligh, Nebraska |
| Sumner Allan Hall | R.F.D. No. 2 - Neligh, Nebraska |

DATED, December 29 , 1965.

_Sumner B. Hall_
Sumner B. Hall

_Sumner Allan Hall_
Sumner Allan Hall

Incorporators

INDEXED

COMPARED

STATE OF NEBRASKA } ss
ANTELOPE COUNTY }
Entered on the Numerical Index
and Filed for Record the 3rd
_____ Day of January
A.D. 19 66 at 10 O'Clock A
M. Recorded in book 35 of
Mtg. Records, Page 138.
By Julia Teller County Clerk
_____ Deputy

400 ft

Mc Neath North End Merriman
1414 First National Bk Bldg
Omaha Neb. 68102



# DEPARTMENT OF STATE
## FRANK MARSH
### SECRETARY OF STATE
STATE OF NEBRASKA   STATE CAPITOL
LINCOLN, NEBRASKA

Receipt No. A   20746

DATE __January 4__ 19 66

CASH ☐   CHECK ☒   MONEY ORDER ☐

RECEIVED OF

John E. North, Attorney
1414 First Natl Bk Bldg.
Omaha, Nebraska

|  | AMOUNT |
|---|---|

## CORPORATION TAXES

MISCELLANEOUS..................................................
NOTARY PUBLIC...............................................

CORPORATION TAX OR ANNUAL FEE

DELINQUENT.........................CORPORATION TAX OR ANNUAL FEE...............
15% PENALTY PER YEAR..............................
ADDITIONAL PENALTY PER SECTION 21-1,130 R. S. 1943 (1955 CUM. SUP.)......
(Does not apply to foreign)

REPORT NO.............
REPORT NO.............

## CORPORATION FILINGS

__Domestic__ CORPORATION
(Class of Corporation)

FILING   $ __150.00__   INCREASE $ ........... CERTIFICATE $ ........... RECORDING $ ...........

## FOREIGN CORPORATION

FILING ........... CERTIFICATES $ ........... CERTIFICATE $ ...........
TRADE NAME — TRADE MARK...........
MISCELLANEOUS CASH COPY $ ...........
RESERVATION – REGISTRATION OF NAME...........

REMARKS: __Filing Articles of Sunshine Ranch Co. -- Neligh__

__roll 17 page 1120__

RECORDING $ __2.20__

TOTAL $ __152.20__

152 20

## FRANK MARSH
SECRETARY OF STATE

BY _[signature]_

PLEASE RETURN RECEIPT IF NOT CORRECT

THE STATE OF NEBRASKA }
ANTELOPE COUNTY } SS.

Loren C. Fry, being first duly sworn, on oath says that he is the Publisher of The Neligh News and Leader, a weekly and legal newspaper of general circulation in said county; that the annexed notice, which is part of this proof of publication, was published each week at Neligh, Antelope County, Nebraska for _Three_ successive weeks, the first publication being on the ____ day of _March_ A.D, 19 _66_, and the last publication being on the ____ _24th_ day of _March_, A.D, 19 _66_.; that said newspaper was published in Neligh, within said county for more than fifty-two consecutive weeks immediately prior to the commencement of the publication of said notice and every week consecutively since that time; that during all of said times said newspaper had a bona fide circulation of more than 300 copies weekly and was printed wholly in the English language and in an office maintained by the publisher at said place of publication. I have personal knowledge of the facts herein.

_Loren C. Fry_
Loren C. Fry

Subscribed and sworn to before me this _28th_ day of _March_ A. D. _1966_

_(signature)_
Notary Public

Publication fee is $ _21.20_

Legal Notices

Eastern Livestock Journal
subscription; 5.00
Western Union, telegram, 1.24
Young's supplies, 20.82
Lilly Ames, labor, 4.50
Harry Hughes, labor, 4.50
payroll for March, 15,292.59
John Adams, mileage, 10.00
Dean Hughes, mileage, 23.00
Albert Honeywell, mileage, 19.00

Stephen P. Finn, Attorney
NOTICE OF PETITION
Estate, No. 4606, of Clara Grace
Clemens, deceased, in the County
Court of Antelope County, Nebras-
...
The State of Nebraska: To all
...

# By-Laws



BY-LAWS

OF

SUNSHINE RANCH CO.


ARTICLE I

<u>OFFICE</u>

The principal office of the corporation in the State of Nebraska shall be located in the City of   Neligh  , County of  Antelope The corporation may have such other offices, either within or without the State of Nebraska, as the Board of Directors may designate or as the business of the corporation may require from time to time.

The registered office of the corporation required by The Nebraska Business Corporation Act to be maintained in the State of Nebraska may be, but need not be, identical with the principal office in the State of Nebraska, and the address of the registered office may be changed from time to time by the Board of Directors.


ARTICLE II

<u>SHAREHOLDERS</u>

<u>Section 1.  Annual Meeting</u>.  The annual meeting of the shareholders shall be held on the first Monday in the month of January in each year, beginning with the year 1966 , at the hour of 10:00 o'clock A.M., for the purpose of electing Directors and for the transaction of such other business as may come before the meeting. If the day fixed for the annual meeting shall be a legal holiday in the State of Nebraska, such meeting shall be held on the next succeeding business day.  If the election of Directors shall not be held on the day designated herein for any annual meeting of the shareholders, or at any adjournment thereof, the Board of Directors shall cause the election to be held at a special meeting of the shareholders as soon thereafter as conveniently may be.

