IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALDEN H. ZUHLKE and<br>LISA A. ZUHLKE,<br><br>        Debtors. | Case No. BK 24-40267-BSK<br>(Chapter 7) |
| PHILIP M. KELLY, CHAPTER 7 TRUSTEE,<br><br>        Plaintiff,<br><br>v.<br><br>ALDEN H. ZUHLKE, LISA A. ZUHLKE, DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE,<br><br>        Defendants. | ADV PRO. No. 24-4011<br><br>**DECLARATION OF LAUREN R. GOODMAN IN SUPPORT OF MOTION TO STAY PENDING SALE OF DEBTORS' UNDISPUTED ASSETS, MOTION TO EXTEND EXPERT DISCLOSURE DEADLINE, AND IN SUPPORT OF DEFENDANTS' OBJECTIONS TO APPLICATION TO RETAIN SPECIAL COUNSEL AND TO PLAINTIFF'S MOTION TO COMPEL** |

    I, Lauren R. Goodman, having been first duly sworn and states as follows:

    1.    I am a shareholder with the law firm of McGrath North Mullin & Kratz, PC LLO in Omaha, Nebraska, and am counsel of record for Defendants in the above-referenced lawsuit. I am over the age of 18 years old and have personal knowledge of the facts set forth herein.

2. Attached hereto as **<u>Exhibit A</u>** is a true and accurate copy of the Subpoena duces tecum served on Sunshine Ranch Co. on December 11, 2024.

3. Attached hereto as **<u>Exhibit B</u>**, for the Court's convenience, are true and accurate copies of the Debtors' Schedules and Amended Schedules that were filed with the Court.

4. Attached hereto as **<u>Exhibit C</u>** is an email communication that was produced by Rabo's counsel between Ron Temple, former counsel for Sunshine Ranch Co., and Trustee, Phil Kelly, reflecting an offer by Sunshine Ranch of $1.7 million to redeem Debtors' interest in Sunshine Ranch Co. It was my understanding, based on discussion with Plaintiff's counsel, that Sunshine Ranch's offer was increased to just under $2 million prior to Sunshine Ranch withdrawing all offers.

5. On March 21, 2025, Mr. Kelly wrote me asking about farm leases that he contended were in effect for land farmed by Defendants in 2022 and 2023. The rented land was subsequently sold at Sheriff Sale in September, 2024. Attached hereto as **<u>Exhibit D</u>** is a true and correct of the correspondence from Mr. Kelly, which is the first correspondence I had received related to Mr. Kelly's demand for rent.

6. On April 15, 2025, I provided Phil Kelly with documentation reflecting rent that Derek Zuhlke had paid Debtors with regard to years 2022 and 2023, and an offer to pay him the remaining amount owed of $2,500. To date, Mr. Kelly has not responded to the offer.

7. On April 17, 2025, I informed Mr. Kelly that Dillan Zuhlke is holding grain that is owed to Alden Zuhlke pursuant to verbal leases for years 2022 and 2023. I asked

if Mr. Kelly would like Dillan to sell that grain and pay the proceeds to him, subject to the third-party storage cost, or whether he would rather the balance of the grain be tendered for his retrieval. The transfer of grain would satisfy the rent claims. On April 30, 2025, I, on behalf of Dillian Zuhlke, again offered to sell or tender the grain to Debtors for the 2022 and 2023 growing seasons.

8.     On March 25, 2025, I met and conferred with Richard Garden, counsel for Plaintiff, regarding deficiencies that he believed existed in Defendants' discovery responses. In that conversation, I indicated that my clients had no appraisals of the properties at issue, other than what has been produced by Farm Credit, and that any additional statements of value would be produced in connection with the expert deadline. I did also commit to supplementing Defendants' Responses to Plaintiff's Requests for Production, to the extent necessary, which I did on April 22, 2025 through a supplemental production.

I swear and affirm under the penalty of perjury that the foregoing true and correct.

Dated this 30th day of April, 2025.

　　　　　　　　　　　　　　　　　　　　/s/ Lauren R. Goodman
　　　　　　　　　　　　　　　　　　　　Lauren R. Goodman