IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALDEN H. ZUHLKE and<br>LISA A. ZUHLKE,<br><br>            Debtors. | Case No. BK 24-40267-BSK<br>(Chapter 7) |
| PHILIP M. KELLY, CHAPTER 7 TRUSTEE,<br><br>            Plaintiff,<br><br>v.<br><br>ALDEN H. ZUHLKE, LISA A. ZUHLKE,<br>DEREK A. ZUHLKE and KIMBERLY A.<br>ZUHLKE, DILLAN A. ZUHLKE and<br>MICHELLE L. ZUHLKE,<br><br>            Defendants.<br><br>FARM CREDIT SERVICES OF AMERICA,<br>FLCA,<br><br>            Intervenor. | ADV PRO. No. 24-4011<br><br>**OBJECTION TO MOTION TO<br>COMPEL DISCOVERY** |

Defendants Derek A. Zuhlke, Kimberly A. Zuhlke, Dillan A. Zuhlke and Michell L. Zuhlke (collectively referred to as "Defendants"), file this Objection to the *Motion to Compel Discovery* (Doc. 73) in the above-captioned adversary and show to the Court as follows:

**BACKGROUND**

1.    On March 25, 2025, Plaintiff's counsel and Defendants' counsel conferred regarding <u>specific</u> deficiencies that Plaintiff believed existed in Defendants' discovery responses.

2.    On April 22, 2025, Defendants supplemented their document production with additional responsive documents, as promised.

1

3.  On April 24, 2025, Trustee, Philip M. Kelly, filed a *Motion to Compel Discovery* (Doc. 73) ("Motion").

4.  On April 25, 2025, the Motion was set for hearing on May 5, 2025 at 11 a.m.

## DEFENDANTS' RESPONSE AND OBJECTION

5.  Plaintiff's Motion is overbroad and seeks to compel discovery beyond what was discussed in the parties' meet and confer session or set forth in Plaintiff's counsel letter dated March 24, 2025. Defendants object on that basis, and on the basis that the Motion is intended to do nothing more than harass Defendants and cause them to incur needless fees and costs.

6.  With regard to the specific matters raised by Plaintiff's counsel by letter and in the meeting on March 25, 2025, Defendants respond as follows:

    a.  **Request Nos. 1(d) and (e), 3 and 6** - Defendants, Dillan and Michelle Zuhlke have produced responsive documents to the extent such documents exist.

    b.  **Request Nos. 1(d) and (e)** - Defendants, Derek and Kimberly Zuhlke have produced responsive documents to the extent such documents exist.

    c.  **Request No. 4** – Defendants have produced responsive documents, and any additional responsive documents will produced in connection with the disclosure of Defendants' expert witness.

    d.  **Interrogatory No. 3** – seeks the name of every individual that Defendants seek to call as an expert witness. Defendants objected on the basis that the Interrogatory is premature and that responsive information would be produced in connection with Defendants' disclosure of expert witnesses. Defendants stand by these objections and will comply with any Court deadline regarding the deadline to disclosure expert witnesses.

    e.  **Interrogatory Nos. 8 and 9** – seek the factual basis of several affirmative defenses plead by Defendants. Defendants' counsel committed on March 25, 2025, to supplementing these Interrogatory responses to provide the factual basis on which Defendants intend to rely.

7.  In addition, for the first time in a letter dated April 24, 2025 Plaintiff's counsel requested for years 2022 to 2025, and on the same day filed this Motion to compel the same.

Plaintiff's conduct with regard to this request is entirely contrary to the Federal Rules of Bankruptcy Procedure Rule 7034 and inappropriate. To be clear, Plaintiff had <u>never</u> requested these documents previously. Even had Plaintiff's counsel had made such a request, Defendants would have objected on the basis of relevance. Plaintiff has alleged voidable transaction claims against Defendants relating to transactions made in 2021 and early 2022. Defendants have produced financial statements relating to the loans they acquired to obtain the real property at issue. Any request for the additional financial statements bears no relation to the claims and defenses in this case, and likewise is intended solely to harass Defendants. For these reasons, Defendants submit that this request should be denied.

  WHEREFORE Defendants Derek and Kimberly Zuhlke and Dillan and Michelle Zuhlke request that the Court deny the *Trustee's Motion to Compel Discovery*, and for any other relief as the Court deems appropriate.

  DATED this 2nd day of May, 2025.

          DEREK A. ZUHLKE and KIMBERLY A.
          ZUHLKE, and DILLAN A. ZUHLKE and
          MICHELLE L. ZUHLKE Defendants

          By: /s/ *Lauren R. Goodman*
          Lauren R. Goodman (#24645)
          McGrath North Mullin & Kratz, PC LLO
          First National Tower, Suite 3700
          1601 Dodge Street
          Omaha, NE  68102
          (402)341-3070
          (402)341-0216 (fax)
          lgoodman@mcgrathnorth.com
          ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 2nd day of May, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

                                        */s/ Lauren R. Goodman*
                                        Lauren R. Goodman