IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALDEN H. ZUHLKE and<br>LISA A. ZUHLKE,<br><br>　　　　　　Debtors.<br>_____<br><br>PHILIP M. KELLY, CHAPTER 7 TRUSTEE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ALDEN H. ZUHLKE, LISA A. ZUHLKE, DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE,<br><br>　　　　　　Defendants.<br><br>FARM CREDIT SERVICES OF AMERICA, FLCA,<br><br>　　　　　　Intervenor. | Case No. BK 24-40267-BSK<br>(Chapter 7)<br><br><br><br><br><br>ADV PRO. No. 24-4011<br><br><br>**MOTION FOR MEDIATION AND REQUEST THAT THE COURT APPOINT A JUDICIAL MEDIATOR** |

　　　　Defendants Derek A. Zuhlke, Kimberly A. Zuhlke, Dillan A. Zuhlke and Michelle L. Zuhlke (collectively referred to as "Defendants") move the Court for an Order requiring judicial mediation of pending disputes under Neb. R. Bankr. P. 7016-1 and Appendix O(19), as more fully set forth below. In support of this Motion, Defendants respectfully represent:

　　　　1.　　Debtors filed their voluntary Petition under Chapter 12 of the Bankruptcy Code on March 27, 2024. On June 25, 2024, the case was converted from Chapter 12 to Chapter 7 of the Bankruptcy Code.

1

2. The Trustee filed this adversary proceeding on July 29, 2024.

3. On May 9, 2025, the trial previously set forth July 1-3, 2025, was continued to August 12-14, 2025.

4. Defendants have a desire to resolve this dispute and have recently attempted to engage in settlement discussions with the Trustee. Notwithstanding the fact that the parties exchanged offers, those discussions have reached an impasse with the Trustee rejecting Defendants' last offer, indicating that the Trustee wished to proceed to trial.

5. On May 21, 2025, Defendants disclosed their expert witness for trial and all related materials.

6. Mediation is a valuable tool to resolve disputes efficiently and amicably without the need for prolonged litigation, and Defendants believe that mediation may be helpful in this situation. Mediation is particularly useful in that, if successful, it would allow the Defendants and the Debtors' Estate to avoid the substantial costs of trial.

7. A judicial mediator would be <u>critical</u> in this case. Plaintiff asserts these claims under Nebraska's Voidable Transaction Act, pursuant to 11 U.S.C. 544(b). It is imperative, given the intersection of bankruptcy and state law, that the mediator have a strong background in bankruptcy and experience in litigation, while recognizing the fiduciary duties owed by a Chapter 7 Trustee to unsecured creditors.

8. Counsel for Defendants has previously suggested the idea of mediation to counsel for Trustee, who indicated an interest in mediation but required the participation of certain third parties as a condition to agreeing to mediate. Defendants submit that

no third parties are necessary to a mediation of this adversary proceeding, and they would like an opportunity to resolve this matter without the time and expense of trial.

9. Plaintiff has also alleged, without filing a lawsuit, other potential claims involving the payment of rent that he believes is owed by the Defendants to the Debtors' Estate. Defendants deny the allegations made by Plaintiff with regard to these claims but would be willing to include them as one of the issues to be mediated.

WHEREFORE, Defendants Derek and Kimberly Zuhlke and Dillan and Michelle Zuhlke, under Local Rule 7016-1 and Appendix O(19), respectfully request an Order requiring mediation of the claims among Plaintiff and Defendants and appointing a judicial mediator to assist as mediator.

DATED this 21st day of May, 2025.

> DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, and DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE Defendants
>
> By:    /s/ *Lauren R. Goodman*
> Lauren R. Goodman (#24645)
> McGrath North Mullin & Kratz, PC LLO
> First National Tower, Suite 3700
> 1601 Dodge Street
> Omaha, NE 68102
> (402)341-3070
> (402)341-0216 (fax)
> lgoodman@mcgrathnorth.com
> ATTORNEY FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 21st day of May, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

                                          */s/ Lauren R. Goodman*
                                          Lauren R. Goodman