IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: <br><br> ALDEN H. ZUHLKE and <br> LISA A. ZUHLKE, <br><br> Debtors. | Case No. BK 24-40267-BSK <br> (Chapter 7) |
| PHILIP M. KELLY, CHAPTER 7 TRUSTEEE, <br><br> Plaintiff, <br><br> v. <br><br> ALDEN H. ZUHLKE, LISA A. ZUHLKE, DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE, <br><br> Defendants. | Ad. Proc. 24-4011-BSK <br><br> **DECLARATION OF PHILIP M. KELLY, CHAPTER 7 TRUSTEE** |

COMES NOW Philip M. Kelly, Chapter 7 Trustee, and states that this declaration is made on personal knowledge and sets forth such facts as would be admissible in evidence and affirmatively shows that I am competent to testify to the matters stated herein.

1. I am a licensed attorney in the State of Nebraska and has been since September 1977.

2. I have been a Chapter 7 Panel Trustee since 1989.

3. This declaration is given in opposition to the Defendant's Motion for Mediation (Doc. 90) (the "Motion").

4. This litigation arises out of actions taken by Alden H. Zuhlke and Lisa A. Zuhlke ("Alden and Lisa" or the "Debtors") and their children, including the Defendants herein, to divest the Debtors of substantially all their assets.

5. Richard Garden, Jr., was appointed as Counsel for the Trustee in the Debtors' Chapter 7 case.

6. On November 12, 2024, Mr. Garden proposed to the Defendants that the Defendants and their family members enter into a global mediation involving Defendants, Sunshine Ranch Co., Inc., Darin Zuhlke, the Debtors' son, Zuhlke Properties, LLC, an entity owned by Darin Zuhlke, to whom the Debtors transferred hundreds of thousands of dollars, Z Brothers, LLC, an entity owned by Alden Zuhlke and two of his brothers, and Bloomfield, LLC, Hartington, LLC and Swine 84, a partnership in which Alden Zuhlke owns 11.3% to resolve the Trustee's claims in this

litigation, the Trustee's claims against other family members and the Trustee's claims to the Debtors' interests in the foregoing entities. Mr. Garden's proposal was rejected.

7. Thereafter, on May 21, 2025, at 3:58 p.m. Defendants first indicated that they would seek mediation which was followed by the Motion filed slightly more than a half hour later.

8. On May 9, 2025, the Defendants made their first offer to settle this adversary proceeding. On May 12, 2025, I rejected the offer and made a counteroffer to the Defendants. On May 14, 2025, Defendants rejected my counteroffer and made another offer to settle this adversary proceeding. On May 19, 2025, I rejected the Defendants' offer, in the exercise of my sound discretion.

9. As Defendants state in the Motion, the negotiations are at an impasse, because the Defendants' offer to settle this litigation is insufficient.

10. In addition to the avoidable transactions at issue in this litigation, I have a claim against the Defendants for unpaid rent owing to the estate by Defendants, which I believe to be not less than $68,160, and for the unpaid promissory note owing by Defendants Derek and Kimberly Zuhlke to the estate, which has an unpaid principal balance of $187,249.42.

11. Mediation will cause the estate to incur unnecessary fees and costs to prepare for and attend a mediation where there is no prospect of settlement, given the most recent offer by the Defendants.

12. Mediation will not result in a settlement because the depositions of fact and expert witnesses, first disclosed on May 21, 2025, remain to be taken in this case.

13. I am prepared to take the depositions of the Debtors, the Defendants, and the Defendants' experts and fact witnesses, which will require several days of depositions for approximately 8 or 9 depositions. Coordinating the schedules of witnesses and counsel has been difficult, to date. I do not want to delay the scheduling and taking of the depositions.

14. I also do not want to delay the trial of this matter as the estate needs to be administered as expeditiously as possible. Retaining a judicial mediator may very well cause any mediation to occur shortly before the trial of this matter.

15. Defendants apparently do not wish to delay the trial of this matter as on May 23, 2025, Defendants served their First Set of Interrogatories and First Set of Request for Production of Documents on the Trustee.

I swear or affirm under penalty of perjury that the foregoing is true and correct.

/s/ Phillip M. Kelly
Phillip M. Kelly

CERTIFICATE OF SERVICE

      I hereby certify that on May 28, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of said filing to all CM/ECF participants.

                                                /s/ Richard P. Garden, Jr.
                                                Richard P. Garden, Jr.

4928-5584-5446, v. 1