IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALDEN H. ZUHLKE and<br>LISA A. ZUHLKE,<br><br>Debtors. | Case No. BK 24-40267-BSK<br>(Chapter 7) |
| PHILIP M. KELLY, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>ALDEN H. ZUHLKE, LISA A. ZUHLKE, DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE,<br><br>Defendants. | ADV PRO. No. 24-4011<br><br>**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

COME NOW the defendants, Derek Zuhlke, Kimberly Zuhlke, Dillan Zuhlke, and Michelle Zuhlke ("Defendants") and submit this brief in support of their *Motion for Summary Judgment*, showing the Court as follows:

## INTRODUCTION

This adversary proceeding is an action by the chapter 7 trustee, Phillip Kelly (the "Trustee"), to avoid transfers of real property by the Debtors to the Defendants that the Trustee alleges were fraudulent. The Trustee's claims are based on Section 544(b)(1) of the Bankruptcy Code. In order to assert a claim under § 544(b)(1), the Trustee must identify a triggering creditor—an unsecured creditor whose claim existed at the time of the transfers the Trustee seeks to avoid. *See In re McElwee*, 161 B.R. 41, 43 (Bankr.S.D.Ill. 1993). If such a creditor exists, the Trustee can

1

step into that creditor's shoes to assert the state-law fraudulent-transfer claims that such creditor could have asserted absent the bankruptcy filing. *See In re CVAH, Inc.*, 570 B.R. 816 (Bankr.D.Idaho 2017). In this case, however, the Trustee has failed to identify an unsecured creditor whose claim existed at the time the challenged transfers took place. As such, the Trustee cannot meet his burden of proof, and his claims must be dismissed.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) (A), (H) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## STATEMENT OF UNDISPUTED FACTS

1.  The Trustee seeks to avoid three (3) separate real estate transactions that occurred[1] on: (1) January 7, 2022; (2) May 19, 2021; and (3) March 30, 2022 (collectively the "Transfer Dates"). (Filing No. 1, Plt's Complaint, ¶¶ 13, 20 and 25).

2.  The Trustee seeks to avoid these transfers under 11 U.S.C. §544(b), relying on the unsecured claims asserted by the "Internal Revenue Service, Capital One, NA, Discover Bank, Baylor Evnen Wolfe & Tannehill, LLP and Nebraska Department of Revenue" and "Ryan Stover." (Decl. of L. Goodman, Ex. A, Plt's Resp to Interrogatory No. 1, Filing No. 107-1).

3.  Of these creditors, all but Ryan Stover have filed proofs of claims in the Debtors' bankruptcy case. (Decl. of L. Goodman, Exs. B through F, Proofs of Claims, Filing No. 107-2 through 6).

---

[1] For purposes of this Motion, Defendants admit only that the transfers occurred on the dates alleged in Plaintiff's Complaint. Defendants, however, reserve all right to defend the merits of Plaintiff's claims in above-referenced lawsuit and contend that the transfers are not avoidable under applicable bankruptcy and state law.

4.      Ryan Stover has not filed a proof of claim in this case but is listed on the Debtors' schedules. (Filing No. 23).

5.      Mr. Stover testifies that his claim relates to work performed for the Debtors after the transfers in question took place. (Decl. of R. Stover, Filing No. 108)

6.      None of the unsecured claims referenced in Paragraph 2 above were owed by the Debtors on the Transfer Dates. (Decl. of L. Goodman, Exs. B through F, Proofs of Claims, Filing No. 107-2 through 6; Decl. of R. Stover, Filing No. 108).

7.      Rabo Agrifinance has filed a proof of claim in the Debtors' bankruptcy case, claiming to be fully secured. (Suppl. Decl. of L. Goodman, Exhibit A, Proof of Claim, Filing 113).

8.      The Trustee has no evidence as to what amount, if any, of those claims is allowable. (Decl. of L. Goodman, Ex. A, Plt's Resp to Interrogatory No. 2, Filing No. 107-1).

