IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: | Case No. BK 24-40267-BSK |
| | (Chapter 7) |
| ALDEN H. ZUHLKE and | |
| LISA A. ZUHLKE, | |
| Debtors. | |

PHILIP M. KELLY, CHAPTER 7 TRUSTEEE,

           Plaintiff,

   v.

ALDEN H. ZUHLKE, LISA A. ZUHLKE, DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE,

           Defendants.

FARM CREDIT SERVICES OF AMERICA, FLCA,

           Intervenor.

Ad. Proc. 24-4011-BSK

**BRIEF IN OPPOSITION TO MOTION
FOR A SUMMARY JUDGMENT**

This brief is submitted on behalf of the Chapter 7 Trustee and the Plaintiff herein, Philip M. Kelly (the "Trustee") in opposition to the Motion for a Summary Judgment filed by the Defendants (Doc. 106).

**I.
THE DISPUTED FACTS**

Pursuant to Neb. R. Bankr. P. 7056-1(B), the Trustee provides the following concise response to each numbered paragraph in the movant's statement of undisputed facts (hereinafter the "Statement"):

1.    The Trustee admits that the Trustee seeks to avoid three (3) separate real estate transactions that occurred1 on: (1) January 7, 2022; (2) May 19, 2021; and (3) March 30, 2022 (collectively the "Transfer Dates").

2.    The Trustee admits in part.  The Trustee also relies on the claim of Rabo Agrifinance, LLC ("Rabo").

3.      The Trustee admits in part.  Rabo has also filed a proof of claim.

4.      The Trustee admits that Ryan Stover has not filed a proof of claim in this case but is listed on the Debtors' schedules.

5.      The Trustee has insufficient information to form a belief regarding the allegations of paragraph 5 of the Statement and therefore denies the same.

6.      The Trustee denies.  The Trustee states that the Debtors were indebted to Rabo for more than $2.2 million in principal, plus accrued interest, costs and late charges, on each of the Transfer Dates.

7.      The Trustee admits that Rabo filed a proof of claim in the Debtors' bankruptcy case, claiming to be fully secured. For the reasons set forth below, the claim is not dispositive of the issue of whether Rabo was in fact fully secured on each of the Transfer Dates.

8.      The Trustee denies.  The Trustee states that the claims are "deemed allowed, unless a party in interest ... objects."  11 U.S.C. § 502(a).

## II.
## THE EVIDENCE

Rabo made a $4,000,000.00 operating loan to Alden and Lisa Zuhlke (the "Debtors") on August 13, 2015 (the "Loan") (Popwell Declaration, Doc. 120 at ¶3). The Loan was secured by farmland, livestock and machinery and equipment (Popwell Declaration, Doc. 120 at ¶4, 5, 6, Claim 2). The Loan matured on February 1, 2020, and was not paid. Thereafter Rabo began legal proceedings on the Loan (Popwell Declaration, Doc. 120 at ¶7).

On May 4, 2020, Rabo filed a Notice of Default and Right to Cure in Antelope County, and on October 16, 2020, Rabo filed a Notice of Default and Right to Cure in Knox County (Popwell Declaration, Doc. 120 at ¶ 8, 9). Rabo sold the real estate at the trustee's sales and liquidated the rest of the collateral that it could locate (Popwell Declaration, Doc. 120 at ¶8-15). By October 13, 2021, Rabo had completed the liquidation of its known collateral (Popwell Declaration, Doc. 120 at ¶14).

On September 25, 2020, Rabo filed a Complaint in the District Court of Antelope County, Nebraska, that initially named as defendants Alden and Lisa Zuhlke (the "Debtors") which sought, among other things, to recover possession of personal property collateral that the Debtors pledged to Rabo as security for its loan to the Debtors. The case was docketed as Case No. CI 20-062 (the "State Court Avoidance Action") (Garden

Declaration, Doc. 121 ¶4). On February 8, 2022, Rabo filed an amended Complaint in the State Court Avoidance Action that named Derek Zuhlke and Dillan Zuhlke as additional defendants and sought to set aside the transfers of the real property described in the First and Third Causes of Action of the Trustee's complaint in Ad. Proc. 24-4011-BSK (Garden Declaration, Doc. 121 ¶5).

