IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. BK 24-40267 |
| ALDEN H. ZUHLKE, LISA A. ZUHLKE, | Chapter 7 |
| Debtors. | |
| PHILIP M. KELLY, CHAPTER 7 TRUSTEE, | Adv. Proc. 24-4011 |
| Plaintiff, | |
| vs. | |
| ALDEN H. ZUHLKE, LISA A. ZUHLKE, DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, et al, | |
| Defendant, | |
| PHILIP M. KELLY, CHAPTER 7 TRUSTEE, | Adv. Proc. 25-4007 |
| Plaintiff, | |
| vs. | |
| DARIN A. ZUHLKE, RACHEL K. ZUHLKE, et al, | |
| Defendant, | |

APPLICATION FOR APPROVAL OF SETTLEMENT AGREEMENT
WITH DILLAN A. ZUHLKE AND MICHELLE L. ZUHLKE;
NOTICE OF OBJECTION/RESISTANCE DEADLINE;
AND CERTIFICATE OF SERVICE

COMES NOW Philip M. Kelly, Chapter 7 Trustee, and for his Application for Approval of Settlement Agreement alleges as follows:

1

1. The Debtors, Alden and Lisa Zuhlke, filed a petition for relief under Chapter 12 of the Bankruptcy Code on March 27, 2024. The bankruptcy case was converted to a Chapter 7 case on June 25, 2024.

2. Prior to the petition date, Rabo Agrifinance LLC filed a Complaint in the District Court of Antelope County, Nebraska, Case No. CI 20-62, alleging an avoidable transaction claim for certain real estate in Antelope County, Nebraska. The legal description of the real estate is in the attached Settlement Agreement.

3. Rabo Agrifinance LLC filed a Complaint in the District Court of Antelope County, Nebraska, Case No. CI 23-48, alleging various collection claims against Dillan and Michelle Zuhlke.

4. The Trustee filed an adversary proceeding in the bankruptcy case, Adv. Proc. No. 24-4011, seeking to avoid the transfer of farmland by the Debtors to Dillan and Michelle Zuhlke.

5. The Trustee filed an adversary proceeding in the bankruptcy case, Adv. Proc. No. 25-04007 seeking turnover of rental payments and other vehicles and equipment referred to in the Settlement Agreement.

6. The parties, after significant litigation, have reached an agreement to resolve the Trustee's and Rabo Agrifinance, LLC's claims against Dillan and Michelle Zuhlke, whereby Dillan and Michelle Zuhlke will pay to the bankruptcy estate the sum of $300,000.00 in cash or certified funds in full settlement and satisfaction of the Trustee's and Rabo Agrifinance, LLC's claims against Dillan and Michelle Zuhlke.

7. The Settlement Agreement is attached hereto and contains specific provisions concerning the mutual release of claims by the parties, dismissal of all pending causes of action upon completion of the terms of the Settlement Agreement, final payment of the settlement amount by November 15, 2025, and certain remedies and enforcement of rights if Dillan and Michelle Zuhlke fail to make the payment in a timely manner.

8. The Trustee, on the advice of counsel, believes that the Settlement Agreement is in the best interest of all parties. It avoids continuation of expensive and time-consuming litigation. It is a fair resolution of the claims made against Dillan and Michelle Zuhlke.

9. The Trustee, with the advice of a Certified Public Accountant, has determined there is no adverse tax consequences to the settlement and alleges that the settlement is in the best interest of the bankruptcy estate.

WHEREFORE, the Trustee prays for the court approving the Settlement Agreement with Dillan and Michelle Zuhlke as set forth herein.

Nebraska Rule of Bankruptcy Procedure 9013 provides that all resistances to the Application for Approval of Settlement Agreement shall set forth the specific factual and legal basis and conclude with a particular request for relief and shall be served in conformance with Nebraska Rule of Bankruptcy Procedure 9014.

**IF NO WRITTEN RESISTANCE OR REQUEST FOR HEARING IS FILED WITH THE BANKRUPTCY COURT CLERK, ROMAN L. HRUSKA, UNITED STATES COURTHOUSE, 111 SOUTH 18TH PLAZA, SUITE 1125, OMAHA, NEBRASKA, 68102 AND SERVED UPON PHILIP KELLY, TRUSTEE, ON OR BEFORE      August    19, 2025   , THE BANKRUPTCY COURT WILL CONSIDER ENTERING AN ORDER GRANTING THE RELIEF SOUGHT IN THE APPLICATION FOR APPROVAL OF SETTLEMENT AGREEMENT.** If a timely resistance or request for hearing is filed and served, the Bankruptcy Court will schedule a hearing with notice of the hearing being limited to parties who timely file a written resistance or request for hearing and the Trustee.