<u>Section 2.  Special Meetings</u>.  Special meetings of the shareholders, for any purpose or purposes, unless otherwise prescribed by statute, may be called by the President or by the Board of Directors, and shall be called by the President at the request of the holders of not less than one-tenth of all the outstanding shares of the corporation entitled to vote at the meeting.

By-Laws (2)

### Section 3.  Place of Meetings.

The Board of Directors may designate any place, either within or without the State of Nebraska, as the place of meeting for any annual meeting or for any special meeting called by the Board of Directors.  A waiver of notice signed by all shareholders entitled to vote at a meeting may designate any place, either within or without the State of Nebraska, as the place for holding of such meeting.  If no designation is made, or if a special meeting be otherwise called, the place of meeting shall be the registered office of the corporation.

### Section 4.  Notice of Meeting.

Written or printed notice stating the place, day and hour of the meeting and, in case of a special meeting, the purpose or purposes for which the meeting is called, shall be delivered not less than ten nor more than fifty days before the date of the meeting, either personally or by mail, by or at the direction of the President, or the Secretary, or the officer or persons calling the meeting, to each shareholder of record entitled to vote at such meeting.  If mailed, such notice shall be deemed to be delivered when deposited in the United States mail, addressed to the shareholder at his address as it appears on the stock transfer books of the corporation, with postage thereon prepaid.

### Section 5.  Closing of Transfer Books or Fixing of Record Date.

For the purpose of determining shareholders entitled to notice of or to vote at any meeting of shareholders or any adjournment thereof, or shareholders entitled to receive payment of any dividend, or in order to make a determination of shareholders for any other purpose, the Board of Directors of the corporation may provide that the stock transfer books shall be closed for a stated period but not to exceed, in any case, fifty days.  If the stock transfer books shall be closed for the purpose of determining shareholders entitled to notice of or to vote at a meeting of shareholders, such books shall be closed for at least ten days immediately preceding such meeting.  In lieu of closing the stock transfer books, the Board of Directors may fix in advance a date as the record date for any such determination of shareholders, such date in any case to be not more than fifty days prior to the date on which the particular action, requiring such determination of shareholders, is to be taken.  If the stock transfer books are not closed and no record date is fixed for the determination of shareholders entitled to notice of or to vote at a meeting of shareholders, or shareholders entitled to receive payment of a dividend, the date on which notice of the meeting is mailed or the date on which the resolution of the Board of Directors declaring such dividend is adopted, as the case may be, shall be the record date for such determination of shareholders.  When a determination of shareholders entitled to vote at any meeting of shareholders has been made as provided in this section, such determination shall apply to any adjournment thereof.

Section 6.  Voting Lists.  The officer or agent having charge of the stock transfer books for shares of the corporation shall make, at least ten days before each meeting of shareholders, a complete list of the shareholders entitled to vote at such meeting, or any adjournment thereof, arranged in alphabetical order, with the address of and the number of shares held by each, which list, for a period of ten days prior to such meeting, shall be kept on file at the registered office of the corporation and shall be subject to inspection by any shareholder at any time during usual business hours.  Such list shall also be produced and kept open at the time and place of the meeting and shall be subject to the inspection of any shareholder during the whole time of the meeting.  The original stock transfer book shall be prima facie evidence as to who are the shareholders entitled to examine such list or transfer books or to vote at any meeting of shareholders.

Section 7.  Quorum.  A majority of the outstanding shares of the corporation entitled to vote, represented in person or by proxy, shall constitute a quorum at a meeting of shareholders.  If less than a majority of the outstanding shares are represented at a meeting, a majority of the shares so represented may adjourn the meeting from time to time without further notice.  At such adjourned meeting at which a quorum shall be present or represented, any business may be transacted which might have been transacted at the meeting as originally notified.  The shareholders present at a duly organized meeting may continue to transact business until adjournment, notwithstanding the withdrawal of enough shareholders to leave less than a quorum.

Section 8.  Proxies.  At all meetings of shareholders, a shareholder may vote by proxy executed in writing by the shareholder or by his duly authorized attorney in fact.  Such proxy shall be filed with the secretary of the corporation before or at the time of the meeting.  No proxy shall be valid after eleven months from the date of its execution, unless otherwise provided in the proxy.

Section 9.  Voting of Shares.  Subject to the provisions of Section 11 of this Article II, each outstanding share, entitled to vote shall be entitled to one vote upon each matter submitted to a vote at a meeting of shareholders.

Section 10.  Voting of Shares by Certain Holders.  Shares standing in the name of another corporation may be voted by such officer, agent or proxy as the by-laws of such corporation may prescribe, or, in the absence of such provision, as the board of directors of such corporation may determine.

By-Laws (4)

Shares held by an administrator, executor, guardian or conservator may be voted by him, either in person or by proxy, without a transfer of such shares into his name. Shares standing in the name of a trustee may be voted by him, either in person or by proxy, but no trustee shall be entitled to vote shares held by him without a transfer of such shares into his name.