## STANDARD OF DECISION

"Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *In re Sears*, 863 F.3d 973 (8th Cir. 2017) (citing Fed. R. Bankr. P. 7056, Fed. R. Civ. P. 56). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078–79 (8th Cir. 2008); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'").

3

The Trustee bears the burden of proving, by a preponderance of the evidence, all of the required statutory elements. *See In re DBSI, Inc.*, 593 B.R. 795 (Bankr.D.Idaho 2018).

## ARGUMENT

The Defendants are entitled to summary judgment because the Trustee cannot prove an essential element of his case, namely, the existence of a triggering creditor. The Trustee bases his claims in this case on 11 U.S.C. § 544(b)(1), which provides in part:

> [T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544(b)(1).

As the quoted text indicates, § 544(b)(1) requires the presence of a triggering creditor, i.e., an unsecured creditor into whose shoes the trustee may step. *See In re CVAH, Inc.,* 570 B.R. 816 (Bankr.D.Idaho 2017). More specifically, under § 544(b)(1), the Trustee "must establish that at the time of the transfers there was in fact a creditor in existence holding a valid claim against the Debtor who could have avoided the transfer in question under applicable nonbankruptcy law." *In re Simco Mechanical, Inc.*, 151 B.R. 978 (Bankr.S.D.Fla. 1993) (trustee failed to introduce any evidence showing the existence of a creditor at the time of the transfer who could have avoided the transfer in question). "If there is no creditor against whom the transfer is voidable under the applicable law, the trustee is powerless to act." *United States v. Miller*, 145 S. Ct. 839, 847, 221 L. Ed. 2d 373 (2025); *see also In re Acequia, Inc.*, 34 F.3d 800, 807 (9th Cir. 1994) ("the existence of a section 544(b) cause of action depends upon whether … a creditor existing at the time the transfers were made … still had a viable claim against [the] debtor *at the time the bankruptcy*

*petition was filed*."(quotation omitted, emphasis original)); *In re DLC, Ltd.*, 295 B.R. 593, 605 (8th Cir. BAP 2003) (favorably citing *Karnes v. McDowell (In re McDowell)*, 87 B.R. 554, 558 (Bankr.S.D.Ill.1988) for the proposition that "the trustee's action against the defendant depends on whether there was a creditor existing at the time the transfers were made that still had a viable claim against the debtor at the time the bankruptcy petition was filed"); *In re Panama Williams, Inc.,* 211 B.R. 868 (Bankr.S.D.Tex. 1997) (trustee failed to establish that any unsecured creditors held an unsecured claim on the dates of the transfers in question); *In re All Terrain, LLC*, 625 B.R. 462 (Bankr.D.Idaho 2020) (to avoid transfers under § 544(b), the trustee must prove that an unsecured creditor existed at the time of the transfers who would have the right to seek such avoidance under the applicable state law).

In this case, the Trustee has identified the following creditors as being triggering creditors: Internal Revenue Service, Capital One, N.A., Discover Bank, Baylor Evnen Wolfe & Tannehill, LLP, Nebraska Department of Revenue, and Ryan Stover. (Statement of Undisputed Fact No. 2). Of these creditors, all but Ryan Stover filed proofs of claims in the Debtors' bankruptcy case, which indicate that their claims arose *after* the alleged transfers in this case. (Statement of Undisputed Fact Nos. 3, 6). Ryan Stover has not filed a proof of claim in this case but is listed on the Debtors' schedules. (Statement of Undisputed Fact No. 4). Mr. Stover testifies in his declaration that the work that forms the basis for his claim against the Debtors was all done after the transfers in question. (Statement of Undisputed Fact No. 5). Thus, there is no evidence that any of the unsecured creditors on which the Trustee relies to assert his claims in this case had an unsecured claim at the time of the transfers in question in this case. As such, they cannot serve as triggering creditors for the Trustee.