On December 8, 2020, Rabo filed a Complaint in the District Court of Antelope County, Nebraska, that named the Debtors as defendants, and which sought a deficiency judgment following the trustee's sale of real property pledged to Rabo.  The case was docketed as Case No. CI 20-083 (the "Deficiency Action") (Garden Declaration, Doc. 121 ¶6). On October 6, 2022, the District Court of Antelope County, Nebraska entered an Order of Judgment in the Deficiency Action in favor of Rabo and against the Debtors in the amount of $3,267,588.59, plus Rabo's costs and with interest accruing at 4.567% per annum on the judgment (Garden Declaration, Doc. 121 ¶7).

The Internal Revenue Service, Capital One, N.A., Discover Bank, Baylor Evnen Wolfe & Tannehill, LLP, and Nebraska Department of Revenue have filed unsecured claims in the Debtors' bankruptcy case (Doc. 107, ¶3-8). The Debtors were also indebted to their attorney, Ryan Stover, at the time their case was filed (Doc. 108, ¶4).  While Rabo's secured status is not at issue in this case, at the times of the transfers that the Trustee seeks to avoid, Rabo was a creditor of the Debtors.

The State Court Avoidance Action remains pending (Garden Declaration, Doc. 121 ¶8). Rabo has relief from the automatic stay to pursue the State Court Avoidance Action (Doc. 57, 63, Case No. 24-40267-BSK) (Garden Declaration, Doc. 121 ¶9).  If this adversary proceeding is dismissed Rabo will pursue its rights and remedies in the State Court Avoidance Action (Garden Declaration, Doc. 121 ¶10).

**III.**
**ARGUMENT**

**A.    The Trustee may avoid the transactions under Section 544(b)(1).**

Section 544(b)(1) of the Bankruptcy Code provides "[T]he trustee may avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title." Section 544(b)(1) enables a trustee to invoke the rights of an unsecured creditor under applicable nonbankruptcy law.

The Trustee may avoid the voidable transactions in this case and recover the entirety of the property or value of the property for the benefit of the estate. *Stalnaker v. DLC, Ltd.*, 376 F.3d 819, 822 (8th Cir. 2004). *See also In re Marlar*, 267 F.3d 749, 753 (8th Cir. 2001) ("To exercise her § 544(b)(1) avoidance power, the trustee must show that the transfer is voidable under state law by at least one unsecured creditor of the bankruptcy estate with an allowable claim; *Matter of Skyline Manor, Inc.,* No. A15-8035, 2017 WL 673668 (Bankr. D. Neb. Feb. 16, 2017) (same). If an unsecured creditor exists, *as of the petition date*, that could have avoided the transfers at issue, then the Trustee can set aside all of the fraudulent transfers, for the benefit of all unsecured creditors, "even if the triggering creditor's claim is nominal." *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns Inc.,* 479 B.R. 405, 410 (N.D. Tex. 2012) (emphasis added).

**B.    The Trustee will prove that there are unsecured creditors with allowable claims under Section 502.**

The threshold issue under Section 544(b)(1) is whether there exists at least one unsecured creditor of the bankruptcy estate who has standing under applicable law to challenge the transfer. *In re Polaroid Corp.*, 543 B.R. 888, 898 (Bankr. D. Minn. 2016), aff'd sub nom. *Stoebner v. Opportunity Fin., LLC*, 562 B.R. 368 (D. Minn. 2016), aff'd, 909 F.3d 219 (8th Cir. 2018). The Trustee will prove that there are multiple unsecured creditors of the Debtors' estate that satisfy this requirement.

Rabo Agrifinance LLC ("Rabo") has been a creditor of the Debtors since August 13, 2015. The Internal Revenue Service, Capital One, N.A., Discover Bank, Baylor Evnen Wolfe & Tannehill, LLP, and Nebraska Department of Revenue have filed unsecured claims in the Debtors' bankruptcy case and the Debtors' schedules indicate that they were indebted to their attorney, Ryan Stover, at the time their case was filed. These claims are "deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). Because no one has objected to the claims and there is no basis at this point for the Court to disallow the claims under any of the grounds enumerated in § 502(b), the Trustee has demonstrated the existence of an allowed unsecured claim as of the petition date.

Rabo sought to avoid the transfers in the District Court of Antelope County, Nebraska under Neb. Rev. Stat. § 36-806, which allows a present creditor to avoid the transfers, and under Neb. Rev. Stat. § 36-805, allows a *present or future creditor* to avoid

the transfers. Each of the foregoing creditors could have avoided the transactions at issue in this case under Neb. Rev. Stat. § 36-805.