**PLEASE GOVERN YOURSELVES ACCORDINGLY.**

DATED:    07/29/2025

PHILIP M. KELLY, Trustee

By _/s/  Philip M. Kelly_
Philip M. Kelly, NSBA #15427
DOUGLAS, KELLY, OSTDIEK, SNYDER, OSSIAN and VOGL, P.C.
105 E. 16th Street, P.O. Box 419
Scottsbluff, NE  69363-0419
Telephone: (308) 632-7191
Email: pkelly@scottsblufflaw.com

3

## CERTIFICATE OF SERVICE

  A copy of the foregoing Application for Approval of Settlement Agreement was sent on the 29th day of July, 2025, by regular United States Mail, sufficient postage attached, to all parties on the attached mailing matrix, except for those receiving notification electronically via the CM/ECF system as indicated by a (+) beside their name on the attached matrix, and by regular United States Mail, sufficient postage attached, to the following persons/entities:

Christian Zuhlke, 1806 Loreto Drive, Unit B, Austin, TX 78721-1022
Darin A. Zuhlke, 320 North Sunset Street, Pierce, NE 68767-1815
David Zuhlke, 203 Wyoming St, Crofton, NE 68730-3200
Dean L. Zuhlke, 5825 Girard St., Omaha NE 68152-2339
Derek A. Zuhlke, 85967 530 Ave, Plainview, NE 68769-2010
Diamond Z Farms, LLC, Attn: Alden Zuhlke, Registered Agent, 52771 860th Road, Brunswick, NE 68720-3043
Dillan A. Zuhlke, 909 Emerson St., Creighton, NE 68729-4024
Joysprings Properties, LLC, Attn: Christian Zuhlke, Registered Agent, 86033 527 Ave, Brunswick, NE 68720
Joysprings Properties, LLC, Attn: Christian Zuhlke, Registered Agent, 1806 Loreto Drive, Unit B, Austin, TX 78721-1022
Rachel K. Zuhlke, 320 North Sunset Street, Pierce, NE 68767-1815
Z Brothers, LLC, Attn: Dean Zuhlke, Registered Agent, 5825 Girard St, Omaha, NE 68152-2339
Zuhlke Properties, LLC, Attn: Darin Zuhlke, Registered Agent, PO Box 1804, Norfolk, NE 68702-1804
Doug Hall, 85882 526 Ave., Neligh NE 68756

             _/s/ Philip M. Kelly_
             Philip M. Kelly

## **SETTLEMENT AGREEMENT**

This Settlement Agreement (this "Agreement") is made and entered into as of July 22, 2025, effective upon approval by the United States Bankruptcy Court for the District of Nebraska (the "Bankruptcy Court") by and among Philip M. Kelly, Chapter 7 Trustee for himself and on behalf of the Chapter 7 Bankruptcy Estate of Alden Zuhlke and Lisa Zuhlke ("Trustee"), Rabo Agrifinance LLC ("Rabo"), Dillan A. Zuhlke and Michelle L. Zuhlke (collectively "Dillan and Michelle"). The Trustee, Rabo, Dillan and Michelle are collectively referred to as the "Parties."

## **RECITALS**

**WHEREAS**, On March 27, 2024 ("Petition Date"), Alden and Lisa Zuhlke (collectively "Alden and Lisa" or the "Debtors") filed a petition for relief under Chapter 12 of the Bankruptcy Code and are the debtors in Case No. BK 24-40267-BSK (the "Bankruptcy Case"). On June 25, 2024, the Bankruptcy Case was converted to a Chapter 7 case and the Trustee was appointed as the Chapter 7 Trustee of the Debtors' estate (the "Estate"); and

**WHEREAS**, prior to the Petition Date, Rabo filed a Complaint in the District Court of Antelope County, Nebraska, Case No. CI 20-62, alleging an avoidable transaction ("State Avoidance Claim") claim for property transferred by the Debtors to Dillan and Michelle described as follows: the SW¼ and the N½SE¼ of Section 24, Township 27 North, Range 6 West of the 6th P.M., Antelope County, Nebraska (the "Farmland"); and