Shares standing in the name of a receiver may be voted by such receiver, and shares held by or under the control of a receiver may be voted by such receiver without the transfer thereof into his name if authority so to do be contained in an appropriate order of the court by which such receiver was appointed.

A shareholder whose shares are pledged shall be entitled to vote such shares until his shares have been transferred into the name of the pledgee, and thereafter the pledgee shall be entitled to vote the shares so transferred.

Shares of its own stock belonging to the corporation or held by it in a fiduciary capacity shall not be voted, directly or indirectly, at any meeting, and shall not be counted in determining the total number of outstanding shares at any given time.

Section 11.  Cumulative Voting.  At each election for directors every shareholder entitled to vote at such election shall have the right to vote, in person or by proxy, the number of shares owned by him for as many persons as there are directors to be elected and for whose election he has a right to vote, or to cumulate his votes by giving one candidate as many votes as the number of such directors multiplied by the number of his shares shall equal, or by distributing such votes on the same principle among any number of candidates.

Section 12.  Informal Action by Shareholders.  Any action required to be taken at a meeting of the shareholders, or any other action which may be taken at a meeting of the shareholders, may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by all of the shareholders entitled to vote with respect to the subject matter thereof.
Such consent shall have the same force and effect as a unanimous vote of shareholders, and may be stated as such in any articles or document filed with the Secretary of State under this act.

By-Laws (5)

## ARTICLE III

### BOARD OF DIRECTORS

**Section 1.  General Powers**.  The business and affairs of the corporation shall be managed by its Board of Directors.

**Section 2.  Number, Tenure and Qualifications**.  The number of directors of the corporation shall be three.  Each director shall hold office until the next annual meeting of shareholders and until his successor shall have been elected and qualified. Directors need not be residents of the State of Nebraska or shareholders of the corporation.

**Section 3.  Regular Meetings**.  A regular meeting of the Board of Directors shall be held without other notice than this by-law immediately after, and at the same place as, the annual meeting of shareholders.  The Board of Directors may provide, by resolution, the time and place, either within or without the State of Nebraska, for the holding of additional regular meetings without other notice than such resolution.

**Section 4.  Special Meetings**.  Special meetings of the Board of Directors may be called by or at the request of the President or any two directors.  The person or persons authorized to call special meetings of the Board of Directors may fix any place, either within or without the State of Nebraska, as the place for holding any special meeting of the Board of Directors called by them.

**Section 5.  Notice**.  Notice of any special meeting shall be given at least two days previously thereto by written notice delivered personally or mailed to each director at his business address, or by telegram.  If mailed, such notice shall be deemed to be delivered when deposited in the United States mail so addressed, with postage thereon prepaid.  If notice be given by telegram, such notice shall be deemed to be delivered when the telegram is delivered to the telegraph company.  Any director may waive notice of any meeting.  The attendance of a director at a meeting shall constitute a waiver of notice of such meeting, except where a director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened.  Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the Board of Directors need be specified in the notice or waiver of notice of such meeting.

By-Laws (6)

**Section 6.  Quorum**.  A majority of the number of directors fixed by Section 2. of this Article III shall constitute a quorum for the transaction of business at any meeting of the Board of Directors, but if less than such majority is present at a meeting, a majority of the directors present may adjourn the meeting from time to time without further notice.

**Section 7.  Manner of Acting**.  The act of the majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

**Section 8.  Vacancies**.  Any vacancy occurring in the Board of Directors may be filled by the affirmative vote of the majority of the remaining directors though less than a quorum of the Board of Directors.  A director elected to fill a vacancy shall be elected for the unexpired term of his predecessor in office.  Any directorship to be filled by reason of an increase in the number of directors shall be filled by election at an annual meeting or at a special meeting of shareholders called for that purpose.

**Section 9.  Compensation**.  By resolution of the Board of Directors, the directors may be paid their expenses, if any, of attendance at each meeting of the Board of Directors, and may be paid a fixed sum for attendance at each meeting of the Board of Directors or a stated salary as director.  No such payment shall preclude any director from serving the corporation in any other capacity and receiving compensation therefor.

**Section 10.  Presumption of Assent**.  A director of the corporation who is present at a meeting of the Board of Directors at which action on any corporate matter is taken shall be presumed to have assented to the action taken unless his dissent shall be entered in the minutes of the meeting or unless he shall file his written dissent to such action with the person acting as the Secretary of the meeting before the adjournment thereof or shall forward such dissent by registered mail to the Secretary of the corporation immediately after the adjournment of the meeting. Such right to dissent shall not apply to a director who voted in favor of such action.

ARTICLE IV

OFFICERS

**Section 1.  Number**.  The officers of the corporation shall be a President, one or more Vice-Presidents (the number thereof to be determined by the Board of Directors), a Secretary, and a Treasurer, each of whom shall be elected by the Board of Directors.

By-Laws (7)

Such other officers and assistant officers as may be deemed necessary may be elected or appointed by the Board of Directors. Any two or more offices may be held by the same person, except the offices of President and Secretary.