Furthermore, although the Trustee in his Complaint initially identified Rabo Agrifinance as a triggering creditor, Rabo, however, has filed a proof of claim in this case, asserting that it is fully secured. Statement of Undisputed Fact No. 7). As such, Rabo cannot be the triggering creditor.

Since the Trustee has identified no other possible triggering creditors, his claims must be dismissed. *See In re Hecht*, 51 B.R. 72, 76 (Bankr.D.Vt. 1985) ("The Trustee has failed to establish that there was at least one other creditor holding an unsecured claim against the debtor…on the date that the mortgaged property was transferred by it to [the defendant]…Accordingly, the Trustee is not empowered to avoid a transfer by way of [the debtor] to [the defendant]…."); *In re Moody*, 77 B.R. 566 (S.D. Tex. 1987) (trustee failed to demonstrate his entitlement to proceed under § 554(b) because he did not show that any unsecured creditor of the debtor would have a cause of action against the defendant); *In re Simco Mechanical, Inc.*, 151 B.R. 978 (Bankr.S.D.Fla. 1993) (trustee failed to introduce any evidence showing the existence of a creditor at the time of the transfer who could have avoided the transfer in question); *In re Panama Williams, Inc.,* 211 B.R. 868 (Bankr.S.D.Tex. 1997) (trustee failed to establish that any unsecured creditors held an unsecured claim on the dates of the transfers in question); *In re Parkinson Seed Farm, Inc.*, 640 B.R. 218, 250-51 (Bank.D.Idaho 2022) (denying plaintiff's 544(b) cause of action because plaintiff failed to prove that there is an unsecured creditor who existed at the time of the transfers in question who could avoid the transfer); *In re McElwee*, 161 B.R. 41 (Bankr.S.D.Ill. 1993) (summary judgment granted in favor of defendant where trustee failed to prove that an unsecured creditor existed at the time of the transfer who could have avoided the transfer); *In re All Terrain, LLC*, 625 B.R. 462 (Bankr.D.Idaho 2020) (avoidance claim denied where trustee provided no proof that an

unsecured creditor existed at the time of the transfers who would have the right to seek such avoidance under the applicable state law).

The Defendants anticipate that the Trustee will cite *In re DLC, Ltd.*, 295 B.R. 593 (8th Cir. BAP 2003) in support of an argument that the Trustee need only show the existence of an unsecured creditor on the petition date. In *DLC*, however, the 8th Circuit Bankruptcy Appellate Panel was addressing the question of whether satisfaction of a triggering creditor's claim during the bankruptcy case would preclude a trustee from bringing a case under § 544(b), and the court held that it would not. In other words, a triggering creditor need not have a claim on the trial date, just the bankruptcy petition date. Moreover, in its opinion, the court favorably cited *Karnes v. McDowell (In re McDowell)*, 87 B.R. 554, 558 (Bankr.S.D.Ill.1988) for the proposition that "the trustee's action against the defendant depends on whether there was a creditor existing at the time the transfers were made that still had a viable claim against the debtor at the time the bankruptcy petition was filed". '*DLC,* 295 B.R. at 605. Thus, the *DLC* case cannot be cited as setting a different standard than the one reflected in the cases cited above.

## CONCLUSION

WHEREFORE, the Defendants request that the Court grant summary judgment in their favor, because the Trustee cannot prove the existence of a triggering creditor, which is an essential element of his case.

DATED this 3rd day of July, 2025.

        DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, and DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE Defendants

        By:   /s/ *Lauren Goodman*
        Michael T. Eversden (#21941)
        Lauren R. Goodman (#24645)
        McGrath North Mullin & Kratz, PC LLO
        First National Tower, Suite 3700
        1601 Dodge Street
        Omaha, NE  68102
        (402)341-3070
        (402)341-0216 (fax)
        meversden@mcgrathnorth.com
        lgoodman@mcgrathnorth.com
        ATTORNEY FOR DEFENDANTS

8

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on the 3rd day of July, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

                                         */s/ Lauren Goodman*