**C.    The Trustee is not required to prove that an unsecured creditor existed at the time of the avoidable transactions.**

The Defendants' motion for a summary judgment is based on the faulty premise that the Trustee must prove that an unsecured creditor existed at the time of the avoidable transactions (Defendant's Brief at 2).  This is not the law in the Eighth Circuit. Rather, the Trustee must prove that an unsecured creditor existed on the date the Debtors filed their bankruptcy case who could have avoided the transaction at issue. The Defendants admit this when they stated, "In other words, a triggering creditor need not have a claim on the trial date, just the bankruptcy petition date." (Defendants Brief at 7).

Defendants' reliance on *In re McElwee*, 161 B.R. 41 (Bankr. S.D. Ill. 1993) is misplaced, as the court held that because the trustee could not demonstrate that an unsecured creditor existed at the time of the transfer the trustee had no cause of action under Section 544(b)(1).  *McElwee's* reasoning is faulty, as the court failed to consider the reference to Section 502 in Section 544(b)(1). *McElwee* is not the law in the Eighth Circuit and *McElwee* is distinguishable for the reasons set forth below.

The plain language of Section 544(b)(1) states that the Trustee must prove the existence of "a creditor holding an unsecured claim that is allowable under section 502 of this title."  The reference to Section 502 "adds a timing reference, that is, the creditor must be holding the claim as of the date of the filing of the petition." *In re Goodspeed*, 535 B.R. 302, 306 (Bankr. D. Minn. 2015). *McElwee* failed to consider Section 544's reference to Section 502, which, as the *Goodspeed* court held, requires that the trustee prove that an unsecured creditor existed as of the petition date that could have avoided the transfer. In so holding, the *McElwee* court violated the cardinal rule of statutory construction that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). *McElwee's* interpretation of Section 544(b)(1) renders the phrase "a creditor holding an unsecured claim that is allowable under section 502 of this title" superfluous.

*McElwee* is not controlling in the Eighth Circuit because the status of a "predicate creditor" is not dependent upon whether a creditor held an unsecured claim at the time

of the avoidable transaction, but rather whether a creditor "held an unsecured claim cognizable in that debtor's bankruptcy case as of the relevant date—that is, as of the time of that debtor's bankruptcy filing." *In re Polaroid Corp.*, 543 B.R. 888, 898 (Bankr. D. Minn. 2016), aff'd sub nom. *Stoebner v. Opportunity Fin., LLC*, 562 B.R. 368 (D. Minn. 2016), aff'd, 909 F.3d 219 (8th Cir. 2018). *See also Stalnaker v. DLC, Ltd. (In re DLC, LTD.),* 295 B.R. 593, 601–02 (8th Cir. BAP 2003), *aff'd Stalnaker v. DLC, LTD.,* 376 F.3d 819, 823 (8th Cir.2004); In *Kelley as Tr. for PCI Liquidating Tr. v. Boosalis*, 974 F.3d 884, 888 (8th Cir. 2020); *In re Petters Co., Inc.,* 495 B.R. 887, 895 (Bankr. D. Minn. 2013).

*McElwee* is distinguishable because it did not address whether a *subsequent creditor* could avoid a transfer under applicable law, which in this case is the Nebraska Uniform Voidable Transactions Act. *Myers v. Blumenthal*, 534 B.R. 6 (D. Neb. 2015). Instead, *McElwee* was decided on the existence of a single creditor holding a judgment who was not an unsecured creditor. *McElwee* did not consider whether there were other creditors who, under the plain text of Section 544(b)(1), could have avoided the transfer "under applicable law by a creditor holding an unsecured claim . . ." As discussed below, the Nebraska Uniform Voidable Transactions Act allows the Trustee to assert the rights of creditors who come into existence after the date of the transaction to avoid the fraudulent transfers.

**D.  Applicable law permits unsecured creditors to avoid the transfers in this case.**

Defendants also rely on *In re CVAH, Inc.*, 570 B.R. 816 (Bankr. D. Idaho 2017) which supports the Trustee's position that the transfers at issue are avoidable under the Nebraska Avoidable Transactions Act, which allows a creditor to avoid a fraudulent transfer "whether its claim arose before or after the transfer was made." Neb. Rev. Stat. § 36-805 (a)(1). In *CVAH, Inc.*, the court held, under the Idaho version of Section 36-805(a)(1), "[a] creditor may also avoid a transfer 'whether its claim arose before or after the transfers was made' if the transfer was made '[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor.'" Id. at 843. The Trustee will prove that there are unsecured creditors whose claims arose after the transfers at issue.