**WHEREAS**, also prior to the Petition Date, Rabo filed the following claims in the District Court of Antelope County, Nebraska Case No. 23-48, alleging various collection claims against Dillan and Michelle, among other parties (collectively, these lawsuits along with the State Avoidance Claim and any claims that Rabo filed against Dillan and Michelle are referred to as the "State Court Litigation"); and

**WHEREAS**, the Trustee filed an adversary proceeding in the Bankruptcy Case, Adv. Proc. No. 24-4011-BSK, seeking to avoid the transfer of the Farmland by the Debtors to Dillan and Michelle and Dillan and Michelle deny that such transfers are avoidable; and

**WHEREAS**, the Trustee filed an adversary proceeding in the Bankruptcy Case, Adv. Proc. No. 25-04007-BSK (Adv. Proc. No. 24-4011-BSK and Adv. Proc. No. 25-04007-BSK are hereinafter collectively referred to as the "Adversary Proceedings") seeking, among other things, a turnover of the rental payments the Trustee alleges Dillan owed to the Debtors in 2022, 2023 and 2024 (the "Rents") and a JD Power Unit and JCB 260 skid loader (collectively the "Turnover Property"), Dillan and Michelle deny that the Rents are owed to the Trustee, and also that the Turnover Property should be turned over to the Trustee; and

**WHEREAS**, without any admission of liability or wrongdoing and to avoid the expense and burden of further litigation, the Parties have reached an agreement to settle all claims relating or pertaining to the Trustee's and Rabo's claims against Dillan and Michelle as set forth herein.

1

NOW, THEREFORE, in consideration of the mutual promises set forth in this Agreement and other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties agree as follows:

1. **Recitals.** The above recitals are incorporated into this Agreement by reference as if fully set forth herein.

2. **No Admission of Liability.** This Agreement is executed by the Parties for the sole purpose of compromising and settling the matters involved in Adversary Proceedings and State Court Litigation, and it is expressly understood and agreed that this Agreement shall not constitute or be construed to be an admission of liability on the part of any party or as evidencing or indicating any degree of admission of the truth or correctness as to any claims asserted by the Trustee and Rabo.

3. **Stay of Certain Proceedings in the Adversary Proceedings.** Upon the approval of this Agreement by counsel to the parties hereto, such counsel shall jointly request that the Bankruptcy Court stay all further proceedings and all deadlines, including the deadline for the Trustee to respond to Dillan and Michelle's Motion for Summary Judgment in Adv. Proc. No. 24-4011-BSK, and the Trustee's Amended Motion to Consolidate Trial, and that the Trustee's claims against Dillan and Michelle in the Adversary Proceedings shall be stayed. For absence of doubt, only the Trustee's claims against Dillan and Michelle shall be stayed and the Trustee shall continue to pursue all other claims that he may have against any party or defendant other than Dillan and Michelle.

4. **Approval by the Bankruptcy Court.** The Trustee shall file a motion in the Bankruptcy Case and in the Adversary Proceedings seeking approval of this Settlement Agreement, a copy of which shall be shared and approved by Dillan and Michelle's attorney of record prior to filing. No party to this Agreement shall oppose such motions.

5. **Settlement Amount.** By November 15, 2025, Dillan and Michelle shall pay to the Trustee the total sum Three Hundred Thousand Dollars ($300,000.00) (the "Settlement Amount") in cash, by wire transfer or in certified funds, in full settlement and satisfaction of the Trustee's and Rabo's claims against Dillan and Michelle.

6. **Proof of Claim.** Upon payment of the Settlement Amount to the Trustee, Dillan and Michelle shall be permitted to file a proof of claim in Case No. BK 24-40267-BSK (the "Bankruptcy Case") that shall not exceed the Settlement Amount and which shall at all times be subordinate to all other claims against or filed in the Debtors' bankruptcy estate, including the claims of the Trustee and his attorneys, accountants, and any other professional retained by the Trustee, and the claims filed by the Internal Revenue Service, Capital One, N.A., Discover Bank, Baylor Evnen Wolfe & Tannehill, LLP, the Nebraska Department of Revenue and Rabo (collectively the "Senior Claims"). For absence of doubt, the Senior Claims must be paid, in full, before the Trustee will make a distribution, if any, to Dillan and Michelle. The Trustee agrees that he will not object to Dillan and Michelle's subordinated claim and that it is allowable.