Section 2. Election and Term of Office. The officers of the corporation to be elected by the Board of Directors shall be elected annually by the Board of Directors at the first meeting of the Board of Directors held after each annual meeting of the shareholders. If the election of officers shall not be held at such meeting, such election shall be held as soon thereafter as conveniently may be. Each officer shall hold office until his sucessor shall have been duly elected and shall have qualified or until his death or until he shall resign or shall have been removed in the manner hereinafter provided.

Section 3. Removal. Any officer or agent elected or appointed by the Board of Directors may be removed by the Board of Directors whenever in its judgment the best interests of the corporation would be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so removed.

Section 4. Vacancies. A vacancy in an office because of death, resignation, removal, disqualification or otherwise, may be filled by the Board of Directors for the unexpired portion of the term.

Section 5. President. The President shall be the principal executive officer of the corporation and, subject to the control of the Board of Directors, shall in general supervise and control all of the business and affairs of the corporation. He shall, when present, preside at all meetings of the shareholders and of the Board of Directors. He may sign, with the Secretary or any other proper officer of the corporation thereunto authorized by the Board of Directors, certificates for shares of the corporation, any deeds, mortgages, bonds, contracts, or other instruments which the Board of Directors has authorized to be executed, except in cases where the signing and execution thereof shall be expressly delegated by the Board of Directors or by these by-laws to some other officer or agent of the corporation, or shall be required by law to be otherwise signed or executed; and in general shall perform all duties incident to the office of President and such other duties as may be prescribed by the Board of Directors from time to time.

Section 6. The Vice-Presidents. In the absence of the President or in the event of his death, inability or refusal to

act, the Vice-President (or in the event there be more than one
Vice-President, the Vice-Presidents in the order designated at
the time of their election, or in the absence of any designation,
then in the order of their election) shall perform the duties of
the President, and when so acting, shall have all the powers of
and be subject to all the restrictions upon the President.  Any
Vice-President may sign, with the Secretary or an Assistant
Secretary, certificates for shares of the corporation; and shall
perform such other duties as from time to time may be assigned
to him by the President or by the Board of Directors.

Section 7.  The Secretary.  The Secretary shall: (a) keep
the minutes of the shareholders' and of the Board of Directors'
meetings in one of more books provided for that purpose; (b) see
that all notices are duly given in accordance with the provisions
of these by-laws or as required by law; (c) be custodian of the
corporate records and of the seal of the corporation and see that
the seal of the corporation is affixed to all documents the exe-
cution of which on behalf of the corporation under its seal is
duly authorized; (d) keep a register of the postoffice address of
each shareholder which shall be furnished to the Secretary by such
shareholder; (e) sign with the President, or a Vice-President,
certificates for shares of the corporation, the issuance of which
shall have been authorized by resolution of the Board of Directors;
(f) have general charge of the stock transfer books of the cor-
poration; and (g) in general perform all duties incident to the
office of Secretary and such other duties as from time to time
may be assigned to him by the President or by the Board of Direc-
tors.

Section 8.  The Treasurer.  If required by the Board of Di-
rectors, the Treasurer shall give a bond for the faithful dis-
charge of his duties in such sum and with such surety or sureties
as the Board of Directors shall determine.  He shall: (a) have
charge and custody of and be responsible for all funds and secur-
ities of the corporation; receive and give receipts for moneys
due and payable to the corporation from any source whatsoever,
and deposit all such moneys in the name of the corporation in
such banks, trust companies or other depositaries as shall be
selected in accordance with provisions of Article V of these
by-laws; and (b) in general perform all of the duties incident
to the office of Treasurer and such other duties as from time
to time may be assigned to him by the President or by the Board
of Directors.

Section 9.  Assistant Secretaries and Assistant Treasurers.
The Assistant Secretaries, when authorized by the Board of Direc-
tors, may sign with the President or a Vice-President certificates

By-Laws (9)

for shares of the corporation the issuance of which shall have
been authorized by a resolution of the Board of Directors. The
Assistant Treasurers shall respectively, if required by the Board
of Directors, give bonds for the faithful discharge of their duties
in such sums and with such sureties as the Board of Directors shall
determine. The Assistant Secretaries and Assistant Treasurers, in
general, shall perform such duties as shall be assigned to them
by the Secretary or the Treasurer, respectively, or by the Presi-
dent or the Board of Directors.

Section 10. Salaries. The salaries of the officers shall be
fixed from time to time by the Board of Directors and no officer
shall be prevented from receiving such salary by reason of the
fact that he is also a director of the corporation.

ARTICLE V

CONTRACTS, LOANS, CHECKS AND DEPOSITS

Section 1. Contracts. The Board of Directors may authorize
any officer or officers, agent or agents, to enter into any con-
tract or execute and deliver any instrument in the name of and on
behalf of the corporation, and such authority may be general or
confined to specific instances.

Section 2. Loans. No loans shall be contracted on behalf of
the corporation and no evidences of indebtedness shall be issued
in its name unless authorized by a resolution of the Board of Di-
rectors. Such authority may be general or confined to specific
instances.

Section 3. Checks, Drafts, Etc. All checks, drafts or other
orders for the payment of money, notes or other evidences of in-
debtedness issued in the name of the corporation, shall be signed
by such officer or officers, agent or agents of the corporation and
in such manner as shall from time to time be determined by reso-
lution of the Board of Directors.