**E.  Rabo's Proof of Claim is not dispositive of its secured status.**

The Trustee anticipates that the Defendants will argue that Rabo was fully secured at the time of the transfers, based on its amended proof of claim filed three years later and after which Rabo had discovered that Alden Zuhlke owned a one-third

interest in Z Brothers, LLC and that Lisa Zuhlke owned an 11.74% interest in Sunshine Ranch Co., Inc. While the Trustee has settled his claims against Z Brothers, LLC, neither the Trustee nor Rabo have liquidated Lisa Zuhlke's interest in Sunshine Ranch Co., Inc. and the value of that interest is presently unknown.

Rule 3001(f) provides that a proof of claim executed and filed in accordance with the rules shall constitute prima facie evidence of the validity and amount of the claim. The extent to which a claim is secured or unsecured is determined in accordance with Section 506(a)(1) of the Bankruptcy Code which provides that a claim is "a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property … and is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim." The provision goes on to mandate that "[s]uch value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property."

Courts disagree as to whether the evidentiary presumption created by Rule 3001(f) controls the secured amount of a creditor's claim under section 506(a). For example, in *In re Heritage Highgate, Inc.*, 679 F.3d 132 (3rd Cir. 2012), the Court concluded that the presumption of validity given to a proof of claim applies to the value of the secured creditor's collateral set forth in the proof of claim. Other courts have concluded otherwise, holding that because the claims allowance process under section 502(a) and Rule 3001(f) is distinct from the claims bifurcation and valuation process under section 506(a) and Rule 3012, the presumption created by Bankruptcy Rule 3001(f) is not implicated in determining whether a claim is secured or unsecured under section 506(a). *See, e.g., In re Morales*, 520 B.R. 544, 550 (Bankr. W.D. Tex. 2014); *In re Ball*, 2004 WL 909441, at *3 (Bankr. W.D. Va. Mar. 10, 2004); *In re Duggins*, 263 B.R. 233, 238 (Bankr. C.D. Ill. 2001); *In re Hudson*, 260 B.R. 421, 436 (Bankr. W.D. Mich. 2001); *see also In re Alewelt*, 520 B.R. 704 (Bankr. C.D. Ill. 2014) (the evidentiary presumption of claim validity that arises upon the proper filing of a proof of claim does not extend to the priority status of the claim).

*In re Bassett*, 2019 WL 993302 (Bankr. E.D. Cal. Feb. 26, 2019) the court held that the presumption under Rule 3001(f) does not extend to the value of the collateral for the purpose of determining the secured amount of the claim. According to the *Bassett* court, the courts that have ruled to the contrary "appear to conflate, and therefore do not recognize, the distinction between the claims *allowance* process under § 502(a) and

Bankruptcy Rule 3001(f) and the claims *bifurcation and valuation* process under § 506(a) and Bankruptcy Rule 3012" which, "are separate and distinct." It explained that the former establishes the existence of a debt and an entitlement to payment, whereas the latter determines how the debt is to be paid and treated under the Bankruptcy Code. Thus, even if the Court were to adopt the Defendants' strained reading of Section 544(b)(1), the Trustee will prove that Rabo qualifies as a "predicate creditor" on the dates of each of the fraudulent transactions at issue in this case.

### F. Granting the Defendants' Motion will not benefit the estate.

If the Trustee's claims are dismissed, Rabo, which has relief from the automatic stay, will pursue for its own benefit the State Court Avoidance Action that is pending in the District Court of Antelope County. The Defendants can either litigate the Trustee's claims, which will benefit the bankruptcy estate or Rabo's claims where only Rabo will realize the rewards of its pursuit of the avoidable transactions at issue.

**IV.**
**CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court overrule the Defendants Motion for Summary Judgment and grant the Trustee's Motion for a partial Summary Judgment.

PHILIP M. KELLY, CHAPTER 7 TRUSTEE, Plaintiff

By:  /s/ Richard P. Garden, Jr.
Richard P. Garden, Jr. - #17685
John F. Zimmer, V - #26127
CLINE WILLIAMS
WRIGHT JOHNSON & OLDFATHER, L.L.P.
233 South 13th Street
1900 U.S. Bank Building
Lincoln, NE 68508-2095
(402) 474-6900
rgarden@clinewilliams.com
jzimmer@clinewilliams.com

CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of said filing to all CM/ECF participants.

/s/ Richard P. Garden, Jr.
Richard P. Garden, Jr.

4927-3540-1811, v. 1