7. **Disclaimer by Trustee and Rabo.** Upon the payment by Dillan and Michelle of the Settlement Amount, the Trustee and Rabo shall disclaim any interest in the Rents as well as any property that the Trustee may subsequently sell to Dillan and

2

Michelle under one or more purchase agreement(s) that are approved by the Bankruptcy Court. Except for the Rents, nothing herein shall be construed to be the sale or waiver by the Trustee or Rabo of any claim to the machinery, equipment and vehicles that are identified in Adv. Proc. No. 25-04007-BSK.

8. **Disclaimer by Dillan and Michelle and Covenant Not to Sue**. Other than with respect to the Turnover Property, Dillan and Michelle hereby disclaim any right, title or interest to any of the personal property owned by Debtors or any entity in which Debtors held an interest on the day of the Petition Date. Dillan and Michelle are in possession of several feeders, bins and tanks, photos of which are attached hereto on **Exhibit A** and all of which are located on the Farmland ("Additional Personal Property"). Dillan and Michelle have provided sufficient proof to the Trustee and Rabo that Dillan and Michelle are the owners of the JD Power Unit and JCB 260 skid loader, and the Trustee and Rabo therefore disclaim any interest in them. The Trustee and Rabo agree that they will not continue with any pending lawsuit, commence any lawsuit and/or otherwise take any legal action against Dillan and Michelle, whatsoever, related to any personal property owned by Debtors.

9. **Disclaimer of the Additional Personal Property.** In addition to the Settlement Amount, by November 15, 2025, Dillan and Michelle shall pay the Trustee an additional Two Hundred Fifty Dollars ($250.00) for a disclaimer by the Trustee and Rabo of any claim to the Additional Personal Property.

10. **Mutual Release.** Upon payment in full of the Settlement Amount and the $250.00 for the Additional Personal Property (collectively the "Defendants' Deliverables"), Dillan and Michelle, on their behalf and on behalf of their agents, companies, representatives, insurers, attorneys, successors, heirs, assigns and assignees, and all persons acting by, through under or in concert with any of them release and forever discharge the Trustee and Rabo, and their past, present, and future agents, directors, officers, employees, representatives and attorneys and all persons acting by, through under or in concert with any of them of and from and any and all claims, demands, and causes of action, now existing or arising hereafter, in law or equity, which Dillan or Michelle ever had, now have, or may have in the future, whether known or unknown, liquidated or contingent, accrued or unaccrued, arising at any point up to and including the date of this Agreement against the Trustee or Rabo.

Upon payment in full to the Trustee of the Defendants' Deliverables, the Trustee, personally and on behalf of the Estate, and Rabo release and forever discharge Dillan and Michelle including their agents, companies, representatives, insurers, attorneys, successors, heirs, assigns and assignees, and all persons acting by, through under or in concert with any of them (collectively the "Released Parties"), of and from any and all claims, demands, and causes of action, now existing or arising hereafter, in law or equity, which the Trustee or Rabo ever had, now have, or may have in the future, whether known or unknown, liquidated or contingent, accrued or unaccrued, arising at any point up to and including the date of this Agreement against the Released Parties.

11. **No Third Party Released**. Nothing in this Settlement Agreement shall operate to release any claims or causes of action that Rabo or the Trustee may have against any person other than Dillan and Michelle, including, but not limited to, the Debtors, Derek Zuhlke, Kimberly Zuhlke, Darin A. Zuhlke, Rachel K. Zuhlke, Zuhlke

3

Properties, LLC, Joysprings Properties, LLC, Christian Zuhlke, Diamond Z Farms, LLC, Z Brothers, LLC, Dean Zuhlke, David Zuhlke, Bloomfield, LLC, Hartington, LLC, Swine 84, a general partnership, Sunshine Ranch Co., Inc., or Douglas Hall.

12. **Dismissal of Pending Causes of Action**. Upon approval of the Settlement Agreement and receipt by the Trustee of the Defendants' Deliverables, the Trustee shall dismiss, with prejudice, all of his claims and causes of action against Dillan and Michelle in the Adversary Proceedings with such motions to dismiss reserving all claims and causes of action against anyone other than Dillan and Michelle and Rabo shall dismiss, with prejudice, all of its claims and causes of action against Dillan and Michelle, including the State Court Litigation, with such motion to dismiss specifically reserving all claims against anyone other than Dillan and Michelle.

13. **Other Settlements**. Nothing in the Settlement Agreement shall preclude the Trustee or Rabo from negotiating and consummating such other settlements with or instituting such other litigation against anyone other than Dillan and Michelle.

14. **No Other Transfers**. Dillan and Michelle shall not accept a transfer, conveyance or assignment of any property from the Debtors until the earlier of the date that all Senior Claims have been paid, in full, or the date on which a Final Decree is entered by the Court in Debtors' Bankruptcy Case.