Section 4. Deposits. All funds of the corporation not other-
wise employed shall be deposited from time to time to the credit
of the corporation in such banks, trust companies or other deposi-
taries as the Board of Directors may select.

By-Laws (10)

## ARTICLE VI

### CERTIFICATES FOR SHARES AND THEIR TRANSFER

Section 1.  Certificates for Shares.  Certificates representing
shares of the corporation shall be in such form as shall be deter-
mined by the Board of Directors.  Such certificates shall be signed
by the President or a Vice-President and by the Secretary or an
Assistant Secretary.  All certificates for shares shall be con-
secutively numbered or otherwise identified.  The name and address
of the person to whom the shares represented thereby are issued,
with the number of shares and date of issue, shall be entered
on the stock transfer books of the corporation.  All certificates
surrendered to the corporation for transfer shall be cancelled
and no new certificates shall be issued until the former certificate
for a like number of shares shall have been surrendered and can-
celled, except that in case of a lost, destroyed or mutilated cer-
tificate a new one may be issued therefor upon such terms and in-
demnity to the corporation as the Board of Directors may prescribe.

Section 2.  Transfer of Shares.  Transfer of shares of the
corporation shall be made only on the stock transfer books of
the corporation by the holder of record thereof or by his legal
representative, who shall furnish proper evidence of authority to
transfer, or by his attorney thereunto authorized by power of
attorney duly executed and filed with the Secretary of the cor-
poration, and on surrender for cancellation of the certificate for
such shares.  The person in whose name shares stand on the books
of the corporation shall be deemed by the corporation to be the
owner thereof for all purposes.

## ARTICLE VII

### FISCAL YEAR

The fiscal year of the corporation shall begin on the first
day of *August*  and end on the thirty-first day of *July*  in each
year.

## ARTICLE VIII

### DIVIDENDS

The Board of Directors may from time to time declare, and
the corporation may pay, dividends on its outstanding shares in
the manner and upon the terms and conditions provided by law and
its articles of incorporation.

By-Laws (11)

## ARTICLE IX

### SEAL

The Board of Directors shall provide a corporate seal which shall be circular in form and shall have inscribed thereon the name of the corporation and the state of incorporation and the words "Corporate Seal".

## ARTICLE X

### WAIVER OF NOTICE

Whenever any notice is required to be given to any shareholder or director of the corporation under the provisions of these by-laws or under the provisions of the articles of incorporation or under the provisions of the Nebraska Business Corporation Act, a waiver thereof in writing, signed by the person or persons entitled to such notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice.

## ARTICLE XI

### AMENDMENTS

These by-laws may be altered, amended or repealed and new by-laws may be adopted by the Board of Directors at any regular or special meeting of the Board of Directors.

# Stock Register



EXHIBIT

4

A-16-24

Sunshine Parcel Co

Stock Ownership

| Cert. # | Dated | # of Shares | Sumner B. Hall | Barbara L. Hall | Sumner A. Hall | Sum Douglas Allen H |
|---|---|---|---|---|---|---|
| 1 | 12-30-65 | Cancelled | | | | |
| 2 | ✓ | 7600 | | | 7600 | |
| 3 | ✓ | 1150 | | 1150 | | |
| 4 | 12-31-65 | Cancelled | | | | |
| 5 | 12-31-65 | 600 | | | 600 | |
| 6 | 12-31-65 | 600 | | | | |
| 7 | 12-31-65 | 600 | | | | 600 |
| 8 | 12-31-65 | 600 | | | | |
| 9 | 12-31-65 | 600 | | | | |
| 10 | 1-3-66 | Cancelled 6500 12-9 | 6500 | | | |
| 11 | 1-3-66 | 600 | | | 600 | |
| 12 | 1-3-66 | 600 | | | | 600 |
| 13 | 1-3-66 | 600 | | | | |
| 14 | 1-3-66 | 600 | | | | |
| 15 | 1-3-66 | 600 | | | | |
| 16 | 12-1-69 | Cancelled 4000 12-70 | 4000 | | | |
| 17 | 12-1-69 | 500 | | | 500 | |
| 18 | 12-1-69 | 500 | | | | 500 |
| 19 | 12-1-69 | 500 | | | | |
| 20 | 12-1-69 | 500 | | | | |
| 21 | 12-1-69 | 500 | | | | |
| 22 | 12-1-70 | Cancelled 4500 12-71 | 4500 | | | |
| 23 | 12-1-70 | 500 | | | 50000 | |
| 24 | 12-1-70 | 500 | | | | 500 |
| 25 | 12-1-70 | 500 | | | | |
| 26 | 12-1-70 | 500 | | | | |
| 27 | 12-1-70 | 500 | | | | |
| 28 | 12-1-71 | 300 | | | 300 | |
| 29 | 12-1-71 | 300 | | | | 300 |
| 30 | 12-1-71 | 200 | | | | |
| 31 | 12-1-71 | 200 | | | | |
| 32 | 12-1-71 | 300 | | | | |
| | | 21250 | | 1150 | 10100 | 2500 |

| 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
|---|---|---|---|---|---|---|---|
| Allen Hall, custodian for | | | | | | | |
| Lisa | Kevin | Kimbrly | | | | | |
| Ann Hall | Bruce Hall | Joan Hall | | | | | |