15. **Authority**. The Parties represent and warrant that they have the authority to enter into this Agreement and that no causes of action, claims, or demands released pursuant to this Agreement have been assigned, conveyed or otherwise transferred, in whole or in part to any person or entity not a party to this Agreement.

16. **Failure to Pay Settlement Amount**. In the event Dillan and Michelle fail to pay the Defendants' Deliverables by November 15, 2025, Dillan and Michelle confess a money judgment in favor of the Trustee in the amount of $300,250.00 together with the Trustee's reasonable attorney's fees incurred from and after the date of judgment, with interest thereon from and after the date of the judgment at the post judgment interest rate set forth at 28 U.S.C. § 1961, and an avoidance of the transfer of the Farmland, which judgment shall be entered in the Adv. Proc. No. 24-4011-BSK. For absence of doubt, upon a default in the payment of the Defendants' Deliverables, the Trustee shall not recover more than $300,250.00 plus his attorney's fees and interest as set forth herein. The Trustee and Rabo hereby acknowledge and agree that should an execution sale of the Farmland occur under this paragraph 16, any net proceeds shall be paid first to Farm Credit and to the Farm Service Agency to the extent of their prior valid liens on the Farmland, then to the Estate up to the total amount of $300,250.00 plus the Trustee's attorney's fees and interest as set forth herein, with the balance of the net proceeds, if any, transferred to Dillan and Michelle. Upon receipt of the Defendants' Deliverables, the Trustee and Rabo acknowledge and agree that the claims asserted against Dillan and Michelle are fully satisfied.

17. **Remedies and Enforcement Rights**. If a Party engages in any activity that constitutes or would constitute a breach of this Agreement, the other Party shall have the right to have the provisions of this Agreement specifically enforced to the extent permitted by law by the Bankruptcy Court or the District Court of Antelope County, Nebraska.

4

18. **Entire Agreement**. This Agreement constitutes the entire agreement among the Parties. The Parties agree that neither party has made any oral representations concerning the subject matter of this Agreement which are not incorporated in and fully set forth in this Agreement. The Parties further declare and represent that this Agreement constitutes a single integrated written agreement expressing the entire agreement and understanding among the Parties concerning the subject matter hereof and replaces all prior negotiations and/or proposed agreements, whether written or oral. This Agreement is intended to be, and is, final and binding on the Parties according to the terms stated herein regardless of any claims of mistake of fact or law.

19. **Modification, Waiver or Amendment**. No supplement, modification, or amendment to this Agreement shall be binding unless in a writing executed by all the Parties. No waiver of any of the provisions of this Agreement shall be, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the Party making the waiver.

20. **Agreement Binding**. This Agreement is binding upon, and shall also inure to the benefit of, the Parties, the Debtors and the Estate. The Parties represent that they are legally authorized and competent to read, understand, enter and execute this Agreement and to accept full responsibility and assume the risk of any mistake of fact as to any damages, losses, or injuries, whether disclosed or undisclosed.

21. **Representation and Construction**. The Parties acknowledge and represent that they have had a full opportunity to read and consider this Agreement, to confer with their own legal counsel, and to ask any questions that they may have about this Agreement or the settlement of claims or potential claims among them. This Agreement is the result of negotiations among the Parties hereto, each of which was represented by counsel of his, her or its choice. There shall be no presumption that this Agreement may be construed against any Party based on the authorship of this Agreement.

22. **No Representations; Voluntary and Knowing Action**. Each of the Parties does hereby rely wholly on their own judgment, belief, and knowledge in entering into this Agreement and each of the Parties enters into this Agreement without reliance on any statement or representation by another not expressed herein. The Parties acknowledge and agree that they have read and understand the terms of this Agreement and that they are voluntarily entering into this Agreement with full knowledge of its implications. The Parties shall be bound by this Agreement.

23. **Severability and Reformation**. In the event any portion of this Agreement is found by a court of competent jurisdiction to be invalid, void, or unenforceable under any applicable statute or other controlling law, the remainder of the Agreement shall continue in full force and effect, and said invalid part, term or provision shall be deemed not to be part of this Agreement.

24. **Governing Law and Mandatory Forum Selection Clause**. This Agreement shall be governed by and construed in accordance with the laws of the State

5

of Nebraska, without giving effect to conflict of laws principles. Each Party agrees that any action for breach of this Agreement or to enforce the terms of this Agreement shall only be brought in the Bankruptcy Court.