At
12-1-71

O · CA

| Barbara L | 5·4118+ |
| Allen | 47·5294+ |
| Dous | 11·7647+ |
| Lisa | 11·7647+ |
| Kevin | 11·7647+ |
| Kim | 11·7647+ |
| | 100·0000 * |

| 600 | | |
| | 600 | |
| | | 600 |

| 600 | | |
| | 600 | |
| | | 600 |

| 500 | | |
| | 500 | |
| | | 500 |

| 500 | | |
| | 500 | |
| | | 500 |

| 300 | | |
| | 300 | |
| | | 300 |

| 2500 | 2500 | 2500 |

| CERTIFICATE | NAME | NO. OF SHARES | PAR VALUE |
|---|---|---|---|
| 1 | Sumner B. Hall | 12,500 | $125,000.00 |
| 2 | Sumner A. Hall | 7,600 | 76,000.00 |
| 3 | Barbara L. Hall | 1,150 | 11,500.00 |
| 4. | Transfer from Cert. No. 1<br>Sumner B. Hall | 9,500 | 95,000.00 |
| 5 | Transfer from Cert. No. 1<br>Sumner A. Hall | 600 | 6,000.00 |
| 6 | Transfer from Certi No. 1<br>Sumner A. Hall as custodian for<br>Douglas Allen Hall under the<br>Nebraska Uniform Gifts to<br>Minors Act | 600 | 6,000.00 |
| 7 | Transfer from Cert. No. 1<br>Sumner A. Hall as custodian for<br>Lisa Ann Hall under the<br>Nebraska Uniform Gift to<br>Minors Act | 600 | 6,000.00 |
| 8 | Transfer from Cert. No. 1<br>Sumner A. Hall as custodian for<br>Kevin Bruce Hall under the<br>Nebraska Uniform Gift to<br>Minors Act | 600 | 6,000.00 |
| 9 | Transfer from Cert. No. 1<br>Sumner A. Hall as custodian for<br>Kimberly Joan Hall under the<br>Nebraska Uniform Gift to<br>Minors Act | 600 | 6,000.00 |
| 10 | Transfer from cert. No. 4<br>Sumner B. Hall | 6,500 | 65,000.00 |
| 11 | Transfer from Cert. No. 4<br>Sumner A. Hall | 600 | 6,000.00 |
| 12 | Transfer from Cert. No. 4<br>Sumner A. Hall as Custodian for<br>Douglas Allen Hall under the<br>Nebraska Uniform Gift to<br>Minors Act | 600 | 6,000.00 |

| CERTIFICATE | NAME | NO. OF SHARES | PAR VALUE |
|---|---|---|---|
| 13 | Transfer from Cert. No. 4 Sumner A. Hall as Custodian for Lisa Ann Hall under the Nebraska Uniform Gift to Minors Act | 600 | $6,000.00 |
| 14 | Transfer from Cert. No. 4 Sumner A. Hall as Custodian for Kevin Bruce Hall under the Nebraska Uniform Gift to Minors Act | 600 | 6,000.00 |
| 15 | Transfer from Cert. No. 4 Sumner A. Hall as Custodian for Kimberly Joan Hall under the Nebraska Uniform Gift to Minors Act | 600 | 6,000.00 |

## Sunshine Ranch Co.
## Stock Ownership

| | Total Shares Outstanding | S.B. Hall | B.L. Hall | S.A. Hall | S.A. Hall Custodian |
|---|---|---|---|---|---|
| 12-30-65 Original Incorporation | 21,250 sh | 12500 sh | 1150 sh | 7600 sh | — |
| 12-3-65 Gifts - S.B. Hall to S.A. Hall & 4 grandchildren | | <3000 sh> | — | 600 sh | 2400 |
| | 21,250 sh | 9500 sh | 1150 sh | 8200 sh | 2400 |
| 1-3-66 Gifts - S.B. Hall to S.A. Hall & 4 grandchildren | | <3000 sh> | — | 600 sh | 2400 |
| Present ownership of stock | 21,250 sh | 6500 sh | 1150 sh | 8800 sh | 4800 |
| | 100.00% | 30.59% | 5.41% | 41.41% | 22.59 |
| 12-3-69 Gifts - S.B. Hall to S.A. Hall & 4 grandchildren | | <2500 sh> | — | 500 sh | 2000 |
| Present ownership of stock | 21,250 sh 100.00% | 4000 sh | 1150 sh | 9300 sh | 6800 |

No. N1

LITHO IN U.S.A.

## Certificate

*No.* 3 REPLACEMENT

*For* 1,150 *Shares*
COMMON

*Issued to*

BARBARA L. HALL

*Dated* JUNE 16 19 94

*Transferred from*

ORIGINAL #3, BARBARA L. HALL

*Dated* DECEMBER 30 1965

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 3 | 1,150 | 1,150 |

*Received this Certificate*

DOUGLAS A. HALL

*For Value Received, I hereby sell, assign and transfer*

MUST PROVIDE ...

# CERTIFICATE

FOR
1,150
COMMON
SHARES

OF THE

## Capital Stock

SUNSHINE RANCH CO.

### ISSUED TO

BARBARA L. HALL

DATED



No. N1.

No. N.1.