25. **Counterparts.** This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

26. **Costs and Fees**. Dillan and Michelle acknowledge that they are responsible for their own attorneys' fees and costs. The Trustee and Rabo acknowledge that their attorney's fees may be paid by the Debtors' bankruptcy estate, but only after the entry of an order by the Bankruptcy Court allowing and approving such fees.

27. **Email, Facsimile or Scanned Signatures**. The Parties contemplate that they may execute this Agreement by email, facsimile, or exchange of scanned documents, and that the Parties may rely on faxed or scanned signatures of the Parties to this Agreement. Accordingly, the Parties agree that an emailed, faxed, or scanned signature on this Agreement shall be equally valid and binding as a "wet ink" signature, and the transmission of an emailed, faxed, or scanned signature will have the same legal effect as physical delivery of a "wet ink" signature.

28. **Effective Date**. This Agreement shall be effective as of the date it is approved by the Bankruptcy Court.

**THIS IS AN IMPORTANT LEGAL DOCUMENT. THIS SETTLEMENT AGREEMENT AND RELEASE INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. BY SIGNING IT, YOU GIVE UP THE RIGHT TO SUE ON THOSE MATTERS HEREIN DEFINED. YOU SHOULD THOROUGHLY REVIEW AND UNDERSTAND THE EFFECT OF THIS AGREEMENT BEFORE ACTING ON IT. IF YOU DO NOT UNDERSTAND IT, DO NOT SIGN IT.**

_____     _7-22-25_____
Philip M. Kelly, Chapter 7 Trustee            Date

STATE OF _Nebraska_____ )
                        ) ss.
COUNTY OF _Scotts Bluff_ )

The foregoing was acknowledged before me this 22nd day of July 2025, by Philip M. Kelly, Chapter 7 Trustee.

GENERAL NOTARY - State of Nebraska
CHRISTI A. WEIS
My Comm. Exp. October 2, 2026

_____
Notary Public

RABO AGRIFINANCE, LLC

By: _____     Date: July 29, 2025
Title: Vice President

STATE OF __Georgia__    )
                         ) ss.
COUNTY OF __Thomas__    )

The foregoing was acknowledged before me this 29th day of July 2025, by __R. Ryan Popwell__, who is the __Vice President__ of Rabo Agrifinance, LLC.

_____
Notary Public

[Notary Seal: KASEY R LOMBARDI, NOTARY PUBLIC, GEORGIA, THOMAS COUNTY, EXPIRES OCTOBER 11, 2026]

8

RABO AGRIFINANCE, LLC

By: _Brad Bakke_ /s/ _____  7/29/25
Title: _VP, Associate General Counsel_   Date

STATE OF _Missouri_ )
                    ) ss.
COUNTY OF _St. Louis_ )

The foregoing was acknowledged before me this 29th day of July, 2025, by _Brad Bakke_, who is the _VP, Associate General Counsel_ of Rabo Agrifinance, LLC.

_Jamie T Hoskins_
Notary Public

[Notary Seal: JAMIE T. HOSKINS, My Commission Expires 02-24-2026, NOTARY SEAL St. Louis County, Commission # 22924125, NOTARY PUBLIC - STATE OF MISSOURI]

9

_____      7/24/25 _____
Dillan A. Zuhlke                                                 Date

STATE OF NEBRASKA       )
                                       ) ss.
COUNTY OF Antelope  )

     The foregoing was acknowledged before me this 24 day of July 2025, by Dillan A. Zuhlke.

State of Nebraska – General Notary
KATHY R WAGNER
My Commission Expires
May 15, 2029

_____
Notary Public

_____      07/24/2025 _____
Michelle L. Zuhlke                                             Date

STATE OF NEBRASKA       )
                                       ) ss.
COUNTY OF Antelope  )

     The foregoing was acknowledged before me this 24 day of July 2025, by Michelle L. Zuhlke.