# Certificate

## No. ▓▓▓▓

For  ·600  Shares

*Issued to*

SUMNER A. HALL

*Dated* December 31  19 65

*Transferred from*

SUMNER B. HALL

*Dated* December 30  19 65

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 1 | 12,500 | 600 |

*Received this Certificate*

*Sumner A. Hall*

LITHO IN U.S.A.

No. N.1.

*Certificate*

*No.* 6

*For* 600 *Shares*

*Issued to*

SUMNER A. HALL AS CUSTODIAN
FOR DOUGLAS ALLEN HALL UNDER
THE NEBRASKA UNIFORM GIFTS
TO MINORS ACT

*Dated* December 31 *19* 65

*Transferred from*

SUMNER B. HALL

*Dated* December 30 *19* 65

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 1 | 12,500 | 600 |
| | | |
| | | |
| | | |
| | | |

*Received this Certificate*

Sumner A. Hall

No. N.I.

*Certificate*

*No.* �acon

*For* 600 *Shares*

*Issued to*

SUMNER A. HALL AS CUSTODIAN FOR
LISA ANN HALL UNDER THE NEBRASKA
UNIFORM GIFT TO MINORS ACT

*Dated* December 31 19 65

*Transferred from*

SUMNER B. HALL

*Dated* December 30 1965

| No Original Certificate. | No Original Shares. | No of Shares Transferred. |
|---|---|---|
| 1 | 12,500 | 600 |
| | | |
| | | |
| | | |

*Received this Certificate*

*Sumner A. Hall*

No. N.1.

LITHO IN U.S.A.

## Certificate

*No.* ▰▰▰▰

*For* 600 *Shares*

*Issued to*

SUMNER A. HALL AS CUSTODIAN
FOR KEVIN BRUCE HALL UNDER THE
NEBRASKA UNIFORM GIFTS TO MINOR
ACT

*Dated* December 31 *19* 65

*Transferred from*

SUMNER B. HALL

*Dated* December 30 *19*65

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 1 | 12,500 | 600 |
| | | |
| | | |
| | | |

*Received this Certificate*

*Sumner A. Hall*

No.N.I.

## Certificate

### No. ▮

For        600        Shares

### Issued to

SUMNER A. HALL AS CUSTODIAN FOR
KIMBERLY JOAN HALL UNDER THE
NEBRASKA UNIFORM GIFT TO MINORS
ACT

LITHO IN U.S.A.

Dated December 31 1965

Transferred from

SUMNER B. HALL

Dated December 30 1965

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 1 | 12,500 | 600 |
| | | |
| | | |
| | | |

Received this Certificate

Sumner A. Hall



No. N 1.

## Certificate

### No. 11

For 600 Shares

Issued to

SUMNER A. HALL

Dated January 3 1966

Transferred from

SUMNER B. HALL

Dated December 31 1965

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 4 | 9,500 | 600 |
| | | |
| | | |
| | | |

Received this Certificate

Sumner A. Hall

No. N.1.

## Certificate

## No. 12

### For 600 Shares

### Issued to

SUMNER A. HALL AS CUSTODIAN FOR
DOUGLAS ALLEN HALL UNDER THE
NEBRASKA UNIFORM GIFTS TO MINORS
ACT

*Dated* January 3 19 66

### Transferred from

SUMNER B. HALL

*Dated* December 31 19 65

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 4 | 9,500 | 600 |
| | | |
| | | |
| | | |

### Received this Certificate

Sumner A. Hall

No. N.1.

## Certificate

### No. ▓▓▓

For **600** Shares

### Issued to

SUMNER A. HALL AS CUSTODIAN
FOR LISA ANN HALL UNDER THE
NEBRASKA UNIFORM GIFTS TO
MINORS ACT

*Dated* January 3 19 66

### Transferred from

SUMNER B. HALL

*Dated* December 31 19 65

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 4 | 9,500 | 600 |
|  |  |  |
|  |  |  |
|  |  |  |

*Received this Certificate*

*Sumner A. Hall*

No. N.I.

## Certificate

## No. 14

### For 600 Shares

### Issued to

SUMNER A. HALL AS CUSTODIAN
FOR KEVIN BRUCE HALL UNDER THE
NEBRASKA UNIFORM GIFTS TO
MINORS ACTS

*Dated* January 3 1966

*Transferred from*

SUMNER B. HALL

*Dated* December 31 1965

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 4 | 9,500 | 600 |
| | | |
| | | |
| | | |

*Received this Certificate*

Sumner A. Hall

No.N.1.

# Certificate

## No. ▒▒▒▒▒

For    600    Shares

*Issued to*

SUMNER A. HALL AS CUSTODIAN FOR
KIMBERLY JOAN HALL UNDER THE
NEBRASKA UNIFORM GIFTS TO
MINORS ACT

Dated    January 3    1956

*Transferred from*

SUMNER B. HALL

Dated    December 31    1965

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 4 | 9,500 | 600 |

*Received this Certificate*

Sumner A. Hall



No.N.I.

*Certificate*

*No.* ▬▬▬▬▬

*For* 500 *Shares*

*Issued to*

Sumner A. Hall

_____

_____

_____

*Dated* December 1 19 69

*Transferred from*

Sumner B. Hall

*Dated* January 3 19 66

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 10 | 6,500 | 500 |
| | | |
| | | |
| | | |

*Received this Certificate*

Sumner A. Hall

No. N.1.