State of Nebraska – General Notary
KATHY R WAGNER
My Commission Expires
May 15, 2029

_____
Notary Public

4899-6899-1575, v. 1

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0867-4<br>Case 24-40267-BSK<br>District of Nebraska<br>Lincoln Office<br>Tue Jul 29 15:14:26 CDT 2025 | Farm Credit Services of America FLCA<br>c/o Brian S. Koerwitz<br>5825 S. 14th Street, Ste. 200<br>Lincoln, NE 68512-1233 | Marty Gratopp<br>Real Estate Solutions Team<br>401 W. Norfolk Avenue<br>Norfolk, NE 68701-5234 |
| Trudy J. Meyer<br>BMG Certified Public Accountants, LLP<br>3533 S. 85th St.<br>Lincoln, NE 68520-1501 | Bruce E. Schreiner<br>Schroeder & Schreiner<br>2535 N. Carleton Ave.<br>Suite B<br>Grand Island, NE 68803-1252 | Michelle A Siefert<br>Nebraska Farm Business, Inc.<br>3815 Touzaline Ave, STE 105<br>Lincoln, NE 68507-1600 |
| Alden H. Zuhlke<br>86033 527 Ave<br>Brunswick, NE 68720-3044 | Dean L Zuhlke<br>5825 Girard St<br>Omaha, NE 68152-2339 | Lisa A. Zuhlke<br>86033 527 Ave<br>Brunswick, NE 68720-3044 |
| Antelope County Attorney<br>501 M St.<br>Neligh, NE 68756-1473 | Antelope County Treasurer<br>501 Main St #8<br>Neligh, NE 68756-1466 | Bank of America<br>100 North Tryon Street<br>Charlotte, NC 28255-0001 |
| Baylor Evnen Wolfe & Tannehill, LLP<br>1248 O Street, Ste. 900<br>Lincoln, NE 68508-1408 | Baylor Evnen Wolfe & Tannehill, LLP<br>c/o John Hahn<br>1248 O St., Ste. 900<br>Lincoln, NE 68508-1408 | Cabela's Capital One<br>PO Box 60519<br>City Of Industry, CA 91716-0519 |
| Capital One N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Chex Systems, Inc.<br>7805 Hudson Rd.<br>STE 100<br>Saint Paul, MN 55125-1595 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 |
| (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | Internal Revenue Service<br>PO Box 7346<br>Centralized Insolvency Operations<br>Pennsylvania, PA 19101-7346 | (p)NEBRASKA DEPARTMENT OF REVENUE<br>ATTENTION BANKRUPTCY UNIT<br>PO BOX 94818<br>LINCOLN NE 68509-4818 |
| Rabo Agrifinance<br>10110 Nicholas St #201<br>Omaha, NE 68114-2185 | Rabo Agrifinance LLC<br>c/o Richard P. Garden, Jr.<br>233 S. 13 St., Suite 1900<br>Lincoln, NE 68508-2000 | Stratton, DeLay, Doele, Carlson, Buettner &<br>200 W Benjamin Ave<br>Norfolk, NE 68701-7433 |
| Philip M. Kelly +<br>Chapter 7 Trustee<br>PO Box 419<br>105 E. 16th Street<br>Scottsbluff, NE 69361-3140 | Philip Kelly +<br>Douglas, Kelly, Ostdiek, Snyder, Ossian,<br>105 E. 16th Street<br>P.O. Box 419<br>Scottsbluff, NE 69363-0419 | Richard P. Garden Jr.+<br>Cline, Williams, Wright, Johnson<br>233 South 13th Street<br>1900 U.S. Bank Building<br>Lincoln, NE 68508 |
| Jerald L. Ostdiek +<br>Douglas, Kelly, Meade, Ostdiek, Bartels<br>105 East 16th Street<br>P.O. Box 419<br>Scottsbluff, NE 69363-0419 | Bradley C. Easland +<br>Egley Fullner Montag Morland & Easland P<br>2424 Taylor Avenue<br>P.O. Box 33<br>Norfolk, NE 68702-0033 | Brian S. Koerwitz +<br>Peetz Koerwitz & Lafleur, PC LLO<br>5825 S. 14th Street<br>Suite 200<br>Lincoln, NE 68512-1233 |

| | | |
|---|---|---|
| Lauren R. Goodman + | Jerry L. Jensen + | John F. Zimmer + |
| McGrath North Mullin & Kratz, PC LLO | Acting United States Trustee | Cline Williams Law Firm |
| First National Bank Tower, Suite 3700 | Roman L. Hruska U.S. Trustee | 233 South 13th Street |
| 1601 Dodge Street | 111 S. 18th Plaza, Suite 1148 | 1900 U.S. Bank Building |
| Omaha, NE 68102-1650 | Omaha, NE 68102-1321 | Lincoln, NE 68508 |

Amy Blackburn +
DOJ-Ust
Roman L. Hruska U.S. Courthouse
111 S. 18th Plaza, Suite 1148
Omaha, NE 68102-1321