LITHO IN U.S.A.

# Certificate

## No. ▮▮▮▮▮▮

### For    500    Shares

### Issued to

Sumner A. Hall as Custodian for
Douglas Allen Hall Under the
Nebraska Uniform Gifts to Minors
Act

### Dated    December 1    1969

### Transferred from

Sumner B. Hall

### Dated    January 1    19 66

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 10 | 6,500 | 500 |
|  |  |  |
|  |  |  |

### Received this Certificate

Sumner A. Hall

No. N.1.

## Certificate

### No.

For    500    Shares

### Issued to

Sumner A. Hall as Custodian for

Lisa Ann Hall Under the Nebraska
Uniform Gifts to Minor Act

**Dated** December 1    19 69

### Transferred from

Sumner B. Hall

**Dated** January 1    19 66

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 10 | 6,500 | 500 |

### Received this Certificate

Sumner A. Hall

No. N.1.

LITHO IN U.S.A.

## Certificate

### No.

### For     500     Shares

### Issued to

Sumner A. Hall as Custodian for
Kevin Bruce Hall under the Nebraska
Uniform Gifts to Minors Act.

### Dated     December 1    19 69

### Transferred from

Sumner B. Hall

### Dated     January 1     19 66

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 10 | 6,500 | 500 |
|  |  |  |
|  |  |  |
|  |  |  |

### Received this Certificate

Sumner A. Hall

No. N.1.

*Certificate*

*No.* ▬▬▬▬

*For*   500   *Shares*

*Issued to*

Sumner A. Hall as Custodian for
Kimberly Joan Hall under the Nebraska
Uniform Gifts to Minors Act

*Dated*   December 1   *19* 69

*Transferred from*

Sumner B. Hall

*Dated*   January 1   *19* 66

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
| --- | --- | --- |
| 10 | 6,500 | 500 |
|  |  |  |
|  |  |  |
|  |  |  |

*Received this Certificate*

*Sumner A. Hall*



No. N 1.

## Certificate

### No.

For    500    Shares

Issued to

Sumner A. Hall

_Dated_ December 1    19 70

_Transferred from_

Sumner B. Hall

_Dated_    December 1    19 69

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 16 | 4,000 | 500 |

_Received this Certificate_

Sumner A. Hall

No. N1.

# Certificate
## No. ▓▓▓▓▓

### For     500     Shares
### Issued to

Sumner A. Hall as Custodian for

Douglas Allen Hall Under the
Nebraska Uniform Gifts to Minors
Act

### Dated     December 1     19 70

### Transferred from

Sumner B. Hall

### Dated         December 1 19 69

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 16 | 4,000 | 500 |
|  |  |  |
|  |  |  |
|  |  |  |

### Received this Certificate

*Sumner A. Hall*

No. N.1.

## Certificate

## No. ▬▬▬

### For    500    Shares

### Issued to

Sumner A. Hall as Custodian for

Lisa Ann Hall Under The Nebraska
Uniform Gifts to Minors Act

### Dated    December 1    19 70

### Transferred from

Sumner B. Hall

### Dated    December 1    19 69

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 16 | 4000 | 500 |
|  |  |  |
|  |  |  |
|  |  |  |

### Received this Certificate

Suzanne A. Hall

No.N.1.

LITHO IN U.S.A.

## Certificate

## No. ▓▓▓▓

### For    500    Shares

### Issued to

Sumner A. Hall as Custodian for
Kevin Bruce Hall Under the Nebraska
Uniform Gifts to Minors Act

### Dated    December 1    19 70

### Transferred from

Sumner B. Hall

### Dated    December 1    19 69

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 16 | 4,000 | 500 |
| | | |
| | | |
| | | |

### Received this Certificate

Sumner A. Hall

No. N1.

## Certificate

## No. 27

For   500   Shares

### Issued to

Sumner A. Hall as Custodian
for Kimberly Joan Hall Under the
Nebraska Uniform Gifts to Minors
Act

Dated December 1   1970

### Transferred from

Sumner B. Hall

Dated December 1   1969

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 16 | 4000 | 1500 |
|  |  |  |
|  |  |  |
|  |  |  |

### Received this Certificate

Sumner A. Hall

No. N1.

## Certificate

## No. ▬▬▬

### For 300 Shares

### Issued to

Sumner A. Hall

_____

_____

### Dated December 1, 19 71

### Transferred from

Sumner B. Hall

### Dated December 1, 19 70

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 22 | 1500 | 300 |
| | | |
| | | |

### Received this Certificate

Sumner A. Hall

No.N.1.

## Certificate

## No.

For    300    Shares

### Issued to

Sumner A. Hall as Custodian for
Douglas Allen Hall under the Nebraska
Uniform Gifts to Minors Act.

Dated  December 1,    19 71.

### Transferred from

Sumner B. Hall

Dated  December 1,    19 70

| No. Original Certificate. | No. Original Shares. | No. of Shares Transferred. |
|---|---|---|
| 22 | 1500 | 300 |

Received this Certificate

Sumner A. Hall