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| DiscoverBank | Nebraska Dept. of Revenue |
| PO Box 15316 | PO Box 94818 |
| Wilmington, DE 19850 | Attn: Bankruptcy Unit |
| | Lincoln, NE 68509-4818 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Richard P. Garden Jr. | (u)Rabo Agrifinance, LLC | (u)Derek Zuhlke |
| (u)Dillan Zuhlke | (u)Kimberly Zuhlke | (u)Michelle Zuhlke |
| (d)Baylor, Evnen, Wolfe & Tannehill, LLP | (u)n/a | End of Label Matrix |
| c/o John Hahn 1248 O St | | Mailable recipients   33 |
| Ste 900 | | Bypassed recipients    8 |
| Lincoln, NE 68508 | | Total                 41 |

```
Label Matrix for local noticing          Farm Credit Services of America FLCA      Philip M. Kelly
0867-4                                   c/o Brian S. Koerwitz                     PO Box 419
Case 24-04011-BSK                        5825 S. 14th Street, Ste. 200             Scottsbluff, NE 69363-0419
District of Nebraska                     Lincoln, NE 68512-1233
Lincoln Office
Tue Jul 29 15:14:48 CDT 2025

Alden H. Zuhlke                          Lisa A. Zuhlke                            Richard P. Garden Jr.+
86033 527 Ave                            86033 527 Ave                             Cline, Williams, Wright, Johnson
Brunswick, NE 68720-3044                 Brunswick, NE 68720-3044                  233 South 13th Street
                                                                                   1900 U.S. Bank Building
                                                                                   Lincoln, NE 68508


Brian S. Koerwitz +                      Lauren R. Goodman +                       John F. Zimmer +
Peetz Koerwitz & Lafleur, PC LLO         McGrath North Mullin & Kratz, PC LLO      Cline Williams Law Firm
5825 S. 14th Street                      First National Bank Tower, Suite 3700     233 South 13th Street
Suite 200                                1601 Dodge Street                         1900 U.S. Bank Building
Lincoln, NE 68512-1233                   Omaha, NE 68102-1650                      Lincoln, NE 68508
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Philip M. Kelly, Chapter 7 Trustee    (u)Derek A. Zuhlke                        (u)Dillan A. Zuhlke




(u)Kimberly A. Zuhlke                    (u)Michelle L. Zuhlke                     End of Label Matrix
                                                                                   Mailable recipients    8
                                                                                   Bypassed recipients    5
                                                                                   Total                 13
```

Case 24-04011-BSK    Doc 125    Filed 07/29/25    Entered 07/29/25 15:39:46    Desc Main
                    Document      Page 18 of 18

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0867-4<br>Case 25-04007-BSK<br>District of Nebraska<br>Lincoln Office<br>Tue Jul 29 15:15:13 CDT 2025 | Philip M. Kelly<br>PO Box 419<br>Scottsbluff, NE 69363-0419 | Alden H. Zuhlke<br>86033 527 Ave<br>Brunswick, NE 68720-3044 |
| Dean L Zuhlke<br>5825 Girard St<br>Omaha, NE 68152-2339 | Lisa A. Zuhlke<br>86033 527 Ave<br>Brunswick, NE 68720-3044 | Richard P. Garden Jr.+<br>Cline, Williams, Wright, Johnson<br>233 South 13th Street<br>1900 U.S. Bank Building<br>Lincoln, NE 68508 |
| Bradley C. Easland +<br>Egley Fullner Montag Morland & Easland P<br>2424 Taylor Avenue<br>P.O. Box 33<br>Norfolk, NE 68702-0033 | Lauren R. Goodman +<br>McGrath North Mullin & Kratz, PC LLO<br>First National Bank Tower, Suite 3700<br>1601 Dodge Street<br>Omaha, NE 68102-1650 | John F. Zimmer +<br>Cline Williams Law Firm<br>233 South 13th Street<br>1900 U.S. Bank Building<br>Lincoln, NE 68508 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Diamond Z Farms, LLC | (u)Joysprings Properties, LLC | (u)Philip M. Kelly |
| (u)Z Brothers, LLC | (u)Christian Zuhlke | (u)Darin A. Zuhlke |
| (u)David Zuhlke | (u)Derek A. Zuhlke | (u)Dillan A. Zuhlke |
| (u)Rachel K. Zuhlke | (u)Zuhlke Properties, LLC | End of Label Matrix<br>Mailable recipients    8<br>Bypassed recipients   11<br>Total                 19 |